ANDREW SCHUPANITZ (CSBN 315850)
United States Department of Justice
Antitrust Division
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, California 94102
Telephone: (415) 934-5300
Facsimile: (415) 934-5399
andrew.schupanitz@usdoj.gov

Attorney for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-CR-00203 EMC |
| Plaintiff, | |
| v. | **RULE 12.4 STATEMENT RE: ORGANIZATIONAL VICTIM** |
| CHRISTOPHER LISCHEWSKI, | |
| Defendant. | |

Under Rule 12.4 of the Federal Rules of Criminal Procedure, the United States must provide the Court with a statement identifying corporate victims of criminal activity. Fed. R. Crim. P. 12.4(a)(2). The United States must also provide certain ownership information concerning corporate victims to the extent this information is available through due diligence. *Id.* This information is intended to aid the Court in determining whether recusal is appropriate. *See* Fed. R. Crim. P. 12.4 advisory committee's note.

Antitrust conspiracies often affect dozens or even hundreds of corporate customer victims at various levels of the downstream market. The instant case is no exception. Dozens of companies directly purchased packaged-seafood products from the conspirators in this case during the conspiracy period. Even with the exercise of due diligence, the United States could not inform the Court of the

identity and ownership of all these potential corporate victims.

Based on information currently available, however, the United States has identified what it believes are some of the largest customers potentially affected by the alleged conspiracy. These customers are listed below. The United States has previously provided the Court with a list of corporate victims in the related cases. *See* Rule 12.4 Statement Re: Organizational Victim, *United States v. Walter Scott Cameron*, CR-16-0501-EMC (Dkt. #8) and *United States v. Kenneth Worsham*, CR-16-0535-EMC (Dkt. #5). Out of an abundance of caution, the government is submitting an updated list in the above-captioned case. The United States believes that this list should allow the Court to make an informed decision of whether it has any "financial interest in the subject matter of the controversy." *Id*. (quoting Code of Judicial Conduct, Canon 3C(1)(c) (1972)). Should the Court require further information or further identification of the companies listed, the United States will make its best efforts to provide the additional information.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

| | |
|---|---|
| 99 Cents Only | Krasdale Foods |
| Albertsons | Kroger |
| Aldi | Market Basket |
| AWG | Meijer |
| Associated Wholesalers | Merchants Distributors |
| Big Lots | Piggly Wiggly |
| BJ's Wholesale Club | Price Chopper |
| Bozzuto's | Publix |
| Brookshire Grocery | Roundy's |
| C&S Wholesale Grocers | Safeway |
| Costco Wholesale | Sam's Club |
| CVS Pharmacy | Save-A-Lot |
| DeCA | Schnucks |
| Delhaize | ShopRite Supermarkets |
| Demoulas | SpartanNash |
| Dollar General | Stop & Shop |
| Dollar Tree | SuperValu |
| Dot Foods | Sysco Corporation |
| Family Dollar | Target |
| Food City | Trader Joe's |
| Food Lion | Unified Western Grocers |
| General Trading | Wakefern |
| Giant-Carlisle | Walgreens |
| Hannaford | Walmart |
| H-E-B Grocery Stores | WinCo Food |
| Hy-Vee | |

Dated: June 14, 2018                     Respectfully submitted,

*/s/ Andrew Schupanitz*
Andrew Schupanitz
Trial Attorney
United States Department of Justice
Antitrust Division

RULE 12.4 STATEMENT
NO. 18-CR-00203-EMC                                  3