MANISH KUMAR (CSBN 269493)
LESLIE A. WULFF (CSBN 277979)
ANDREW SCHUPANITZ (CSBN 315850)
U.S. Department of Justice, Antitrust Division
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA 94102
Telephone: (415) 934-5300
manish.kumar@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHRISTOPHER LISCHEWSKI,<br><br>Defendant. | No. CR 18-00203 EMC<br><br>**STIPULATION AND PROTECTIVE ORDER RE: DISSEMINATION OF DISCOVERY MATERIALS** |

IT IS HEREBY STIPULATED AND AGREED among the parties that the materials provided as discovery in this case to defense counsel are subject to a Protective Order.

The parties agree that discovery in this case contains "Protected Materials," which are defined here as FBI Form 302 reports of witness interviews; reports of witness interviews created by the government; grand jury testimony; other sworn witness statements; documents produced to the grand jury or its agents; correspondence or agreements with government attorneys; documents voluntarily provided to or seized by the government; expert discovery; criminal background checks; and victim and witness social security numbers, passport information, driver's license numbers, dates of birth, addresses, telephone numbers, and email addresses. The

Protective Order signed in this case extends to all Protected Materials provided by the government, including those concerning conduct not directly charged.

By signing this Stipulation, defense counsel agree that the materials provided as discovery to defense counsel are being entrusted to counsel only for the purpose of representing their client in this criminal case. These materials shall be used solely for the purpose of conducting pretrial, trial, and appellate proceedings in this case and for no other purposes, and shall not be used for the economic benefit of defendant, his employer, or for the benefit of any third party.

Defense counsel may permit defendant to review the Protected Materials and be aware of their contents, but defendant may only receive a copy of Protected Materials upon redaction to remove dates of birth; social security numbers; passport information; credit card, bank account, or other financial account numbers; and driver's license numbers ("Confidential Information"). It shall not be necessary for defense counsel to redact any Confidential Information where defendant is the author, addressee, or recipient of the document, as indicated on the document's face.

Additionally, the government reserves the right to designate, by Bates number, certain Protected Materials as Highly Confidential if such materials consist of or contain "trade secret" information (within the meaning of 18 U.S.C. § 1839(3)). The government intends to use the Highly Confidential designation only to the extent necessary to protect trade secret information. Highly Confidential materials may be shared with the defendant but the defendant may only be provided a copy of such materials in an aggregate or summary form. If the defendant challenges a "Highly Confidential" designation, the government must within ten days justify that designation to the Court with a copy to defense counsel. The defendant will then have one week to respond.

Defense counsel agree not to provide Protected Materials to any person other than attorneys, law clerks, staff, experts, investigators, or others involved in the representation of the defendant, as well as the Court and its staff and personnel, except as described below. However, defense counsel may show to a non-party copies of the Protected Materials or material

1 designated as "Highly Confidential" as needed for the defense of this criminal action, except that
2 any such non-party shall be informed that those materials are confidential and governed by this
3 Protective Order. Additionally, Highly Confidential material may only be shown to a non-party
4 who is currently or was previously employed in the packaged-seafood industry if such material
5 originated from the non-party's employer and was created during the non-party's employment.
6 Defendant may challenge the above restriction as to particular Highly Confidential materials and
7 a particular witness by filing an under seal Ex Parte Application with the Court to permit
8 disclosure. Nothing in the above limits Highly Confidential material from being provided to
9 attorneys, law clerks, staff, experts, investigators, others involved in the representation of the
10 defendant, or those who are not currently or previously employed in the packaged-seafood
11 industry.

If defense counsel allows any non-party to maintain a copy of any Protected Materials, that non-party shall sign the attached Acknowledgment of Protective Order. Defense counsel agree that any Protected Materials being shown to a non-party must be redacted to remove Confidential Information as defined above, except that no redactions must be made to Protected Materials shown to attorneys, law clerks, staff, experts, investigators, or others involved in the representation of the defendant. Further, it shall not be necessary for defense counsel to redact any Confidential Information where a non-party reviewing the document is the author, addressee, or recipient of the document, as indicated on the document's face.

Notwithstanding the foregoing, defendant's counsel, staff, experts, and investigators may make copies of the Protected Materials for trial preparation and presentation. Any copies must, however, remain in the possession of defendant's counsel, investigator, staff, experts, or the Court.

Any person receiving Protected Materials or a copy of Protected Materials from counsel for defendant shall be bound by the same obligations as counsel and further may not give the Protected Materials to anyone (except that the protected documents shall be returned to counsel).

Nothing herein shall prevent a party from using, referring to, or reciting from the Protected Materials in connection with pleadings or motions filed in this case, provided that

STIPULATION AND PROTECTIVE ORDER
No. CR 18-00203 EMC                     3

the party seeks to file under seal or in redacted form all FBI Form 302 reports of witness interviews; reports of witness interviews created by the government; grand jury testimony; other sworn witness statements; criminal background checks; victim and witness social security numbers, passport information, driver's license numbers, dates of birth, addresses, and telephone numbers; and Highly Confidential material. The parties need not file an Administrative Motion to File Documents Under Seal if the materials sought to be filed under seal are identified in this paragraph.

The Protected Materials shall not be used in any civil litigation, unless such material was produced or received in such civil litigation. Furthermore, except as provided herein, the Protected Materials received by defendant shall not be provided to anyone who is not a signatory to this Stipulation and Protective Order, including but not limited to any person who is or subsequently becomes a co-defendant in this criminal action.

In the event that defendant substitutes counsel, undersigned defense counsel each agrees to withhold these documents from new counsel unless and until substituted counsel agrees also to be bound by this Order.

At the conclusion of the above-captioned case (including but not limited to any post-trial proceedings or appeal), defendant agrees to either destroy all Protected Materials or return the Protected Materials as directed by the producing party.

//
//
//
//
//
//
//
//
//
//

**STIPULATED AND AGREED TO:**

Dated: June 14, 2018

/s/ Elliot Peters*
ELLIOT PETERS
JOHN W. KEKER
BENEDICT HUR
ELIZABETH MCCLOSKEY
Keker, Van Nest & Peters LLP
Counsel for Christopher Lischewski

* electronically signed with approval

Dated: June 14, 2018

/s/ Manish Kumar
MANISH KUMAR
Assistant Chief
Antitrust Division
United States Department of Justice

**IT IS SO ORDERED:**

Dated: June 20, 2018

IT IS SO ORDERED
Judge Edward M. Chen
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**ACKNOWLEDGMENT OF PROTECTIVE ORDER**

The undersigned hereby acknowledges that he or she has received a copy of the Stipulation and Protective Order Re: Dissemination of Discovery Materials ("Protective Order") issued in *United States v. Christopher Lischewski*, No. CR 18-00203 EMC (N.D. Cal.); has read, understands, and agrees to the terms of the Protective Order; and hereby submits to the jurisdiction of the United States District Court for the Northern District of California for the purposes of enforcement of the terms of the Protective Order and the punishment of any violations thereof.

DATED:

_____
Signature

_____
Printed Name

_____
Street Address

_____
City, State, and Zip Code

_____
Area Code/Telephone Number