UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

# CRIMINAL MINUTES

**Date:** October 24, 2018  **Time:** 3:38 – 4:33 = 55 Minutes  **Judge:** EDWARD M. CHEN

**Case No.**: 18-cr-00203-EMC-1   **Case Name:** USA v. Christopher Lischewski

**Attorney for Government:** Micha Rubbo, Manish Kumar
**Attorney for Defendant:** Elliot Peters
**Defendant:** [X] Present   [ ] Not Present
**Defendant's Custodial Status:** [ ] In Custody  [X] Not in Custody

| **Deputy Clerk:** Angella Meuleman | **Court Reporter:** JoAnn Bryce |
| **Interpreter:** | **Probation Officer:** |

## PROCEEDINGS

Motion for Bill of Particulars – Held.
Status Conference – Held.

## SUMMARY

Parties stated appearances and proffered argument.

Motion denied as stated on the record.

Defendant requested a bill of particulars from the government. On September 12, 2018, government responded by sending a detailed letter addressing (including factual citations), among other things, actions within the statute of limitations, potential co-conspirators, and the products at issue. Defendant did not dispute the level of specificity, but requested "that the government confirm the accuracy of the letter and adopt its contents. . . ." Docket No. 57 at 9. Defendant recognized that the content of the September 12, 2018 letter could be distilled "into something resembling a bill of particulars." *Id.*

The Court denied the motion because the September 12, 2018 letter satisfied the three functions of the bill of particulars, which are "to inform the defendant of the nature of the charges with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his conviction or acquittal in bar of another prosecution for the same offense when the indictment is too vague, and indefinite for such purposes." *United States v. Geise*, 597 F.2d 1170, 1180–81 (9th Cir. 1979) (quoting *United States v. Birmley*, 529 F.2d 103, 108 (9th Cir. 1976). Defendant's desire to have the government "adopt its contents" so as to lock the Government in (at least in the interim) is not a compelling justification of a bill of particulars particularly at the early stage of this case.

Additionally, the government has given Defendant extensive discovery and particularly in light of the guidance provided by the September 12, 2018 letter, "full discovery . . . obviates the need for a bill of particulars." *Geise*, 597 F.2d at 1180–81.

Defendant's argument that he needs a bill of particulars because of the voluminous nature of the discovery is unconvincing in this case; a bill of particulars is unnecessary where "the government has provided it in a fashion designed to help defendants prepare their defense." *United States v. Hsuan Bin Chen*, No. CR 09-110 SI, 2011 WL 332713, at *8 (N.D. Cal. Jan. 29, 2011). The Court noted the rules of discovery set forth in the Federal Rules of Criminal Procedure are also designed to eliminate unfair surprise.

This Court reserves the authority to revisit this issue and order the government to commit to a theory of the case if necessary as trial approaches. However, at this point in the proceedings, the purposes of the bill of particulars have been satisfied.

Status Conference:

Defense counsel is scheduled to go to trial in another matter before Judge England in the Eastern District of California September 30, 2019.

Jury Trial is set 11/4/2019 at 8:30 a.m. for three weeks. Jury Selection set 11/1/2019. Pretrial Conference will be set in August or early September. There will be a questionnaire for the jurors and the panel will come in earlier to complete.

The parties will meet and confer by 11/7/2018 for stipulated proposed schedule including motions. Complete Scheduling Order to issue after stipulation is filed.

**CASE CONTINUED TO: January 16, 2019 at 2:30 p.m. for Further Status Conference**.

Time Excluded:   Begins: 10/24/2018        Ends:  11/4/2019

Government to prepare an exclusion order.