| | |
|---|---|
| 1 | KEKER, VAN NEST & PETERS LLP |
| | JOHN W. KEKER - # 49092 |
| 2 | jkeker@keker.com |
| | ELLIOT R. PETERS - # 158708 |
| 3 | epeters@keker.com |
| | ELIZABETH K. MCCLOSKEY - # 268184 |
| 4 | emccloskey@keker.com |
| | NICHOLAS S. GOLDBERG - # 273614 |
| 5 | ngoldberg@keker.com |
| 6 | 633 Battery Street |
| | San Francisco, CA 94111-1809 |
| 7 | Telephone: 415 391 5400 |
| | Facsimile: 415 397 7188 |
| 8 | |
| 9 | Attorneys for Defendant |
| | CHRISTOPHER LISCHEWSKI |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:18-cr-00203-EMC |
| Plaintiff, | **DEFENDANT CHRISTOPHER LISCHEWSKI'S STATUS CONFERENCE STATEMENT** |
| v. | |
| CHRISTOPHER LISCHEWSKI, | Date: January 9, 2019 |
| Defendant. | Time: 10:30 a.m. |
| | Dept. Courtroom 5 - 17th Floor |
| | Judge: Hon. Edward M. Chen |
| | Date Filed: May 16, 2018 |
| | Trial Date: November 4, 2019 |

1         In advance of the status conference scheduled for January 9, 2019 at 10:30 a.m., Defendant Christopher Lischewski submits the following status report regarding issues to be raised before the Court. Mr. Lischewski believes that there are two scheduling issues that merit the Court's attention: (1) the schedule for motions *in limine*; and (2) the deadline for disclosures under Federal Rule of Criminal Procedure 16 and Criminal Local Rule 16-1(c).

### A. The Court should enter the parties' agreed-upon schedule for motions *in limine*.

On December 14, 2018, the Court issued a Pretrial Order for Criminal Jury Trial and Briefing Schedule (the "Pretrial Order") requiring that all "[p]retrial motions (including motions *in limine*)" be filed on March 6, 2019 and heard on May 7, 2019. *See* ECF No. 95 at 1. Counsel for Mr. Lischewski and the government have met and conferred and agreed to postpone the briefing schedule and hearing date for motions *in limine*, to allow such motions to be briefed closer to trial and heard at the August 27, 2019 pretrial conference.

The parties have agreed to the following briefing schedule and hearing date:

- **July 23, 2019** – Motions *in limine* due;
- **August 13, 2019** – Oppositions to motions *in limine* due
- **August 27, 2019 at 2:30 pm** – Hearing on motions in *limine*

Mr. Lischewski respectfully requests that the Court enter the parties' agreed-upon schedule set forth above for motions *in limine*.

### B. The Court should reject the government's attempt to delay its Rule 16 disclosures.

The Pretrial Order requires that all "disclosures under Rule 16 (including expert summaries) and Criminal Local Rule 16-1(c) shall be made no later than **March 6, 2019**." ECF 95 at 1–2. The government has suggested that the deadline for its Rule 16 disclosures should be delayed to June 4, 2019. But the government's attempt to postpone the disclosure of information critical to his defense to just five months before trial is untenable and would severely prejudice Mr. Lischewski. If the Court is inclined to reassess the deadline for Rule 16 disclosures, it should *advance* that deadline, not delay it.

The government has offered no reason why it cannot meet the March 6 deadline for Rule 16 disclosures. Nor can it. The government has been investigating this case for more than three years, and it returned its indictment against Mr. Lischewski nearly eight months ago. *See* ECF No. 1. The government has had ample time to develop its case, and there is no reason why it cannot disclose the fundamental information required by Rule 16 and Local Rule 16-1(c). Recognizing that the government's supplemental disclosure is necessary "to expedite the trial of the case," Crim. L.R. 16-1(c), and considering the government's failure to provide particularization to the indictment, counsel for Mr. Lischewski has requested that the government provide its Local Rule 16-1(c) supplemental disclosures no later than January 18, 2019. However, in no event should the government's deadline for disclosures under Rule 16 and Local Rule 16-1(c) be postponed beyond the March 6, 2019 deadline set in the Pretrial Order.

Further, the government's proposal to delay its Rule 16 disclosures to June 4, 2019 would severely prejudice Mr. Lischewski's defense. First, it raises the possibility that Mr. Lischewski will not be able to adequately review the government's disclosures before filing motions *in limine*. Second, and equally troublingly, the government's proposal would frustrate Mr. Lischewski's ability to subpoena evidence necessary to his defense in advance of trial pursuant to Federal Rule of Criminal Procedure 17. Indeed, if the government is not required to provide basic information regarding any evidence obtained from electronic surveillance, its intent to rely on informants, evidence of other crimes, wrongs or acts, and alleged co-conspirator statements until June 4, *see* Crim. L.R. 16-1(c), Mr. Lischewski may not have sufficient time to issue subpoenas and meaningfully review the subpoenaed documents before the November 4 trial.[1] Finally, disclosing critical information about the government's case just five months before trial would leave Mr. Lischewski's counsel with insufficient time to conduct any necessary follow-up investigation, prepare witness examinations, and develop trial strategy.

---

[1] In the five-month period, Mr. Lischewski would have to: (a) review the government's disclosures to identify evidence to subpoena pursuant to Rule 17; (b) file a motion with the Court, pursuant to Criminal Local Rule 17-2, seeking an order to issue any proposed subpoenas; (c) provide the recipient of any subpoena sufficient time to produce documents, pursuant to Criminal Local Rule 17-2(d); (d) litigate any motion to quash; and (e) review any produced documents.

Accordingly, the Court should deny the government's request to postpone the March 6, 2019 deadline for disclosures under Federal Rule of Criminal Procedure 16 and Criminal Local Rule 16-1(c). If anything, that deadline should be advanced to January 18, 2019.

Respectfully submitted,

Dated: January 8, 2019

KEKER, VAN NEST & PETERS LLP

By: *s/ Elliot R. Peters*
ELLIOT R. PETERS