MANISH KUMAR (CSBN 269493)
MICAH L. RUBBO (CSBN 267465)
LESLIE A. WULFF (CSBN 277979)
ANDREW SCHUPANITZ (CSBN 315850)
U.S. Department of Justice
Antitrust Division
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA 94102
Micah.Rubbo@usdoj.gov
Telephone: (415) 934-5300

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHRISTOPHER LISCHEWSKI,<br><br>Defendant. | NO. CR 18-00203 EMC<br><br>**UNITED STATES' STATUS REPORT**<br><br>Date: January 9, 2019<br>Time: 10:30 a.m.<br>Court: Honorable Edward M. Chen, Courtroom 5 |

The United States submits this status report to inform the Court of various matters that may be appropriate for discussion at the upcoming status conference.

1. <u>Status of Discovery</u>

Since the parties' last appearance before the Court on October 24, 2018, the government has produced one more installment of Rule 16 discovery consisting of both newly obtained or newly created documents and materials related to the civil merger investigation that the prosecution team identified while auditing the government's case files. To date, the government has produced eight phases of discovery. As indicated in its previous status report (ECF No. 46), the government will continue to review its files for potentially discoverable materials and will produce additional discovery on a rolling

basis as discoverable materials are identified, obtained, and/or created.

On November 14, 2018, defendant requested production of numerous categories of allegedly discoverable materials from the government, including all documents and information relating to proffers by counsel for potential government witnesses. The government responded to these requests on November 30, 2018, agreeing to turn over factual information from its proffer notes that is or could be attributable to a witness. The government made disclosures to this effect on December 7 and December 14, 2018, and anticipates making an additional production in the coming weeks. Regarding the other categories of information requested in defendant's November 14, 2018 letter, such as information relating to all of the government's communications with witnesses' counsel, the parties are in ongoing discussions regarding the specifics of the requests and whether such information is discoverable. Just before the holidays on December 21, 2018, defendant sent a letter further explaining his position and making additional discovery demands. The government is in the process of responding to that letter.

2. <u>Clarification Regarding the Court's Pretrial Order</u>

On December 14, 2018, the Court issued a Pretrial Order for Criminal Jury Trial and Briefing Schedule ("Pretrial Order"). ECF No. 95. In paragraph three of the Pretrial Order, the Court set a deadline of March 6, 2019 for, among other things, motions *in limine* and disclosures under Criminal Local Rule 16-1(c), with a hearing date of May, 7, 2019. At the last status conference, however, the Court indicated that motions *in limine* would likely be heard in August of 2019. *See* Transcript of Proceedings at 34:20-35-2 (October 24, 2018). The parties jointly contacted the Courtroom Deputy on December 18, 2018, seeking clarification regarding the Pretrial Order and learned that the dates in paragraph three were based on the parties' stipulated briefing schedule for Rule 12(b) motions. However, the parties intended that stipulation to apply only to Rule 12(b) motions. *See* ECF No. 92. Therefore, the government will ask the Court at the status conference to reset these deadlines to a date closer to the November 4, 2019 trial date. The government will propose the following schedule for motions *in limine* and disclosures under Fed. R. Crim. P. 16 (including expert summaries) and Criminal Local Rule 16-1(c) for the Court's consideration:

**July 9, 2019**: Disclosure under L.R. 16-1(c)(4) – notice of coconspirator statements

**July 23, 2019**: Response, if any, to L.R. 16(c)(4) disclosure, motions *in limine*, and all disclosures under Rule 16 (including expert summaries) and L.R. 16-

1(c)(1)-(3)

**August 13, 2019**: Responses, if any, to motions *in limine* and disclosures

**August 27, 2019**: All motions *in limine* and disclosures to be heard at pretrial conference

The parties attempted to meet and confer regarding these deadlines. While the parties were able to reach an agreement in principle regarding a briefing schedule for motions *in limine* (represented above), they have been unable to reach an agreement over deadlines for Rule 16 and Crim. L.R. 16-1(c) disclosures. In particular, the parties disagree regarding the disclosure under Crim. L.R. 16-1(c)(4), which requires the government to provide notice of the coconspirator statements it intends to introduce as non-hearsay under Fed. R. Evid. 801(d)(2)(E). Customarily, the notice of coconspirator statements is made just before the pretrial conference, alongside exhibit and witness lists and motions *in limine*. In an antitrust conspiracy case such as this one, the notice of coconspirator statements is tantamount to an exhibit list and outline of expected testimony. The Court has set the deadline for exhibits lists for August 6, 2019. *See* ECF No. 95. The government therefore proposes a July 9, 2019 filing date,[1] with responses, if any, due July 23, 2019. This proposal would give the defendant four additional weeks of notice regarding the evidence the government intends to introduce under Rule 801(d)(2)(E). A July 9, 2019 disclosure is also three weeks before the government's proposal for motions *in limine* and nearly four months before trial.

DATED: January 8, 2019

Respectfully submitted,

/s/_____
MICAH L. RUBBO
U.S. Department of Justice
Antitrust Division

---

[1] During the meet and confer process, at the defendant's request and in in an effort to reach a stipulated resolution, the government offered to file the disclosure by June 4, 2019. Defendant rejected that proposal and refused to propose any date reasonably close to trial.