UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>CHRISTOPHER LISCHEWSKI,<br>Defendant. | Case No. 18-cr-00203-EMC-1<br><br>**ORDER DENYING DEFENDANT'S MOTION TO COMPEL COMPLIANCE OBLIGATIONS UNDER *BRADY*, *GIGLIO*, THE JENCKS ACT, AND FEDERAL RULE OF CRIMINAL PROCEDURE 16**<br><br>Docket No. 117 |

Defendant filed the pending motion to compel compliance with *Brady*, *Giglio*, the Jencks Act, and Federal Rule of Criminal Procedure 16. At this time, the government has provided Defendant with "reports of all witness interviews conducted by prosecutors or the FBI; all documents obtained during the grand jury investigation; all transcripts of percipient witness testimony to the grand jury; all plea and immunity agreements; all seized materials and search warrant affidavits; all documents, deposition transcripts, and deposition videos obtained during the civil merger investigation involving defendant's former employer; and all materials obtained by the government from the follow-on MDL proceeding in the Southern District of California." Docket No.129, Opposition to Defendant's Motion to Compel ("Opp.") at 1. The government also produced "all factual information provided by counsel during meetings with prosecutors" and the government is still in the process of "reviewing all emails and handwritten attorney notes for any arguably discoverable material" and has agreed to "promptly disclose that information to the defense." *Id.* The government has given Defendant the contemporaneous notes from witness interviews, "all transcripts of grand jury testimony of percipient witnesses[,] . . . and all FBI Form

302 interview reports." *Id.* at 2-3.

After considering the briefs and oral arguments of the parties, the Court denied from the bench Defendant's request that the government produce contemporaneous, original, and complete notes from the government's meetings with cooperating witnesses and their counsel. The Court also denied the motion to compel grand jury subpoenas, civil investigative demands, and related requests and correspondence reflecting what information was sought. The Court, however, withheld ruling on the motion to compel draft plea agreements and correspondence surrounding plea negotiations.

The Supreme Court has held that short of "defense counsel becom[ing] aware that . . . exculpatory evidence was withheld and bring[ing] it to the court's attention, the prosecutor's decision on disclosure is final." *Pennsylvania v. Ritchie*, 480 U.S. 39, 59 (1987). The Ninth Circuit in reviewing a denial of a motion compel *Brady* material recognized that to "challenge the government's representation that it lacks *Brady* information, [a defendant] must either make a showing of materiality under Rule 16 or otherwise demonstrate that the government improperly withheld favorable evidence." *United States v. Lucas*, 841 F.3d 796, 808 (9th Cir. 2016). The Ninth Circuit has rejected the premise that a defendant may "compel production" of notes "so that he could search through them for anything useful." *United States v. Michaels*, 796 F.2d 1112, 1116 (9th Cir. 1986). "'[M]ere speculation about materials in the government's files' [does] not require the district court to make those materials available, or mandate an *in camera* inspection." *United States v. Mincoff*, 574 F.3d 1186, 1200 (9th Cir. 2009) (quoting *Michaels*, 796 F.2d at 1116).

While it is well-established that in a motion to compel a defendant must provide more than mere speculation that *Brady* material exists, there remains a lack of clarity in this circuit as to whether the post-trial materiality standard applies to pre-trial discovery obligations. On the one hand, in *United States v. Olsen* the Ninth Circuit recognized: "A trial prosecutor's speculative prediction about the likely materiality of favorable evidence . . . should not limit the disclosure of such evidence, because it is just too difficult to analyze before trial whether particular evidence ultimately will prove to be 'material' after trial. Thus, 'there is a significant practical difference

2

between the pretrial decision of the prosecutor and the post-trial decision of the judge.'" 704 F.3d 1172, 1183 n.3 (9th Cir. 2013) (quoting *United States v. Agurs*, 427 U.S. 97, 108 (1976)). In the same footnote the Ninth Circuit explained: "As this court has noted, some trial courts . . . have concluded that the retrospective definition of materiality is appropriate only in the context of appellate review, and that trial prosecutors must disclose favorable information without attempting to predict whether its disclosure might affect the outcome of the trial." *Id.* Similarly, in *United States v. Price* the Ninth Circuit addressed the question of a pre-trial materiality standard in a footnote: "For the benefit of trial prosecutors who must regularly decide what material to turn over, we note favorably the thoughtful analysis set forth by two district courts in this circuit: '[T]he "materiality" standard usually associated with *Brady* . . . should not be applied to pretrial discovery of exculpatory materials . . . .'" 566 F.3d 900, 913 n.14 (9th Cir. 2009) (quoting *United States v. Acosta*, 357 F. Supp. 2d 1228, 1239-40 (D. Nev. 2005) (alterations in original); *see also United States v. Sudikoff*, 36 F. Supp. 2d 1196, 1198 (C.D. Cal. 1999) ("the 'materiality' standard, the usual standard associated with *Brady,* should not be applied" in the pre-trial context).

Despite the language in *Olsen* and *Price*, the government argues that *United States v. Lucas* limited these positions because in *Lucas* the Ninth Circuit found that *Olsen* "did not alter the fundamental construct of *Brady*, which makes the prosecutor the initial arbiter of materiality and disclosure." 841 F.3d at 809. The Ninth Circuit further held that "unless Lucas can make a showing of materiality or demonstrate that the government has withheld favorable evidence, he must rely on 'the prosecutor's decision [regarding] disclosure.'" *Id.* (quoting *Ritchie*, 480 U.S. at 60) (alteration in original). From *Lucas*, it is clear that a defendant must do more than provide mere speculation that *Brady* material exists, *id.* at 808, but it is not clear that the Court must apply the post-trial materiality standard when reviewing a motion to compel *Brady* material. Nor is it clear that the government should apply a materiality standard to its own disclosure decisions.

Even assuming that materiality is not a prerequisite, the Court finds that Defendant has not shown anything more than mere speculation that *Brady* material exists as to its request here. The Court indicated it was not prepared to compel production of such documents pursuant to *Brady* absent a *prima facie* showing of a likelihood that those documents sought contained exculpatory

3

material.  In that regard, the Court allowed Defendant to file ex parte documents showing examples of the sequence of inconsistent statements by cooperating witnesses that show a likelihood that the documents sought would contain exculpatory evidence (such as where an evolution of changing statements appear to have been induced by the government's evolving plea inducements).  The Court reviewed the various statements made pre-plea by the cooperating witnesses; based on the timing and sequence of any changes in testimony of witnesses, the Court concludes Defendant has not shown anything more than mere speculation that *Brady* material may exist.

For the reasons stated herein the Court hereby **DENIES** Defendant's motion to compel plea agreements and documents related to plea negotiations.  The Court also **DENIES** the government's motion for administrative relief because the request "to respond to defendant's ex parte submission before the Court issues an order", Docket No. 140, United States' Motion for Administrative Relief at 1, and the request to be provided with the ex parte submission in "full or minimally redacted form so the government can properly respond", *id.* at 2, is moot.

This order disposes of Docket Nos. 117 and 140.

**IT IS SO ORDERED**.

Dated: May 22, 2019

_____
EDWARD M. CHEN
United States District Judge