UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>CHRISTOPHER LISCHEWSKI,<br>Defendant. | Case No. 18-cr-00203-EMC-1<br><br>**ORDER ON ADMISSIBILITY OF CO-CONSPIRATOR STATEMENTS** |

## I. INTRODUCTION

Criminal Local Rule 16-1(c)(4) requires the government to notice to Defendant any out of court co-conspirator statements it seeks to admit into evidence through Federal Rule of Evidence 801(d)(2)(E). The government did so on April 12, 2019. The government noticed 256 documents and an appendix summarizing by categories oral statements from a variety of witnesses it plans to admit at trial. In response to the initial objection as to specificity of the appendix, the Court ordered the government to revise and resubmit appendix 2. It did so. Defendant presented his opposition to the admissibility of these statements. After reviewing the briefing and the statements and hearing oral argument, the Court determined that the government met its burden under Rule 801(d)(2(E) of showing that a conspiracy existed, and Defendant participated in the conspiracy.[1] However, the Court did not find that the government has at this juncture met its burden of showing that the conspiracy existed prior to November 2010, the date set forth in the

---

[1] In light of the complicated issues presented and voluminous material to cover, the Court **GRANTS** the government's motion to file additional pages. The Court considered the entirety of the government's 24 page reply brief.

Indictment. The Court also found certain declarants were co-conspirators. The Court withheld ruling on whether any particular statement or email was in furtherance of the conspiracy absent foundation evidence presented at or close to trial. At the pretrial conference, the Court will determine the best procedural mechanism for ruling on whether each statement or email was made in furtherance of the conspiracy. The Court notes, however, that proffered evidence will be viewed in context of the Court's findings herein.

## II. DISCUSSION

A. Legal Standard for Federal Rule of Evidence 801(d)(2)(E)

Under Federal Rule of Evidence 801(d)(2)(E) an out of court statement is not hearsay if it "is offered against an opposing party and . . . was made by the party's coconspirator during and in furtherance of the conspiracy." "The court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible. In so deciding, the court is not bound by evidence rules, except those on privilege." Fed. R. Evid. 104(a).

"Under Rule 801(d)(2)(E), the statement of a co-conspirator is admissible against the defendant if the government shows by a preponderance of the evidence that a conspiracy existed at the time the statement was made; the defendant had knowledge of, and participated in, the conspiracy; and the statement was made in furtherance of the conspiracy." *United States v. Bowman*, 215 F.3d 951, 960-61 (9th Cir. 2000); *Bourjaily v. United States*, 483 U.S. 171, 175 (1987). "Narrations of past events are inadmissible, but expressions of future intent or statements that 'further the common objectives of the conspiracy or set in motion transactions that are an integral part of the conspiracy' are admissible under Rule 801(d)(2)(E)." *Bowman*, 215 F.3d at 961 (quoting *United States v. Yarbrough*, 852 F.2d 1522, 1535 (9th Cir. 1988)).

B. A Price-Fixing Conspiracy Existed

The government must show the existence of a conspiracy at the time the co-conspirator statement was made. *See Bourjaily*, 483 U.S. at 175. Evidence of a conspiracy must be proven through evidence independent of the hearsay statement itself. *United States v. Vargas-Rios*, 607 F.2d 831, 836 (9th Cir. 1979). Independent corroboration can be met through a number of means including testimony about the conspiracy, *see United States v. Whitlow*, 815 F.3d 430, 434-435

(8th Cir. 2016), or emails. *See United States v. Pust*, 798 F.3d 597, 603 (7th Cir. 2015) ("emails show Pust and Anderson discussing" the conspiracy were sufficient to corroborate). "Circumstantial evidence may be used to establish the existence of a conspiracy and a defendant's involvement in the conspiracy." *Id.*

The government has provided testimony that describes in detail the alleged price-fixing conspiracy. *See* Guan Decl., Ex. A 48:7-49:13; 50:16-52:11; 64:1-65:25; *id.*, Ex. B 26:14-27:13; 36:6-37:6; 40:3-19; 45:1-9; 50:10-52:2; 57:16-59:1; 61:1-12; 63:1-4; *id.*, Ex. C 18:20-20:8; 26:21-29:3; 47:20-54:24; 62:1-63:20; *id.*, Ex. K 17:17-18:16; 19:24-22:4; *id.*, Ex. L 83:24-84:20. The government presents testimony from several participants who separately described and corroborated each other's accounts of the price-fixing conspiracy. Not only has the government presented Grand Jury transcripts which paint a clear picture of the price-fixing conspiracy, the government also presents emails corroborating the testimony. *See* Appx. 1, Ex. 8; Appx. 1, Ex. 14; Appx. 1, Ex. 21; Appx. 1, Ex. 25; Appx. 1, Ex. 40; Appx. 1,Ex. 59; Appx. 1, Ex. 157; Appx. 1, Ex. 106; Appx. 1, Ex. 157; Appx. 1, Ex. 179; Appx. 1, Ex. 188.

The Court also notes that several of Defendant's alleged co-conspirators have entered guilty pleas and admitted (through plea agreements and plea colloquies under oath) to price-fixing among major packaged-seafood-producing firms.

The government has met its burden of showing by a preponderance of the evidence that a price-fixing conspiracy existed.

C.  <u>Defendant Participated in the Price-Fixing Conspiracy</u>

"An accused's knowledge of and participation in an alleged conspiracy are preliminary facts that must be established before extrajudicial statements of a co-conspirator can be introduced into evidence." *United States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988). "To abandon the requirement that some evidence aside from the proffered co-conspirator's statements be presented to show that the defendant knowingly participated in the alleged conspiracy would be to render all such statements self-validating." *Id.* at 577. Accordingly, "when the proponent of the co-conspirator's statement offers no additional proof of defendant's knowledge of and participation in the conspiracy, the statement must be excluded from evidence. Where, on the other hand, some

3

1  additional proof is offered, the court must determine whether such proof, viewed in light of the co-
2  conspirator's statement itself, demonstrates by a preponderance of the evidence that defendant
3  knew of and participated in the conspiracy." *Id.* at 578. The Ninth Circuit has instructed that
4  district courts "must bear in mind that out-of-court statements are presumptively unreliable." *Id.*
5  For this reason, "a co-conspirator's statement implicating the defendant in the alleged conspiracy
6  must be corroborated by fairly incriminating evidence." *Id.* Heavy reliance on co-conspirators'
7  statements to prove a defendant participated in a conspiracy requires fairly incriminating evidence;
8  but when the government relies on other evidence, "the prosecution need only show slight
9  evidence connecting the defendant to the conspiracy." *United States v. Mason*, 658 F.2d 1263,
10 1269 (9th Cir. 1981). There must be sufficiently corroborating evidence to support the co-
11 conspirator's statements. *Id.*

Here again, there are Grand Jury transcripts of co-conspirators' testimony which describe Defendant's involvement in and knowledge of the price-fixing conspiracy. *See* Guan Decl., Ex. A at 45:4-7; 45:13-22; 49:14-50:9; 56:3-57:8; 91:13-95:16; *id.*, Ex. B 26:14-28:13; 36:6-39:19; 45:1-45:4; 57:16-59:4; 60:15-61:12; 68:9-75:22; 79:18-80:4; *id.*, Ex. K 84:2-20; *id.*, Ex. L 101:10-22; Guan Supp. Decl., Ex. B 22:6-24:25. This testimony comes from four separate individuals: some were in his company; others worked for competitors. Each described Defendant's active participation in the conspiracy. The government also provided incriminating emails albeit those are few in number and subject to potentially conflicting interpretation. *See* Guan Supp. Decl., Ex. F; Appx. 1, Ex. 14; Appx. 1, Ex. 69; Appx. 1, Ex. 70; Appx. 1, Ex. 248.

The government has met its burden of showing by a preponderance of the evidence that Defendant was a participant in the price-fixing conspiracy.

D.  Declarants Participated in the Conspiracy

The government bears the burden of establishing that each of its hearsay declarants knowingly participated in the price-fixing conspiracy. To the extent Defendant argues that not all the declarants have been named as co-conspirators, he cites no cases holding that this is a requirement for admissibility under Fed. Rule of Evid. 801(d)(2)(E). Nothing on the face of the rule so requires. What is required is that the declarant be a member of the conspiracy at the time

4

the proffered statement is made. The Court evaluates each declarant's participation in the conspiracy.[2]

### 1. Individual 2[3]

Evidence of Individual 2's participation in the conspiracy can be found in Grand Jury testimony provided by a witness for the government. *See* Guan Decl., Ex. K at 13:1-15; 19:20-23; 21:15-24:1. Incriminating evidence consistent with this testimony is contained in emails from Individual 2. *See* Appx. 1, Ex. 44; Appx. 1, Ex. 159.

The government has met its burden of showing by a preponderance of the evidence that Individual 2 was a member of the price-fixing conspiracy.

### 2. Individual 3

Defendant objects to inclusion of Individual 3's statements based on Individual 3's denials of participation in the conspiracy. In this case, Individual 3's denial of participation in an illegal price-fixing conspiracy does not overcome the evidence that Individual 3 was a member of the conspiracy.

The government's evidence includes Grand Jury transcripts which show Individual 3 knowingly facilitated various aspects of the conspiracy. *See* Guan Decl., Ex. A 44:18-46:16; 46:25-49:20; 50:21-53:6; 64:1-65:16; *id.*, Ex. C 36:6-24; 40:3-19; 41:12-18; *id.*, Ex. C 27:3-29:18; Guan Supp. Decl., Ex. B 27:4-28:18. Individual 3's emails corroborate that testimony. *See* Appx. 1, Ex. 40; Appx. 1, Ex. 21; Appx. 1, Ex. 89; Appx. 1, Ex. 106.

The government has met its burden of showing by preponderance of the evidence that Individual 3 was a member of the price-fixing conspiracy.

### 3. Individual 4

The evidence of Individual 4's participation lies in the emails presented by the government. Appx. 1, Ex. 1; Appx. 1, Ex. 3, 157. In particular, Individual 4 sent a proposal

---

[2] Individual 1's statements are excluded as the government stipulated to not admit Individual 1's statements under Federal Rule of Evidence 801(d)(2)(E). This exclusion is without prejudice to the government to attempt to introduce these statements under another evidentiary rule.

[3] The list of names of the Individuals is filed under seal as Docket No. 201.

agreement to a third party who then showed it a competitor. Through this email thread Individual 4 was facilitating the price-fixing agreement. The government has met its burden of proving Individual 4 was a knowing participant in the price-fixing conspiracy.

### 4. Individual 5

The government relies solely on four emails to prove Individual 5 was a member of the charged conspiracy. Guan Decl., Ex. G; *id.*, Ex. O; Appx. 1, Ex. 8, Appx. 2, Ex. 187. Individual 5 is only included in one of the emails and is not even the author of that email. Guan Decl., Ex. G. This evidence does not prove Individual 5's knowledge and furtherance of a price-fixing conspiracy. This finding is without prejudice to the government to seek admission of Individual 5's statements through another evidentiary means, such as a different hearsay exception.

### 5. Individual 6

The government provides email evidence showing that Individual 6 was a knowing participant in the price-fixing conspiracy. Appx. 1, Ex. 123; Appx. 1, Ex. 137; Appx. 1, Ex. 144. Some evidence indicates Individual 6 was dissatisfied with the conspiracy *see* Appx. 1, Ex. 180; Appx. 1, Ex. 191. However, even if Individual 6 was dissatisfied with the conspiracy, the evidence shows Individual 6 knew it existed and implemented pricing consistent with the agreement. The government has proven by a preponderance that Individual 6 was a member of the price-fixing conspiracy.

### 6. Individual 7

The government relies on interview notes from an interview with Individual 7. These interview notes describe Individual 7's participation and knowledge of the conspiracy. Guan Supp. Decl., Ex. D at 3-5, 7. This is sufficiently incriminating.

The government has met its burden of proving by a preponderance of the evidence that Individual 7 was a member of the conspiracy.

### 7. Individual 8

Evidence of Individual 8's involvement in the conspiracy can be found in interview summaries with alleged co-conspirators provided by the government. Guan Decl. ¶ 35; Guan Supp. Decl. ¶ 16. There are also email exchanges involving Individual 8. *See* Appx. 1, Ex. 8;

Appx. 1, Ex. 61; Appx. 1, Ex. 81.

Individual 8's co-conspirator status has been sufficiently established through incriminating emails and multiple people describing Individual 8's involvement in the conspiracy. The government has met its burden of showing by a preponderance of the evidence that Individual 8 was a member of the conspiracy.

8. Conclusion

As explained herein, the Court finds that all of the declarants were co-conspirators except for Individual 5.

E. Statements Must Have Been Made During the Conspiracy

The indictment states that the conspiracy began "at least as early as November 2010." Defendant therefore asserts that any statements that took place before that date cannot be considered as occurring "during the conspiracy." The government has not met its burden in showing that a price-fixing agreement existed before November 2010. Absent a sufficient foundation, the government may not introduce statements prior to November 2010. This ruling is without prejudice to the government making such a showing at or before trial.

F. Statements Were Made in Furtherance of the Conspiracy

"The Ninth Circuit has strictly construed the in furtherance of the conspiracy requirement." *United States v. Nazemian*, 948 F.2d 522, 529 (9th Cir. 1991). However, statements can further a conspiracy in a number of ways. "Examples of admissible co-conspirator statements include: statements made to induce enlistment or further participation in the group's activities; statements made to prompt further action on the part of conspirators; statements made to reassure members of a conspiracy's continued existence; statements made to allay a co-conspirator's fears; and statements made to keep co-conspirators abreast of an ongoing conspiracy's activities." *Id.* When analyzing whether a declarant's statement was in furtherance of the conspiracy, the Court examines the intent of the declarant. *Cf. id.* (finding that a statement of historical practices in other drug transactions was not related to the present conspiracy; therefore, it was not in furtherance of the present conspiracy). "A statement is made 'in furtherance of a conspiracy' when it 'can reasonably be interpreted as encouraging a [coconspirator] or other person to advance

7

the conspiracy, or as enhancing a [coconspirator] or other person's usefulness to the conspiracy . . . . Such statements include those that keep a coconspirator updated on the status of the business, motivate a coconspirator's continued participation, or provide background information on key conspiracy members.'" *United States v. Celis*, 608 F.3d 818, 843 (D.C. Cir. 2010) (quoting *United States v. Carson*, 455 F.3d 336, 366-67 (D.C. Cir. 2006). "A wide array of statements can fit this requirement, including those made to induce enlistment or further participation in the group's activities; . . . to prompt further action on the part of conspirators; . . . to reassure members of a conspiracy's continued existence; . . . to allay a co-conspirator's fears; and . . . to keep co-conspirators abreast of an ongoing conspiracy's activities." *United States v. Alcorta*, 853 F.3d 1123, 1137 (10th Cir. 2017) (internal citations omitted). "Statements of reassurance . . . are in furtherance of a conspiracy." *Mason*, 658 F.2d at 1270. Even statements made to keep co-conspirators informed of the conspiracy's activities may further the conspiracy. *United States v. Williams*, 989 F.2d 1061, 1068 (9th Cir. 1993).

The Court withholds ruling on whether the contested statements were made in furtherance of the conspiracy. At the pretrial conference the Court will address how it intends to proceed procedurally in ruling on each contested statement. The Court also orders the government to provide a more detailed Appendix 2. The government provided a Supplemental Appendix 2, but at the hearing the Court found many entries lacked sufficient detail to rule on admissibility; the Court contrasted entries which were sufficiently detailed.

The parties are reminded that the Court will evaluate each statement in light of its findings that for purposes of Rule 801(d)(2)(E), conspiracy existed, Defendant was a member of the conspiracy, and the declarants identified herein were co-conspirators.

G. <u>Confrontation Rights</u>

Finally, Defendant argues that any non-testifying declarant should be required to testify otherwise his right to confront witnesses will be violated. However, "the requirements of 801(d)(2)(E) and the confrontation clause of the sixth amendment are identical." *Yarbrough*, 852 F.2d at 1536. Thus, where "the requirements of 801(d)(2)(E) have been met there [is] no independent violation of the confrontation clause." *Id.* Further, "co-conspirator statements are not

testimonial and therefore beyond the compass of *Crawford*'s holding." *United States v. Allen*, 425 F.3d 1231, 1235 (9th Cir. 2005). For these reasons, the Court will not order each non-testifying declarant to testify in court.

### III. CONCLUSION

For the reasons stated herein, the Court finds that the government has met its burden of proving that a conspiracy existed, and Defendant was a member of the conspiracy by a preponderance of the evidence. The government has also met its burden of showing that the declarants were knowing participants in the conspiracy with respect to all declarants except for Individual 5.

The Court withholds ruling on whether the statements at issue were made in furtherance of the conspiracy.

**IT IS SO ORDERED**.

Dated: June 28, 2019

_____
EDWARD M. CHEN
United States District Judge