KEKER, VAN NEST & PETERS LLP
JOHN W. KEKER - # 49092
jkeker@keker.com
ELLIOT R. PETERS - # 158708
epeters@keker.com
ELIZABETH K. MCCLOSKEY - # 268184
emccloskey@keker.com
NICHOLAS S. GOLDBERG - # 273614
ngoldberg@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:      415 397 7188

Attorneys for Defendant
CHRISTOPHER LISCHEWSKI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER LISCHEWSKI,<br><br>Defendant. | Case No. 3:18-cr-00203-EMC<br><br>**DEFENDANT'S MOTION IN LIMINE NO. 1 TO EXCLUDE ANY REFERENCE TO THE CORPORATE GUILTY PLEAS ENTERED INTO BY BUMBLE BEE AND STARKIST**<br><br>Date:      August 27, 2019<br>Time:      2:30 p.m.<br>Dept.       Courtroom 5 – 17th Floor<br>Judge:     Hon. Edward M. Chen<br><br>Date Filed: May 16, 2018<br><br>Trial Date: November 4, 2019 |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD IN THIS ACTION:**

PLEASE TAKE NOTICE that on August 27, 2019 at 2:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 5, 17th Floor, of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Christopher Lischewski will and hereby does move *in limine* to exclude any reference to or introduction of the corporate plea agreements entered into by Bumble Bee Foods LLC and StarKist Co. *See United States v. Bumble Bee Foods, LLC*, Case No. 17-cr-249, Dkt. No. 32 (N.D. Cal. Aug. 2, 2017); *United States v. StarKist Co.*, Case No. 18-cr-513, Dkt. No. 24 (N.D. Cal. Nov. 14, 2019).

The motion is based upon the instant notice, the following Memorandum of Points and Authorities, the accompanying Declaration of Nicholas S. Goldberg and the exhibits attached thereto, the records in this case, and upon such argument as may be made at the hearing on August 27, 2019.

Dated: July 23, 2019                                                                      KEKER, VAN NEST & PETERS LLP

By:  */s/ Elliot R. Peters*
JOHN W. KEKER
ELLIOT R. PETERS
ELIZABETH K. MCCLOSKEY
NICHOLAS S. GOLDBERG

Attorneys for Defendant
CHRISTOPHER LISCHEWSKI

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION AND BACKGROUND

Bumble Bee and StarKist have entered into separate plea agreements to resolve the multi-year criminal investigation into price-fixing of packaged seafood sold in the United States ("the Corporate Plea Agreements").  *See United States v. Bumble Bee Foods, LLC*, Case No. 17-cr-249, Dkt. No. 32 (N.D. Cal. Aug. 2, 2017); *United States v. StarKist Co.*, Case No. 18-cr-513, Dkt. No. 24 (N.D. Cal. Nov. 14, 2019).  The government may not inject these Corporate Plea Agreements into the criminal trial of defendant Christopher Lischewski.  Evidence of those agreements is irrelevant under Federal Rule of Evidence 401.  Even if the Corporate Plea Agreements were relevant, they should be excluded under Federal Rule of Evidence 403, as they offer no legitimate probative value and present a significant risk of unfair and improper prejudice.  Finally, the Corporate Plea Agreements are testimonial statements and their introduction would violate Mr. Lischewski's rights under the Confrontation Clause of the Sixth Amendment to the United States Constitution.  For all of these reasons, the Court should exclude any reference to the Corporate Plea Agreements at trial.

## II.  ARGUMENT

### A.  The Corporate Plea Agreements are irrelevant and their introduction at trial would severely prejudice Mr. Lischewski.

The Ninth Circuit has firmly established that another person's or entity's guilty plea may never be offered by the government "as substantive evidence of the guilt of those on trial." *United States v. Smith*, 790 F.2d 789, 793 (9th Cir. 1986) (citing *United States v. Harbert*, 640 F.2d 1000, 1004 (9th Cir. 1981)); *see also Baker v. United States*, 393 F.2d 604, 614 (9th Cir. 1968).  The only "permissive purpose" for which a plea agreement may be admitted is to assess a testifying witness's credibility.  *See Smith*, 790 F.2d at 793.  Here, the government's key cooperators—Kenneth Worsham, Scott Cameron, and Steve Hodge—all have their own individual plea agreements that govern their cooperation.[1]  The government has ▮

---

[1] Mr. Lischewski understands that the government will also call witnesses affiliated with Chicken of the Sea who will testify pursuant to that company's leniency agreement with the government.

1
2
3       ▆▆▆▆▆▆▆▆▆▆▆▆   The defense stipulates not to attack ▆▆▆▆▆▆ credibility based on Bumble
Bee's corporate plea.  As a result, there is *no* permissible purpose for which the Corporate Plea Agreements could be introduced.  Because the Corporate Plea Agreements cannot be relevant to any witness's credibility and they cannot be used as substantive evidence against Mr. Lischewski, they cannot be relevant under Rule 401.  *See United States v. Rewald*, 889 F.2d 836, 865 (9th Cir. 1989) (holding that guilty plea "was relevant only to assess [witness's] credibility and was not 'evidence against the defendant.'"); *see also* Fed. R. Evid. 401.

Further, any minimal probative value of the Corporate Plea Agreements "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. . . ." Fed. R. Evid. 403.  As the Ninth Circuit and this Court have recognized, the jury's possible misuse of evidence of a third party's guilty plea requires trial courts to be "sensitive to the possibility of prejudice" and "to insure that evidence of the plea is being offered by the prosecutor and used by the jury only for a permissible purpose." *Harbert*, 640 F.2d at 1005; *see also United States v. Nosal*, No. CR-08-0237 EMC, 2013 WL 11327121, at *8-9 (N.D. Cal. Mar. 29, 2013).[2] This Court's decision in *Nosal* is instructive.  In that case, the Court excluded evidence of plea agreements under Rule 403 because of the substantial "spillover risk of inferring Defendant's guilt simply from the pleas." *Nosal*, 2013 WL 11327121 at *8.  There, the pleas had "minimal" probative value because the defendant agreed not to impeach on the basis of the guilty pleas. *Id.* By contrast, the pleas substantially prejudiced the defendant by tarnishing him with the admission

---

Per that agreement, these witnesses are conferred immunity in exchange for their testimony.  The terms of Chicken of the Sea's leniency agreement are therefore relevant to the credibility of any witness testifying pursuant to it, and therefore Mr. Lischewski does not seek to exclude evidence of that leniency agreement. *Smith*, 790 F.2d at 793.

[2] *See also, e.g.*, *United States v. Binger*, 469 F.2d 275, 276 (9th Cir. 1972) ("There is real danger that jurors will give undue emphasis to a crime-partner's guilty plea. It impinges on a defendant's right to be tried solely on the evidence."); Stephen A. Saltzburg, Michael M. Martin & Daniel J. Capra, Federal Rules of Evidence Manual § 403.02[8] (8th ed. 2002) ("The jury should not be permitted to think that because the defendant's associate pled guilty, the defendant must be guilty as well.  The Courts under Rule 403 have held that a defendant has a right to have his guilt or innocence determined by the evidence presented against him, not by what has happened with regard to a criminal prosecution against someone else.").

of criminal liability in the guilty pleas, "which Defendant hotly contests." *Id.*

The same is true here.  The Corporate Plea Agreements have no legitimate probative value because Mr. Lischewski has no intention of impeaching any witness on the basis of the Corporate Plea Agreements.  Further, the Corporate Plea Agreements are more akin to civil settlements, and motivated by different considerations—primarily financial ones—than individual defendants face.  By contrast, allowing the government to introduce the Corporate Plea Agreements would substantially prejudice Mr. Lischewski due to the "spillover risk of inferring Defendant's guilty simply from the pleas." *Id.*  That spillover risk is particularly acute here, given the likelihood that jurors would infer from Bumble Bee's corporate plea the guilt of its former Chief Executive Officer, Mr. Lischewski.  Such an inference is completely impermissible.  And, to the extent witnesses may testify pursuant to the Corporate Plea Agreements entered into by Bumble Bee and StarKist, Mr. Lischewski stipulates not to attack the credibility of those witnesses based on those agreements.  The government would therefore have no basis on which to rehabilitate such witnesses using the corporate pleas, and the evidence of such pleas would thus have little or no probative value.  *See Nosal*, 2013 WL 11327121, at *8 ("[W]here the defendant has stipulated that he will not attack the credibility of the witnesses based on the plea deals, the probative value of the guilty pleas is minimal [and t]he risk of unfair prejudice substantially outweigh[s] the little, if any, probative value of the pleas . . . .").

Thus, the Corporate Plea Agreements are irrelevant, offer no legitimate probative value, and introduce significant potential for unfair prejudice.  The Court should exclude any mention of them pursuant to Federal Rules of Evidence 401 and 403.

**B.     The Confrontation Clause bars reference to the Corporate Plea Agreements.**

In addition to being inadmissible under Rules 401 and 403, any reference to the Corporate Plea Agreements would run afoul of the Confrontation Clause.  In *Crawford v. Washington*, 541 U.S. 36 (2004), the Supreme Court prohibited introduction of testimonial out-of-court statements by declarants whom the defendant has not had an opportunity to cross-examine.  The Corporate Plea Agreements are out-of-court, testimonial statements barred by *Crawford*.  *See United States v. Riggi*, 541 F.3d 94, 102 (2d Cir. 2008) (holding that it is "constitutional error to admit as

substantive evidence a plea allocution by a co-conspirator who does not testify at trial unless the co-conspirator is unavailable and there has been a prior opportunity for cross-examination") (internal quotation marks and citation omitted); *United States v. Massino*, 319 F. Supp. 2d 295, 298 (E.D.N.Y. 2004) ("[G]uilty pleas are 'testimonial' within the meaning of *Crawford*."). Even before *Crawford*, courts recognized the constitutional concerns raised by the introduction of a co-conspirator's guilty plea. As one court put it, by not having the opportunity to cross-examine the party who entered the guilty plea, "the defendant on trial is unable to probe the motivations for entry of the plea. This significantly under cuts the defendant's right to have a jury's verdict based only upon evidence that is presented in open court and is thereby subject to scrutiny by the defendant." *United States v. Blevins*, 960 F.2d 1252, 1260 (4th Cir. 1992); *United States v. Griffin*, 778 F.2d 707, 711 (11th Cir. 1985).

These Constitutional problems are magnified in the context of guilty pleas entered into by a corporate entity. Mr. Lischewski will have no meaningful opportunity to cross-examine Bumble Bee or StarKist regarding their Corporate Plea Agreements, without cross-examining each witness at those companies who participated in the acts that form the basis for the pleas. Moreover, the Corporate Plea Agreements were executed by the General Counsels of Bumble Bee and StarKist as "authorized" agents of those corporations. But those individuals are not alleged to have participated in the conspiracy and they cannot be meaningfully cross-examined regarding the factual basis for the plea agreements. Put simply, Mr. Lischewski has no way to effectively cross-examine Bumble Bee or StarKist regarding their Corporate Plea Agreements. Thus, any mention of those Agreements is barred by the Confrontation Clause.

### III.  CONCLUSION

For the foregoing reasons, the government should be barred from making any reference to the Corporate Plea Agreements by Federal Rules of Evidence 401 and 403, as well as the Confrontation Clause of the Sixth Amendment.

///

///

///

Dated:  July 23, 2019

KEKER, VAN NEST & PETERS LLP

By: */s/ Elliot R. Peters*
JOHN W. KEKER
ELLIOT R. PETERS
ELIZABETH K. MCCLOSKEY
NICHOLAS S. GOLDBERG

Attorneys for Defendant
CHRISTOPHER LISCHEWSKI