KEKER, VAN NEST & PETERS LLP
JOHN W. KEKER - # 49092
jkeker@keker.com
ELLIOT R. PETERS - # 158708
epeters@keker.com
ELIZABETH K. MCCLOSKEY - # 268184
emccloskey@keker.com
NICHOLAS S. GOLDBERG - # 273614
ngoldberg@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendant
CHRISTOPHER LISCHEWSKI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER LISCHEWSKI,<br><br>Defendant. | Case No. 3:18-cr-00203-EMC<br><br>**DEFENDANT'S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF HIS PRIOR INVOCATION OF HIS FIFTH AMENDMENT RIGHTS**<br><br>Date:      August 27, 2019<br>Time:     2:30 p.m.<br>Dept.     Courtroom 5 – 17th Floor<br>Judge:   Hon. Edward M. Chen<br><br>Date Filed: May 16, 2018<br><br>Trial Date: November 4, 2019 |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

DEFENDANT'S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF HIS PRIOR INVOCATION
OF HIS FIFTH AMENDMENT RIGHTS
Case No. 3:18-cr-00203-EMC

1325875

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD IN THIS ACTION:**

PLEASE TAKE NOTICE that on August 27, 2019 at 2:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 5, 17th Floor, of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Christopher Lischewski will and hereby does move *in limine* to exclude reference to or introduction of any evidence, testimony, or argument regarding his invocation of his Fifth Amendment privilege at two prior depositions: (1) a deposition given in connection with the Department of Justice's investigation of the proposed Chicken of the Sea-Bumble Bee merger, and (2) a deposition in the civil multidistrict litigation pending in the Southern District of California, captioned *In re Packaged Seafood Products Antitrust Litigation*, Case No. 15-MD-1670-JLS (S.D. Cal.).

This motion is based upon the instant notice, the following Memorandum of Points and Authorities, the accompanying Declaration of Nicholas S. Goldberg and the exhibits attached thereto, the records in this case, and upon such argument as may be made at the hearing on August 27, 2019.

Dated: July 23, 2019

KEKER, VAN NEST & PETERS LLP

By: */s/ Elliot R. Peters*
JOHN W. KEKER
ELLIOT R. PETERS
ELIZABETH K. MCCLOSKEY
NICHOLAS S. GOLDBERG

Attorneys for Defendant
CHRISTOPHER LISCHEWSKI

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Christopher Lischewski moves to exclude any evidence, argument, or reference to his invocation of the Fifth Amendment at two prior depositions: (1) a deposition given in connection with the Department of Justice's investigation of the proposed Chicken of the Sea-Bumble Bee merger, and (2) a deposition in the civil multidistrict litigation pending in the Southern District of California, captioned *In re Packaged Seafood Products Antitrust Litigation*, Case No. 15-MD-1670-JLS (S.D. Cal.) ("Packaged Seafood MDL").  Mr. Lischewski's invocation of his Fifth Amendment privilege in these depositions is inadmissible because it would violate his constitutional rights protected by the Fifth Amendment, and the risk of unfair and improper prejudice outweighs any minimal probative value under Rule 403.  The government should be prohibited from mentioning Mr. Lischewski's deposition testimony regardless of whether Mr. Lischewski testifies in his own defense in this criminal trial.

## II. BACKGROUND

After the government launched its criminal investigation into the packaged seafood industry, Mr. Lischewski was subpoenaed to testify at two separate depositions.  First, in December 2015, Mr. Lischewski appeared for a deposition pursuant to a civil investigative demand in connection with the Department of Justice's then-ongoing analysis of the proposed merger between Chicken of the Sea and Bumble Bee.  Because the Antitrust Division's criminal investigation had begun months earlier, on the advice of counsel, Mr. Lischewski asserted his Fifth Amendment privilege.

Mr. Lischewski also has been named as a defendant in one of the dozens of civil antitrust actions alleging price-fixing in the packaged seafood industry, consolidated in the Southern District of California.  *See* Packaged Seafood MDL, Dkt. No. 1435.  When the plaintiffs in the civil MDL sought to depose Mr. Lischewski in 2018, he moved for a protective order to stay discovery against him pending completion of this criminal action.  Packaged Seafood MDL, Dkt.

1
DEFENDANT'S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF HIS PRIOR INVOCATION
OF HIS FIFTH AMENDMENT RIGHTS
Case No. 3:18-cr-00203-EMC

1325875

No. 1371, (S.D. Cal. Sept. 20, 2018).[1]  The court ultimately allowed the civil plaintiffs to depose Mr. Lischewski, but made clear that the government would not be able to use Mr. Lischewski's invocation of his Fifth Amendment rights in this criminal case: "***if Mr. Lischewski invokes his privilege in in the civil case, the United States cannot use that invocation to draw an adverse inference against him in his criminal trial***."  Packaged Seafood MDL, Dkt. No. 1632 at 5 (citing *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1264 (9th Cir. 2000)) (emphasis added).  Mr. Lischewski's deposition in the MDL took place on December 10, 2018, and, on the advice of his counsel, he asserted his Fifth Amendment privilege.

### III. ARGUMENT

#### A. Allowing evidence of Mr. Lischewski's prior invocation of the Fifth Amendment would be unconstitutional.

The Court should prohibit the government from making any reference to Mr. Lischewski's assertion of his Fifth Amendment privilege at either of these depositions.  The Fifth Amendment provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself[.]"  U.S. Const. amend. V.  "Notwithstanding the text that seemingly limits the right against self-incrimination to the criminal context, the Fifth Amendment's protections have been deemed to apply to civil proceedings."  *Glanzer*, 232 F.3d at 1263.  Thus, the Fifth Amendment privilege protects an individual from answering questions "put to him in any . . . proceeding, civil or criminal, formal or informal, where answers might incriminate him in future criminal proceedings."  *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973).

It is well settled that the government cannot penalize Mr. Lischewski for invoking his Fifth Amendment privilege.  *See Lefkowitz v. Cunningham,* 431 U.S. 801, 806 (1977).  The Fifth Amendment "outlaws" prosecutors from commenting on Mr. Lischewski's refusal to testify, either directly or indirectly.  *Griffin v. California*, 380 U.S. 609, 614 (1965); *see also Hovey v. Ayers*, 458 F.3d 892, 912 (9th Cir. 2006).  Such commentary would amount to the imposition of a penalty for exercising his constitutional privilege.  *Griffin*, 380 U.S. at 614; *see also Grunewald v.*

---

[1] Mr. Lischewski also moved to dismiss the claims against him in the civil MDL, and that motion is currently pending.  Packaged Seafood MDL, Dkt. No. 1525 (S.D. Cal. Oct. 19, 2018).

*United States*, 353 U.S. 391, 425 (1957) (J. Black, concurring) ("I can think of no special circumstances that would justify use of a constitutional privilege to discredit or convict a person who asserts it.").

This principle applies with equal force regardless of whether Mr. Lischewski invokes his Fifth Amendment privilege in prior proceedings or during the criminal trial itself. *See United States v. Carriles*, 832 F. Supp. 2d 699, 703 (W.D. Tex. 2010) ("[T]here is no reason to distinguish between invocations of the privilege in prior proceedings and those made during a criminal trial, because the form of compulsion would be the same."). Otherwise, there would be little substance in the Supreme Court's holding that the protections against self-incrimination extends to any testimony where an individual's answers might "incriminate [a defendant] in future criminal proceedings." *Turley*, 414 U.S. at 77.

Accordingly, the Court must preclude the government from introducing evidence regarding Mr. Lischewski's assertion of his Fifth Amendment privilege in prior depositions to protect the constitutional right that Amendment was designed to secure.

**B.     Evidence of Mr. Lischewski's prior invocation the Fifth Amendment is unfairly prejudicial.**

Any mention of Mr. Lischewski's prior invocation of the Fifth Amendment should also be precluded because it would result in tremendous undue prejudice that far surpasses any minimal probative value. Fed. R. Evid. 403. The government's only purpose in referring to Mr. Lischewski's deposition testimony would be to invite the jury to infer from Mr. Lischewski's silence either culpability or a lack of honesty. But this is the very inference forbidden by the Fifth Amendment. *See Carter v. Kentucky*, 450 U.S. 288, 305 (1981). Moreover, Mr. Lischewski's prior invocation of his Fifth Amendment privilege has no bearing on his guilt or innocence. *See United States v. Tomaiolo*, 249 F.2d 683, 691 (2d Cir. 1957) ("Insofar as guilt or innocence is concerned, it is clear that claiming the privilege does not imply guilt which would be at all inconsistent with later protestations or indications of innocence."); *see also U.S. ex rel. Carbone v. Manson*, 447 F. Supp. 611, 622 (D. Conn. 1978) ("[I]t is not at all clear that any inference can be reasonably drawn from the invocation of the Fifth Amendment on the advice of counsel.").

Because any reference to Mr. Lischewski's deposition testimony would invite the danger of unfair prejudice without offering any legitimate probative value, the government should be prohibited from commenting at trial on Mr. Lischewski's invocation of his Fifth Amendment rights. *See United States v. Bland*, 908 F.2d 471, 473 (9th Cir. 1990).

### C. The government may not cross-examine Mr. Lischewski about his prior invocation of the Fifth Amendment.

Even if Mr. Lischewski elects to testify in his own defense, the Court must preclude the government from cross-examining him about his prior assertion of his Fifth Amendment rights. The government may claim that Mr. Lischewski's depositions are fodder for cross-examination as a prior statement. *See* Fed. R. Evid. 801(d)(1)(A). But a prior statement may be used to impeach the credibility of a criminal defendant or witness only if it is *inconsistent* with the witness's testimony. *See Grunewald v. United States*, 353 U.S. 391, 419-420 (1957); *United States v. McLaughlin*, 663 F.2d 949, 952 (9th Cir. 1981) ("A basic rule of evidence provides that prior inconsistent statements may be used to impeach the credibility of a witness. As a preliminary matter, however, the court must be persuaded that the statements are indeed inconsistent.") (quoting *United States v. Hale*, 422 U.S. 171, 176 (1975)).

Mr. Lischewski's invocation of his Fifth Amendment rights is *not* inconsistent with any testimony he may offer in his own defense. The Supreme Court and the Ninth Circuit have both "condemn[ed] the practice of imputing a sinister meaning to the exercise of a person's constitutional right under the Fifth Amendment." *Fowle v. United States*, 410 F.2d 48, 54 (9th Cir. 1969) (quoting *Slochower v. Board of Education*, 350 U.S. 551, 557-558 (1956)). This is because invoking the Fifth Amendment "serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances." *Grunewald*, 353 U.S. at 422 (citing *Slochower*, 350, U.S. at 557-558). Mr. Lischewski's assertion of his Fifth Amendment rights is not inconsistent with any testimony that he may offer in his own defense, and therefore the government cannot use his civil deposition to impeach him at trial.[2]

---

[2] By contrast, Mr. Lischewski may properly cross-examine the government's cooperators Scott Cameron, Kenneth Worsham, and Steve Hodge abou[REDACTED]

4

DEFENDANT'S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF HIS PRIOR INVOCATION OF HIS FIFTH AMENDMENT RIGHTS
Case No. 3:18-cr-00203-EMC

1325875

## IV. CONCLUSION

For the foregoing reasons, the government should be barred from making any reference to Mr. Lischewski's invocation of his Fifth Amendment rights at his civil deposition, regardless of whether he testifies in his own defense.

Dated: July 23, 2019

KEKER, VAN NEST & PETERS LLP

By: /s/ Elliot R. Peters
JOHN W. KEKER
ELLIOT R. PETERS
ELIZABETH K. MCCLOSKEY
NICHOLAS S. GOLDBERG

Attorneys for Defendant
CHRISTOPHER LISCHEWSKI

[REDACTED] Thus, the Fifth Amendment concerns discussed in this motion do not apply to these witnesses.

5

DEFENDANT'S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF HIS PRIOR INVOCATION
OF HIS FIFTH AMENDMENT RIGHTS
Case No. 3:18-cr-00203-EMC

1325875