1  KEKER, VAN NEST & PETERS LLP
   JOHN W. KEKER - # 49092
2  jkeker@keker.com
   ELLIOT R. PETERS - # 158708
3  epeters@keker.com
   ELIZABETH K. MCCLOSKEY - # 268184
4  emccloskey@keker.com
   NICHOLAS S. GOLDBERG - # 273614
5  ngoldberg@keker.com
   633 Battery Street
6  San Francisco, CA 94111-1809
   Telephone:    415 391 5400
7  Facsimile:     415 397 7188

8  Attorneys for Defendant
   CHRISTOPHER LISCHEWSKI
9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12                SAN FRANCISCO DIVISION

13  UNITED STATES OF AMERICA,            Case No. 3:18-cr-00203-EMC

14                 Plaintiff,             **DEFENDANT'S MOTION IN LIMINE
                                          NO. 3 TO EXCLUDE ARGUMENT THAT
15          v.                            THE TUNA THE WONDERFISH
                                          CAMPAIGN AND CO-PACKING
16  CHRISTOPHER LISCHEWSKI,               ARRANGEMENT ARE UNLAWFUL**

17                 Defendant.             Date:       August 27, 2019
                                          Time:       2:30 p.m.
18                                        Dept.       Courtroom 5 – 17th Floor
                                          Judge:      Hon. Edward M. Chen
19
                                          Date Filed:  May 16, 2018
20
                                          Trial Date:  November 4, 2019
21

22

23

24

25

26          **REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

27

28

DEFENDANT'S MOTION IN LIMINE NO. 3 TO EXCLUDE ARGUMENT THAT TUNA THE
WONDERFISH CAMPAIGN AND CO-PACKING ARRANGEMENT ARE UNLAWFUL
Case No. 3:18-cr-00203-EMC

1325575

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD IN THIS ACTION:**

PLEASE TAKE NOTICE that on August 27, 2019 at 2:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 5, 17th Floor, of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Christopher Lischewski will and hereby does move *in limine* to exclude any argument suggesting that the Tuna the Wonderfish campaign and the co-packing arrangement were unlawful.

The motion is based upon the instant notice, the following Memorandum of Points and Authorities, the accompanying Declaration of Nicholas S. Goldberg and the attached exhibits thereto, the records in this case, and upon such argument as may be made at the hearing on August 27, 2019.

Dated:  July 23, 2019

KEKER, VAN NEST & PETERS LLP

By:   */s/ Elliot R. Peters*
JOHN W. KEKER
ELLIOT R. PETERS
ELIZABETH K. MCCLOSKEY
NICHOLAS S. GOLDBERG

Attorneys for Defendant
CHRISTOPHER LISCHEWSKI

DEFENDANT'S MOTION IN LIMINE NO. 3 TO EXCLUDE ARGUMENT THAT TUNA THE
WONDERFISH CAMPAIGN AND CO-PACKING ARRANGEMENT ARE UNLAWFUL
Case No. 3:18-cr-00203-EMC

1325575

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

A lynchpin of the government's trial strategy appears to be to try to falsely imply or argue to the jury that Mr. Lischewski engaged in illegal price-fixing because his company, Bumble Bee, engaged in entirely *legal* business arrangements with competitors.  Two such examples of the government's tactic involve a 2010 joint marketing campaign by Bumble Bee, StarKist, and Chicken of the Sea (COSI) to promote sales of canned tuna known as the "Tuna the Wonderfish" campaign, and a 2012 arrangement between Bumble Bee and COSI to promote the efficient packaging of canned tuna by sharing packaging facilities in North America (the "co-packing arrangement").  Both business arrangements are completely legal, were vetted by lawyers, and are standard in many industries.  The government apparently hopes to tarnish Mr. Lischewski by painting these standard business practices as nefarious or somehow in furtherance of illegal price-fixing.  While the defense recognizes that the Tuna the Wonderfish campaign and the co-packing arrangement occurred during the relevant time, in part, and reference to them may arise during trial, the Court must preclude any argument that these events were illegal or nefarious in any way.  Any such argument would be categorically false, and therefore would have no probative value.  If there were any probative value of such evidence or argument, it would be far outweighed by the potential for confusing the issues, misleading the jury, and causing unfair prejudice.  *See* Fed. R. Evid. 403.  As for evidence or argument regarding the unlawfulness of the Tuna the Wonderfish campaign, the government has failed to establish its admissibility under Rule 404(b).[1]

## II.    BACKGROUND

In 2010, Bumble Bee, StarKist, and COSI jointly developed the Tuna the Wonderfish marketing campaign to promote the health benefits of eating tuna and thereby to increase tuna consumption.  The National Fisheries Institute, a non-profit industry trade group, organized and led the industry-wide campaign.  *See, e.g.*, Declaration of Nicholas S. Goldberg ("Goldberg Decl.") Exh. 2 (BBDOJ-000134030-39 (agenda for National Fisheries Institute meeting related to

---

[1]  The government has not noticed its intent to introduce evidence of the co-packing arrangement under Rule 404(b).

1325575

1   "U.S. Tuna Segment Category Growth Operating Board")).  The companies agreed to share its

2   cost, and entered into a formal contract with each other and the National Fisheries Institute.  *See*

3   Goldberg Decl. Exh. 3 (NFI1-0013610-20 (formal contract, dated March 15, 2010)).  Bumble

4   Bee's in-house counsel was consulted during negotiation of the contract, and was also aware of

5   Mr. Lischewski's final execution of it on behalf of Bumble Bee.  *See* Goldberg Decl. Exh. 4

6   (BBDOJ-001194076-77); Exh. 5 (BBDOJ-000253470-77).

7          Even though the Tuna the Wonderfish campaign dates back to "early 2010" (in the

8   government's own words)—before the charged conspiracy—and even though the campaign was

9   nothing more than a standard industry growth strategy akin to the famous "Got Milk?" marketing

10   campaign, the government has attempted to characterize it as an act that furthered the alleged

11   price-fixing conspiracy.  *See* Goldberg Decl. Exh. 6 (Government's Am. L.R. 16-1 Letter, Apr.

12   26, 2019 ("Gov't L.R. 16-1 Ltr"), at 5; ECF 194 (Tr. of June 11, 2019 Hearing) at 69:14-15.  For

13   example, during ███████████████████████████████████████████████████████

14   ███████████████████████████████████████████████████████

15   ███████████████████████████████████████████████████████████

16   ███████████████████████████████████████████████████████████

17   ██████████████████████████████████████████████████

18          As the government knows, however, ██████████████████████████████

19   ██████████████████████████████████████████████████████

20   ████████████████████████████████████████████████████████████

21   ███████████████████████████████████████████████████████

22   ███████████████████████████████████████████████████████

23   █████████████████████████████████████████████████████

24   ███████████████████████████████████████████████████████

25   ████████████████████████████████████████████████████████

26   ██████████████████████████████████████████████████████

27   ████████████████████████████████████████████████████████████

28   ████████████████████████████████████████████████████████████

DEFENDANT'S MOTION IN LIMINE NO. 3 TO EXCLUDE ARGUMENT THAT TUNA THE
WONDERFISH CAMPAIGN AND CO-PACKING ARRANGEMENT ARE UNLAWFUL
Case No. 3:18-cr-00203-EMC

1325575

1 ███████████████████████████████████████████████████████

2 *Id.* Exh 10 (BBDOJ-001063682).

3       The government has taken a similar approach with the co-packing arrangement.  The

4 co-packing arrangement is a formal contract entered into by Bumble Bee and COSI that provides

5 Bumble Bee access to COSI's packing facility in Lyons, Georgia, in exchange for COSI's use of

6 Bumble Bee's packing facility in Santa Fe Springs, California.  The co-packing arrangement

7 promotes increased efficiency in the packaging of canned tuna, and is fully compliant with

8 antitrust laws.  Indeed, the co-packing arrangement was negotiated and drafted with the assistance

9 of lawyers for both companies, outside antitrust counsel, as well as a management consulting

10 firm, over the course of several months in 2011 and 2012.  *See id.* Exh. 11 (COSI-000002192-

11 223).  In spite of all this, the government has falsely suggested that the co-packing arrangement

12 ███████████████████████████████████████████████████

13 ████████████████████████████████████████████ For example, ████████████

14 ███████████████████████████████████████████████████

15 █████████████████████████████████████████████████████

16 █████████████████████████████████████████████████████

17 █████████████████████████████████████████████████████

18 ██████████████████████████████████████████████████████

19 ██████████████████████████████████

20 **III.   ARGUMENT**

21     **A.   The Court should exclude any argument suggesting the unlawfulness of the**

22         **Tuna the Wonderfish campaign and the co-packing arrangement under Rule 403.**

23       Any argument suggesting that the "Tuna the Wonderfish" campaign and co-packing

24 arrangement were unlawful would be misleading, confusing, and unduly prejudicial, and must be

25 excluded from trial.  *See* Fed. R. Evid. 403; *see also United States v. Hitt*, 981 F.2d 422, 423 (9th

26 Cir. 1992) ("[W]hen the probative value of the evidence is substantially outweighed by the danger

27 of unfair prejudice . . . or misleading the jury, the evidence ***must*** be kept out.") (emphasis added;

28 internal quotation marks and citation omitted).

3

DEFENDANT'S MOTION IN LIMINE NO. 3 TO EXCLUDE ARGUMENT THAT TUNA THE WONDERFISH CAMPAIGN AND CO-PACKING ARRANGEMENT ARE UNLAWFUL
Case No. 3:18-cr-00203-EMC

1325575

To sustain its price-fixing charge against Mr. Lischewski, the government "must prove the existence of [an] agreement [to commit a crime] beyond a reasonable doubt." *United States v. Loveland*, 825 F.3d 555, 557 (9th Cir. 2016). Here, the government may not use evidence of the Tuna the Wonderfish campaign and co-packing arrangement to falsely imply that Mr. Lischewski participated in an agreement to commit a crime—when none of the government's evidence shows that either business arrangement was unlawful or reached in furtherance of any price-fixing agreement. Indeed, to the contrary, both agreements were reached with the assistance and approval of lawyers, and both reflect standard legal business relationships between companies.

This evidence is critical to the government's case because its theory and evidence regarding a conspiratorial agreement is diffuse. For example, the government asserts in its Rule 16-1(c) Notice that █████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████ Notice of Co-Conspirator Statements Pursuant to L.R. 16-1, at 5 (ECF 131, Apr. 12, 2019). Certainly, it will be much more difficult for the government to convince the jury that a price-fixing agreement was reached through a series of phone calls involving different coconspirators, where none of the phone calls involved all three companies, rather than through unequivocal, well-documented, and legal business arrangements, such as the Tuna the Wonderfish campaign and co-packing arrangement. If the Court allows the government to lead the jury to believe, or even to suggest, that the campaign and co-packing arrangement were unlawful, the jurors will focus on these events as evidence of a criminal conspiracy. *See Weit v. Cont'l Ill. Nat'l Bank & Tr. Co. of Chicago*, 641 F.2d 457, 467 (7th Cir. 1981) (affirming district court's exclusion of evidence of alleged coconspirators' lobbying activity because of likely confusion, where the jury would improperly use the evidence to "conclude that the passage of a favorable consumer credit limit was the product of an unlawful conspiracy"). Because Mr. Lischewski clearly did ***not*** enter into a price-fixing agreement when Bumble Bee participated in the Tuna the Wonderfish campaign and co-packing arrangement, "it's totally unacceptable for [the jury] to be prejudiced by something he

seems to have done but in fact did not." *Hitt*, 981 F.2d at 424-25.

Since its prejudicial impact far outweighs its slight probative value, the Court should exclude any argument suggesting that the Tuna the Wonderfish campaign and the co-packing arrangement are unlawful. *See* Fed. R. Evid. 403.

### B. The Court should exclude any argument suggesting the unlawfulness of the campaign agreement under Rule 404(b).

Insofar as the government has asserted that argument regarding the unlawfulness of the Tuna the Wonderfish campaign is admissible as "other act" evidence under Rule 404(b), the government's argument is unpersuasive, and in any event, its probative value is far outweighed by the potential for prejudice for the reasons discussed above. *See United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012) (even if admissible under Rule 404(b), the evidence must survive a Rule 403 analysis). Rule 404(b) provides that "[e]vidence of a crime, wrong, or other act is ***not*** admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," but such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b) (emphasis added). To be admissible under Rule 404(b), the government bears the burden of showing: "(1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged." *Bailey*, 696 F.3d at 799 (citation omitted).

The government argues that ███████████████████████████████████ ████████████████████████████████████████████████████████ ███████████████████         *See* Goldberg Decl. Exh. 6 (Gov't L.R. 16-1 Ltr.) at 5. The government's argument is contrary to the facts and the law. As a factual matter, the Tuna the Wonderfish campaign was developed months ***prior*** to the charged conspiracy. And, as a matter of law, "[w]here cooperation is necessary for a legitimate business purpose, the mere opportunity to conspire at business meetings is insufficient to support an inference of conspiracy." *In re Citric Acid Litig.*, 996 F. Supp. 951, 959 (N.D. Cal. 1998). "Given the need for some degree of

5

DEFENDANT'S MOTION IN LIMINE NO. 3 TO EXCLUDE ARGUMENT THAT TUNA THE
WONDERFISH CAMPAIGN AND CO-PACKING ARRANGEMENT ARE UNLAWFUL
Case No. 3:18-cr-00203-EMC

1325575

cooperation in a venture of this nature, the opportunity to conspire evidence lacks significant probative value." *Weit*, 641 F.2d at 462.  Nor is there any dispute that Mr. Lischewski and the alleged coconspirators associated with each other.  As a result, any argument that their association via the Tuna the Wonderfish campaign facilitated an unlawful price-fixing agreement is immaterial and cannot be used under Rule 404(b) to show opportunity, absence of mistake, and lack of accident.  *See Bailey*, 696 F.3d at 799; *United States v. Shayota*, No. 15-CR-00264-LHK, 2016 WL 6093237, at *4 (N.D. Cal. Oct. 19, 2016) ("It is the burden of the party seeking admission to show that the evidence is material to a purpose other than character.").

The government's theories of admissibility under Rule 404(b) also rely on attenuated speculation.  For example, the government █████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ██████████████████████████████████████████ █████████        Goldberg Decl. Exh.  6 (Gov't L.R. 16-1 Ltr,) at 5-6.  However, the government has failed to show that Mr. Lischewski engaged in such conduct or had such knowledge.  *See Bailey*, 696 F.3d at 799; *United States v. Murillo*, No. ED-CR-05-69 (B) VAP, 2008 WL 11411629, at *3, *6 (C.D. Cal. May 23, 2008) (holding evidence inadmissible under Rule 404(b) in part because the evidence was insufficient to support a finding that defendant committed the other act).  And, as discussed above, the evidence is to the contrary, as the government's own cooperating witness confirms.

The government's theory that the Tuna the Wonderfish campaign provided Mr. Lischewski with a motive is similarly attenuated and unpersuasive.  The government argues that the Tuna the Wonderfish campaign imposed a cost, but that is no different than any other cost associated with Bumble Bee's, StarKist's, and COSI's businesses, for which the government has plenty of other less prejudicial evidence on which to rely.  *See Weit*, 641 F.2d at 462; *In re Citric Acid Litig.*, 996 F. Supp. at 959.

The government has failed to carry its burden to establish the admissibility of argument regarding the unlawfulness of the Tuna the Wonderfish campaign, and the Court should therefore

1   exclude it under Rule 404(b).

2   **IV.     CONCLUSION**

3          For the foregoing reasons, the Court should exclude any argument suggesting that the

4   Tuna the Wonderfish campaign and the co-packing arrangement were unlawful.

5

6   Dated: July 23, 2019                                KEKER, VAN NEST & PETERS LLP

7

8                                          By:    */s/ Elliot R. Peters*
                                                 JOHN W. KEKER

9                                                ELLIOT R. PETERS
                                                 ELIZABETH K. MCCLOSKEY

10                                               NICHOLAS S. GOLDBERG

11                                               Attorneys for Defendant
                                                 CHRISTOPHER LISCHEWSKI

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S MOTION IN LIMINE NO. 3 TO EXCLUDE ARGUMENT THAT TUNA THE
WONDERFISH CAMPAIGN AND CO-PACKING ARRANGEMENT ARE UNLAWFUL
Case No. 3:18-cr-00203-EMC

1325575