MICAH L. RUBBO (CSBN 267465)
LESLIE A. WULFF (CSBN 277979)
MIKAL J. CONDON (CSBN 229208)
ANDREW SCHUPANITZ (CSBN 315850)
U.S. Department of Justice, Antitrust Division
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA 94102
Telephone: (415) 934-5300
mikal.condon@usdoj.gov

Attorneys for the United States

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 18-cr-00203-EMC |
| v. | **UNITED STATES' MOTION *IN LIMINE* # 1 TO EXCLUDE EVIDENCE IRRELEVANT TO A *PER SE* CASE** |
| CHRISTOPHER LISCHEWSKI, | |
| Defendant. | Date: August 27, 2019<br>Time: 2:30 p.m.<br>Judge: Hon. Edward M. Chen<br>Courtroom: 5, 17th Floor |

## INTRODUCTION

The United States moves this Court for an *in limine* order prohibiting defendant from introducing any evidence or argument irrelevant to a *per se* case, including justifications or excuses for his collusive conduct, as well as any evidence that the price-fixing conspiracy had no actual effect on prices. Such evidence is irrelevant under Rule 401 of the Federal Rules of Evidence and should be excluded under Rules 402 and 403.

**ARGUMENT**

1        Under the Sherman Act, "[e]very contract, combination … or conspiracy, in restraint of

2  trade" is illegal.  15 U.S.C. § 1.  Some "types of restraints," such as horizontal price fixing, have

3  "such predictable and pernicious anticompetitive effect, and such limited potential for

4  procompetitive benefit, that they are deemed unlawful per se."  *State Oil Co. v. Khan*, 522 U.S.

5  3, 10 (1997).  By "treating categories of restraints as necessarily illegal," the *per se* rule

6  "eliminates the need to study the reasonableness of an individual restraint."  *Leegin Creative*

7  *Leather Prods., Inc. v. PSKS, Inc.*, 551 U.S. 877, 886 (2007); *accord Bus. Elecs. Corp. v. Sharp*

8  *Elecs. Corp.*, 485 U.S. 717, 723 (1988).  In fact, "the law does not permit an inquiry into the[]

9  reasonableness" of, or "economic justification" for, these restraints.  *United States v. Socony-*

10  *Vacuum Oil Co.*, 310 U.S. 150, 218 (1940); *accord Catalano, Inc. v. Target Sales, Inc.*, 446 U.S.

11  643, 647-50 (1980); *N. Pac. Ry. v. United States*, 356 U.S. 1, 5 (1958).

12        In May, this Court ruled that the indictment charges a horizontal price-fixing conspiracy,

13  "which is subject to the per se rule."  (Doc. 177, at 6.)  Defendant thus should not be allowed to

14  present his "rule of reason" defense—which the Court has already rejected—to the jury.

15  Specifically, the government asks the Court to exclude any evidence or argument that: (1) there

16  were economic or other justifications for the conspiracy or it had no harmful effect;

17  (2) defendant lacked specific intent; (3) he was ignorant of the law; or (4) his conduct was

18  common in the packaged-seafood industry.  Such evidence or argument would be irrelevant, and

19  also would result in unfair prejudice, confusing the issues, misleading the jury, and wasting time.

**I.**      **Justifications and lack of effects are irrelevant.**

20        Defendant should not be permitted to introduce evidence and argument justifying or

21  excusing his conduct.  When the charged conspiracy—here, an agreement to fix the prices of

22  canned tuna—is *per se* illegal, any potential justification or excuse is irrelevant.  *See Arizona v.*

23  *Maricopa Cty. Med. Soc'y*, 457 U.S. 332, 351 (1982) ("The anticompetitive potential inherent in

24  all price-fixing agreements justifies their facial invalidation even if procompetitive justifications

25  are offered for some.").  In this case, such evidence would include, for example, expert evidence

26  indicating that the list-price increases were reasonable, necessary, justified, or inevitable due to

the increases in raw-materials (namely, fish) costs; evidence that the conspirators would have

inevitably implemented list-price increases absent an agreement; or econometric models arguing

that the conspiracy produced no overcharge. *See Socony-Vacuum*, 310 U.S. at 224 n.59

("Whatever economic justification particular price-fixing agreements may be thought to have,

the law does not permit an inquiry into their reasonableness. They are all banned because of their

actual or potential threat to the central nervous system of the economy.").

Just last year, the Ninth Circuit upheld the district court's decision to exclude defense

evidence of the "actual effect" on the market of a defendant's bid rigging—another type of *per se*

restraint. *United States v. Joyce*, 895 F.3d 673, 677 (9th Cir. 2018). As the court of appeals

explained, "[t]he *per se* rule eliminates the need to inquire into the specific effects of certain

restraints of trade." *Id.* at 677. Indeed, the court of appeals continued, "[t]he very purpose of the

*per se* rule is to avoid the necessity for an incredibly complicated and prolonged economic

investigation into the entire history of the industry involved, as well as related industries, in an

effort to determine at large whether a particular restraint has been unreasonable." *Id.* at 677-78

(cleaned up). Other circuits are in accord. *See, e.g.*, *United States v. Kemp*, 907 F.3d 1264, 1277

(10th Cir. 2018) ("But Supreme Court jurisprudence is clear: where the per se rule applies, it is

of no consequence that an agreement could potentially bring net economic benefits to some part

of the market—here to the alleged conspirators."); *United States v. Suntar Roofing, Inc.*, 897

F.2d 469, 472-73 (10th Cir. 1990) (finding that evidence of reasonableness or justification for a

*per se* violation was properly excluded); *United States v. Brighton Bldg. & Maint. Co.*, 598 F.2d

1101, 1105-06 (7th Cir. 1979) (finding that in a *per se* case, arguments that the conspiracy was

justified or ineffective were irrelevant).

Defendant already has demonstrated his desire to place such irrelevant issues before the

jury. At the last hearing, defense counsel described the pricing truce that began the conspiracy:

"It meant let's not price at below cost, let's compete based upon rational pricing." (June 11,

2019 Hr'g Tr. at 47:25-48:2.) This description seeks to justify both the price-fixing agreement

itself, by implying it was somehow necessary to avoid "below cost" pricing, and the

reasonableness of the resulting price. The *per se* rule forbids such justifications. *See Socony-*

1    *Vacuum*, 310 U.S. at 221 (noting that Congress "has not permitted the age-old cry of ruinous

2    competition and competitive evils to be a defense to price-fixing conspiracies"); *Maricopa Cty.*

3    *Med. Soc'y*, 450 U.S. at 349 (noting that the Court repeatedly has "condemned" inquiry into "the

4    reasonableness of the fixed prices").  The same is true of defendant's inaccurate suggestion (June

5    11, 2019 Hrg Tr. at 20:14-17) that the conspirators were "trying to avoid descending into a price

6    war by pricing rationally and trying to make a margin and not pricing it below cost, which is

7    illegal in California."[1]  *See Joyce*, 895 F.3d at 676-77 (explaining that in *per se* cases, "any

8    business justification for the defendant's conduct is neither relevant nor admissible").

9           To summarize, in a *per se* price-fixing case, it is irrelevant whether:

10   - the agreement regarding prices was reasonable, necessary, or justified;

11   - the alleged conspiracy had little or no effect on price or that there was no

12     overcharge;

13   - price increases were inevitable and would have occurred absent competitor

14     agreements; and

15   - the resulting prices were reasonable, necessary, or inevitable.

16   And because such evidence is irrelevant, it must be excluded under Rule 402.  *See* Fed. R. Evid.

17   402 ("Irrelevant evidence is not admissible.").

18   **II.    Lack of Specific Intent Is No Defense.**

19          Defendant should not be permitted to introduce evidence and argument that he did not

20   intend any anti-competitive results or that he acted with good intentions.  To prove the *mens rea*

21   element of a *per se* Sherman Act violation, the government must prove that the defendant

22   knowingly entered into an agreement of a type that is categorically banned.  *See United States v.*

23   *Alston*, 974 F.2d 1206, 1210 (9th Cir. 1992) (government must show that "the defendant

24

25   [1] Defendant's statement is incorrect because California law only proscribes below-cost pricing
     "for the purpose of injuring competitors or destroying competition."  Cal. Bus & Prof. Code §
26   17043.  Furthermore, there are various safe-harbor exceptions to this conduct, including if such
     pricing is "made in good faith to meet the legal prices of a competitor."  *Id.* at 17050(d).
27   Regardless, even assuming *arguendo* that below-cost pricing is illegal under state law, it is no
     defense to participating in the conspiracy described in the indictment.  The irrelevant and
28   confusing nature of this argument demonstrates precisely why it should be excluded on
     relevancy grounds.

knowingly—that is, voluntarily and intentionally—became a member of the conspiracy charged in the indictment, knowing of its goal and intending to help accomplish it").  The government need not show that the defendant acted "with the purpose of achieving anticompetitive effects or with the knowledge that such effects likely would result."  *United States v. Brown*, 936 F.2d 1042, 1046 (9th Cir. 1991).  As the Ninth Circuit explained in *Brown*, "'[w]here *per se* conduct is found, a finding of intent to conspire to commit the offense is sufficient; a requirement that intent go further and envision actual anti-competitive results would reopen the very questions of reasonableness which the *per se* rule is designed to avoid."  *Id.* (quoting *United States v. Koppers Co.*, 652 F.2d 290, 296 n.6 (2d Cir. 1981)).  Thus, it is irrelevant that a defendant did not specifically intend to produce anticompetitive effects or violate the Sherman Act.  *Alston*, 974 F.2d at 1213.

It is also irrelevant that a defendant did not intend to act wrongfully, or generally had good intentions: "[I]t is … well settled that good motives will not validate an otherwise anticompetitive practice."  *NCAA v. Bd. of Regents of Univ. of Okla.*, 468 U.S. 85, 101 n.23 (1984); *see also Socony-Vacuum*, 310 U.S. at 221-22 (the Sherman Act "has no more allowed genuine or fancied competitive abuses as a legal justification for such schemes than it has the good intentions of the members of the combination").

To the extent defendant seeks to adduce any such evidence, it should be excluded as irrelevant.

### III. Ignorance of the Law is No Defense.

Defendant should not be permitted to introduce evidence and argument that he did not intend to break the law.  Evidence or argument that defendant or his coconspirators were ignorant or mistaken about the legality of their conduct is irrelevant.  Courts have long recognized the general rule that ignorance or mistake of law is no defense.  *Cheek v. United States*, 498 U.S. 192, 199 (1991) ("The general rule that ignorance of the law or a mistake of law is no defense to criminal prosecution is deeply rooted in the American legal system."); *see United States v. Hancock*, 231 F.3d 557, 561-62 (9th Cir. 2000) (discussing the "extreme danger" of allowing a mistake-of-law defense for illegal acts); *see also Model Jury Instructions*

*in Criminal Antitrust Cases* 76 (ABA Section of Antitrust Law eds., 2009) ("It is not necessary for the prosecution to prove that the defendant knew that the agreement, combination, or conspiracy. . . is a violation of the law."). In general, a defendant need only know "of the facts that make his conduct illegal." *Staples v. United States*, 511 U.S. 600, 622 n.3 (1994).

The Ninth Circuit has expressly found that ignorance of the law is not a defense to a Sherman Act charge. *See Alston*, 974 F.2d at 1210 (holding that it was an "accurate statement of the law" that it "is not a defense to price fixing that the defendants may have . . . thought that what they were doing was legal"). Thus, any evidence that defendant was unaware of the antitrust laws or did not know his conduct was illegal is irrelevant and should be excluded. Nor should defendant be permitted to elicit testimony from witnesses that they were unaware that their conduct was illegal.

## IV.     Evidence of "Business as Usual" Is Irrelevant.

Defendant should not be permitted to justify his conduct by introducing evidence and argument that the conduct was common practice in the packaged-seafood industry. "[I]t is no defense to participation in an illegal price fixing conspiracy to suggest that others did it too." *United States v. Apple Inc.*, 952 F. Supp. 2d 638, 699 (S.D.N.Y. 2013). Here, it appears defendant intends to argue that his actions were consistent with customary, normal, or expected behavior in the packaged-seafood industry. Indeed, at the last hearing, defendant stated that "finding out about other companies' pricing moves and intentions is an important thing to do in a highly, highly competitive industry with low margins" and is "something that people try to do." (June 11, 2019 Hr'g Tr. at 20:9-13.) This kind of argument must be precluded because it does not tend to negate the mental state of the crime. It is either an ignorance-of-law defense in another guise (the suggested inference being that Defendant did not know his conduct was against the law because others were doing it too) or a nullification pitch.

It is also improper to admit such evidence to implicitly challenge the government's motives in indicting some individuals but not others. As explained in the government's accompanying motion *in limine*, the government's exercise of its prosecutorial discretion with regard to others is irrelevant to whether the defendant committed the charged offense. *See*

*United States v. Stewart*, No. 03-CR-717, 2004 WL 113506, at *1 (S.D.N.Y. Jan. 26, 2004) (precluding defendant from presenting proof of other individuals who may also have committed the crimes charged or similar crimes, but were not charged); *see also, e.g.*, *United States v. White*, No. 02-CR-1111, 2003 WL 721567, at *7 (S.D.N.Y. Feb. 28, 2003) (excluding as "totally irrelevant" evidence that others allegedly engaged in the same conduct, because "[t]he issue to be determined is whether [the defendant] committed the crimes charged; not whether others may have committed uncharged crimes"). Thus, evidence or argument about customs, norms, and expected behaviors in the packaged-seafood or other similar industries should be excluded as irrelevant.

## V.       The Evidence Should Be Excluded Under 403

Evidence irrelevant to a *per se* violation also should be excluded under Rule 403 because it has no probative value, while its admission would confuse the issues, mislead the jury, waste time, and prejudice the government's and the public's right to a verdict on the elements of the crime charged—whether the defendant knowingly entered into a conspiracy to fix the prices of packaged seafood. *See* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, [or] wasting time . . . ."). Even if the Court were to find that the above collateral justifications and excuses are relevant, they should nevertheless be excluded because any probative value they might provide would be outweighed by the detrimental effect on the length, complexity, and coherence of the upcoming trial. *Id.*

Rebutting defendant's arguments, for example, that prices were reasonable, the agreement was justified, or regarding the lack of an overcharge, would require the government to introduce the following expert testimony:

- Economic expert testimony summarizing voluminous databases of sales data from all three coconspirators before, during, and after the charged conspiracy, as well as complex and lengthy expert evidence of and testimony regarding the methodology and results of various economic studies performed on this data, such

//

as a statistical regression analysis demonstrating the pecuniary effect of the price-fixing conspiracy; and

- Legal expert testimony regarding the requirements of California law with respect to pricing below cost, the exceptions to the rule, and the relationship between the California law and the Sherman Act.

Allowing the trial to become a battle of experts—particularly over issues irrelevant to a *per se* case—would be time consuming, confusing, and prejudicial.  Introduction of extensive expert testimony regarding the competitive effects of the conspiracy would not only significantly lengthen the trial, it would also create a significant risk of confusion by misleading the jury into believing that it must find that the conspiracy was effective in order to find the defendant guilty. This would prejudice the government by creating a burden it does not have.  Even assuming *arguendo* that evidence of reasonableness or justifications is circumstantial proof that there was no price-fixing conspiracy, any *de minimis* probative value is far outweighed by the risks of unfair prejudice, confusing the issues, misleading the jury and wasting time.

Similarly, rebutting defendant's arguments that he lacked specific intent, was ignorant of the law, or that everyone was engaged in similar conduct, would require substantial additional testimony and documentary evidence, which would lengthen the trial without further shedding light on defendant's guilt or innocence.  To combat such irrelevant arguments, the government would need to introduce expert testimony of, for example, industry norms and regulations with respect to information exchanges, and testimony and documents relating to compliance training.  The Government has no desire to waste the Court's or the jury's time with these matters, or to unnecessarily complicate the case placed before them, because none of these purported "defenses" are defenses at all.  Therefore, the Court should exclude all evidence and argument regarding any such justifications or excuses for the conspiracy under Rule 403.

## CONCLUSION

The charged price-fixing conspiracy is a *per se* violation of Section 1 of the Sherman Act. The Supreme Court, the Ninth Circuit, and other federal courts have consistently held that because such conspiracies are categorically proscribed, any justifications or excuses are

irrelevant.  For that reason, the government respectfully requests that under Rule 402 the Court prohibit defendant from introducing evidence, either documentary or testimonial (including expert testimony), questioning any witness, or offering any argument to the jury (including in opening statement or closing statement) regarding (1) economic, procompetitive, or other justifications for, or the lack of effect of, the conspiracy; (2) defendant's lack of specific intent; (3) defendant's ignorance of the law; or (4) the extent to which defendant's conduct was commonplace and business as usual in the packaged-seafood industry.  This proof also should be prohibited under Rule 403, given the confusion of issues, potential to mislead the jury, and waste of time that would inevitably result if such evidence or argument were admitted at trial.

Dated: July 23, 2019                                    Respectfully submitted,


                                                        /s/ *Mikal J. Condon*
                                                        MICAH L. RUBBO
                                                        LESLIE A. WULFF
                                                        MIKAL J. CONDON
                                                        ANDREW SCHUPANITZ
                                                        Trial Attorneys
                                                        U.S. Department of Justice
                                                        Antitrust Division