MICAH L. RUBBO (CSBN 267465)
LESLIE A. WULFF (CSBN 277979)
MIKAL J. CONDON (CSBN 229208)
ANDREW SCHUPANITZ (CSBN 315850)
U.S. Department of Justice, Antitrust Division
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA 94102
Telephone: (415) 934-5300
micah.rubbo@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHRISTOPHER LISCHEWSKI,<br><br>Defendant. | No. 18-cr-00203-EMC<br><br>**UNITED STATES' MOTION *IN LIMINE* # 2 TO PRECLUDE JURY NULLIFICATION ARGUMENTS**<br><br>Date: August 27, 2019<br>Time: 2:30 p.m.<br>Judge: Hon. Edward M. Chen<br>Courtroom: 5, 17th Floor |

## INTRODUCTION

The United States moves this Court for an *in limine* order prohibiting evidence and arguments by defendant aimed at jury nullification. Such arguments are irrelevant and unfairly prejudicial and should be excluded under Federal Rules of Evidence 401, 402, and 403. While such evidence is universally inadmissible, the government specifically moves to preclude defendant from offering evidence or argument about the following issues because they have no bearing on defendant's guilt or innocence:

I.      The punishment allowable by law for a violation of 15 U.S.C. § 1 and the collateral consequences a conviction may have on defendant;

II.     The government's charging decisions in the investigation that gave rise to the indictment; and

III.    The personal characteristics or other unique circumstances of defendant.

The only reason defendant might offer such evidence or arguments is to try to engender sympathy from the jury, thereby impermissibly encouraging jury nullification.  The evidence should therefore be excluded.

## ARGUMENT

There is no right to jury nullification.[1]  *United States v. Kleinman*, 880 F.3d 1020, 1031 (9th Cir. 2018) (holding that "juries do not have a right to nullify, and courts have no corresponding duty to ensure that juries are able to exercise this power, such as by giving jury instructions on the power to nullify." (citation omitted)); *United States v. Funches*, 135 F.3d 1405, 1409 (11th Cir. 1998) ("[T]he potential for [jury] nullification is no basis for admitting otherwise irrelevant evidence.").  Jurors have a duty to follow the law "whether [they] agree with that law or not."  Ninth Circuit Model Criminal Jury Instructions, 3.1 (2010); *accord Merced v. McGrath*, 426 F.3d 1076, 1079 (9th Cir. 2005) ("'[I]t is the duty of juries in criminal cases to take the law from the court, and apply that law to the facts as they find them to be from the evidence.'") (quoting *Sparf v. United States*, 156 U.S. 51, 102 (1895)).  The jury's sole duty in any criminal case is to be the finder of fact as to whether the government has proven the elements of the charged offense—here, one count of violating the Sherman Act, 15 U.S.C. § 1.

In light of this duty to follow the law, the Ninth Circuit proscribes evidence and arguments that encourage jury nullification.  *See, e.g.*, *United States v. Lynch*, 903 F.3d 1061, 1079 (9th Cir. 2018) ("It is clear that 'no juror has a right to engage in nullification,' that such

---

[1]     Black's Law Dictionary defines jury nullification as "a jury's knowing and deliberate rejection of the evidence or refusal to apply the law either because the jury wants to send a message about some social issue that is larger than the case itself or because the result dictated by law is contrary to the jury's sense of justice, morality, or fairness."  *Black's Law Dictionary*, 862 (7th ed. 1999).

nullification is 'a violation of a juror's sworn duty to follow the law as instructed by the court,' and, to that end, 'trial courts have the duty to forestall or prevent such conduct,' including 'by firm instruction or admonition.'" (citing *Merced*, 426 F.3d at 1079-80)); *United States v. Blixt*, 548 F.3d 882, 890 (9th Cir. 2008) ("[T]he district court, exercising considerable restraint in the face of blatant jury nullification arguments, properly instructed the jury to disregard counsel's statements").  As one Ninth Circuit judge explained: "neither a defendant nor his attorney has a right to present to a jury evidence that is *irrelevant* to a *legal* defense to, or an element of, the crime charged.  Verdicts must be based on the law and the evidence, *not* on jury nullification[.]" *Zal v. Steppe*, 968 F.2d 924, 930 (9th Cir. 1992) (Trott, J., concurring) (emphasis in original).  As a result, "trial courts have the duty to forestall or prevent" argument and evidence aimed at jury nullification.  *Merced*, 426 F.3d at 1079-80 (citation and quotation omitted).

The Court should therefore exclude all evidence aimed at encouraging jury nullification, including the categories of evidence discussed below, because such arguments and evidence are irrelevant to the ultimate issue of defendant's guilt or innocence.

## I.    Evidence or Arguments Relating to Defendant's Possible Punishment or Consequences of Conviction Should be Excluded

Defendant should not be permitted to introduce evidence or argument regarding punishment and consequences of conviction.  A jury's sole function in a criminal prosecution is to determine guilt or innocence, not to impose sentence.  *Shannon v. United States,* 512 U.S. 573, 579 (1994); *United States v. Collins*, 109 F.3d 1413, 1421 (9th Cir. 1997) ("sentencing is the province of the judge, not the jury") (quoting *United States v. Sherpa,* 97 F.3d 1239, 1244-45 (9th Cir. 1996)).  For this reason, "juries are not to consider the consequences of their verdicts," and "[i]nformation regarding the consequences of a verdict is therefore irrelevant to the jury's task."  *Shannon*, 512 U.S. at 579.  Because evidence and arguments about the period of incarceration, possible fines, and other collateral consequences of conviction are not probative of guilt or innocence, the Supreme Court has explained that allowing such evidence at trial invites the jury to "ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion."  *Id.*

The Ninth Circuit has reached the same conclusion:

> To inform the jury that the court may impose minimum or maximum sentence . . . or other matters relating to disposition of the defendant, tend to draw the attention of the jury away from their chief function as sole judges of the facts, open the door to compromise verdicts and to confuse the issue or issues to be decided.

*United States v. Frank,* 956 F.2d 872, 879 (9th Cir. 1992) (quoting *Pope v. United States*, 298 F.2d 507, 508 (5th Cir. 1962)). This principle is so important that the Ninth Circuit model jury instructions specifically provide that the jury "may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt." Ninth Circuit Model Criminal Jury Instructions, 7.4 (2010).

Because the jury may not consider punishment, the Court should exclude any evidence or argument regarding defendant's potential period of incarceration, including any evidence of the statutory maximum for this offense, or potential criminal fine if convicted. It is similarly improper for defendant to argue or introduce evidence of the collateral consequences he faces if convicted. This would include, for example, evidence or argument that he or his family would suffer hardships or that his reputation or career would be tarnished in the event of a guilty verdict. This evidence, like evidence of potential punishment, is not relevant to defendant's guilt or innocence. Rather than helping jurors carry out their duties of determining guilt or innocence, such evidence or arguments only threaten to cloud juror thinking and invite nullification. Accordingly, such evidence and arguments should be excluded.

## II.   Evidence or Arguments about the Disposition of Nontestifying Witness Should Be Excluded

Defendant should not be permitted to introduce evidence or argument regarding the government's exercise of its prosecutorial discretion. Any argument by defendant that nontestifying coconspirators have not been charged in this case is an impermissible attempt at jury nullification. Specifically, the government anticipates that defendant may try to raise with the jury: (1) the absence of charges against Tri-Union Seafoods LLC d/b/a Chicken of the Sea ("COSI") and its executives; and (2) the charges, or lack thereof, against certain of defendant's coconspirators. While information relating to immunity, cooperation, or plea agreements with

testifying witnesses is relevant to bias, those agreements may not be the subject of questioning of witnesses who are not covered by those agreements or of argument for any purpose other than demonstration of motivation or bias of a testifying witness. The decision by the government to charge or not charge a person or corporation with a crime is purely within the government's prosecutorial discretion. Such evidence or arguments have no bearing on the issue of defendant's guilt or innocence and must therefore be excluded.

It is well established that issues of prosecutorial discretion have no relevance to the guilt or innocence of the accused. For example, in *United States v. Young*, the defendant appealed the district court's exclusion of evidence that a coconspirator was arrested for drug crimes along with the defendant but was later released and not charged. 20 F.3d 758, 765 (7th Cir. 1994). The Seventh Circuit affirmed the district court's ruling that this evidence was irrelevant:

> [The defendant's] defense at trial was that he did not knowingly participate in the attempted cocaine purchase. Accordingly, the primary issue for the jury was whether the government met its burden of proof as to [the defendant's] knowledge. Whether or not [the coconspirator] was criminally charged does not make the facts relating to [the defendant's] knowledge and participation in the attempted purchase more or less probable.

*Id.*; *see also Walker v. Bonenberger*, 438 F.3d 884, 890 (8th Cir. 2006) (finding that "[e]vidence concerning the prosecutor's subjective evaluation of the case against [another potential defendant] and corresponding exercise of prosecutorial discretion would not be relevant" to the question of whether there was a Fourth Amendment violation); *United States v. Jackson*, 721 F. App'x 631, 633 (9th Cir.), *cert. denied*, 139 S. Ct. 169, (2018) ("Defense counsel's line of questioning . . . attempt[ing] to raise questions as to the charging decisions" was properly excluded).

Similarly, in this case, where the question for the jury is whether defendant knowingly participated in a price-fixing conspiracy, the fact that other subjects of the investigation have not been charged has no tendency to make any fact of consequence more or less likely in the trial of defendant's guilt or innocence. "The fact that not all criminals are prosecuted is no valid defense to the one prosecuted." *United States v. Choate*, 619 F.2d 21, 23 (9th Cir. 1980) (citations omitted). To the contrary, the only purpose of such evidence is to provoke an emotional

1   response from the jury based on perceived inequities in charging decisions, to encourage jury

2   nullification.  Accordingly, such evidence and related arguments should be excluded.

3   **III.    Evidence or Arguments About Defendant's Personal Characteristics Should be
        Excluded**

4

5           Defendant should not be permitted to introduce evidence or argument regarding

6   irrelevant personal characteristics.  Courts routinely exclude as irrelevant and unfairly prejudicial

7   evidence of a defendant's or witness's characteristics or circumstances, where, as here, such

8   evidence serves no other purpose than to attempt to curry sympathy from the jury.  *See, e.g.*,

9   *United States v. Lloyd*, 807 F.3d 1128, 1163 (9th Cir. 2015) (affirming district court's exclusion

10  of testimony about the birth of appellant's daughter because it "was only marginally relevant to

11  show his mens rea" and "carried a high risk of evoking an emotional response"); *United States v.*

12  *Paccione*, 949 F.2d 1183, 1201 (2d Cir. 1991) (affirming exclusion of testimony in RICO and

13  mail fraud prosecution by defendant's character witnesses as to the fact that the defendant had a

14  son with cerebral palsy).

15          For specific instances of conduct to be admissible, defendant's character must be an

16  essential element of a charge or defense.  Fed. R. Evid. 405(b); *United States v. Barry*, 814 F.2d

17  1400, 1403 n.6 (9th Cir. 1987).  For example, a defendant's character is an "essential element"

18  where the government must prove predisposition to refute an entrapment defense.  By contrast,

19  defendant's character is not an essential element of whether he knowingly participated in a price-

20  fixing conspiracy.  Where, as here, character is not an essential element of the charge, evidence

21  of good conduct is inadmissible to negate criminal intent.  *United States v. Camejo*, 929 F.2d

22  610, 613 (11th Cir. 1991) ("Evidence of good conduct is not admissible to negate criminal

23  intent.") (citing *Michelson v. United States*, 335 U.S. 469, 477 (1948)); *see also Herzog v. United*

24  *States*, 226 F.2d 561, 565 (9th Cir. 1955), *adhered to on reh'g*, 235 F.2d 664 (9th Cir. 1956) ("A

25  defendant cannot establish his innocence of crime by showing that he did not commit similar

26  crimes on other occasions."); *United States v. Ellisor*, 522 F.3d 1255, 1270-71 (11th Cir. 2008)

27  (finding that district court properly excluded defendant's evidence of other allegedly legitimate

28  //

1  business activities, noting that "[t]hese specific acts of good character were inadmissible under

2  Rules 404(b) and 405(b) to prove [the defendant's] action in conformity therewith").

3      Defendant should therefore be precluded from introducing evidence or arguments relating

4  to his personal characteristics such as age, health, family circumstances, financial means,

5  philanthropy, community involvement, security clearances, or work he has done with or for the

6  U.S. government.  (*See, e.g.*, Defendant's Motion for Permission to Travel, Dkt. No. 26 at 3:2-7

7  (identifying certain personal characteristics in connection with a petition to travel)).  These issues

8  have no bearing on whether defendant knowingly participated in an agreement to fix prices in

9  violation of Section 1 of the Sherman Act—the only question for the jury to decide.

10 Accordingly, the government asks this Court to issue an order prohibiting defendant from

11 introducing evidence of any type or arguments about his prior good deeds or personal

12 characteristics or circumstances.

## CONCLUSION

14     For the foregoing reasons, the United States' Motion *in Limine* to Preclude Jury

15 Nullification Arguments should be granted.

17 Dated: July 23, 2019                     Respectfully submitted,


19                          /s/ *Micah L. Rubbo*
                           MICAH L. RUBBO
20                          LESLIE A. WULFF
                           MIKAL J. CONDON
21                          ANDREW SCHUPANITZ
                           Trial Attorneys
22                          U.S. Department of Justice
                           Antitrust Division