KEKER, VAN NEST & PETERS LLP
JOHN W. KEKER - # 49092
jkeker@keker.com
ELLIOT R. PETERS - # 158708
epeters@keker.com
ELIZABETH K. MCCLOSKEY - # 268184
emccloskey@keker.com
NICHOLAS S. GOLDBERG - # 273614
ngoldberg@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendant
CHRISTOPHER LISCHEWSKI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | Case No. 3:18-cr-00203-EMC |
|---|---|
| Plaintiff, | **DEFENDANT CHRISTOPHER LISCHEWSKI'S TRIAL BRIEF** |
| v. | Date:       August 27, 2019<br>Time:      10:30 a.m.<br>Dept.      Courtroom 5 – 17th Floor<br>Judge:    Hon. Edward M. Chen |
| CHRISTOPHER LISCHEWSKI, | |
| Defendant. | |
| | Date Filed: May 16, 2018 |
| | Trial Date: November 4, 2019 |

In accordance with the Court's Pretrial Order (ECF No. 95), Defendant Christopher Lischewski, by and through his undersigned counsel, submits the following trial brief.

## I. DESCRIPTION OF THE OFFENSE CHARGED IN THE CASE

On May 16, 2018, the grand jury returned a one-count indictment against Mr. Lischewski, the Chief Executive Officer of Bumble Bee, charging price-fixing in violation of the Sherman Act, 15 U.S.C. § 1.  *See* Indictment (ECF No. 1).  The government alleges that Mr. Lischewski knowingly joined and participated in a single overarching conspiracy, spanning from November 2010 through December 2013, to "suppress and eliminate competition by fixing prices" of "shelf-stable tuna fish that is sold in cans," and that the conspiracy "was an unreasonable restraint of interstate commerce" in violation of the Sherman Act.  *See id.* ¶¶ 1–2, 7–8.  Mr. Lischewski denies the charges because he never joined or participated in any such price-fixing conspiracy.

## II. DESCRIPTION OF RELEVANT FACTS UPON WHICH THE PARTIES STIPULATE

The government and Mr. Lischewski have reached one fact stipulation: "The city of Pleasanton is located in Alameda County in the Northern District of California."

## III. A BRIEF DESCRIPTION OF THE APPLICABLE LAW

Counsel for Mr. Lischewski has filed proposed jury instructions that state the elements of the charged offense, as well as additional instructions the Court should give.  In order to prove the price-fixing charge against Mr. Lischewski under the Sherman Act, the government will be required to establish each of the following elements beyond a reasonable doubt:

1. Beginning in or about November 2010 and continuing until in or about December 2013, two or more persons knowingly formed a conspiracy by illegally agreeing to suppress and eliminate competition by fixing prices of shelf-stable tuna fish sold in cans as alleged in the indictment;

2. The defendant knowingly—that is, voluntarily and intentionally—became a member of the charged conspiracy in the indictment, knowing that the object of the agreement was to suppress and eliminate competition by fixing prices of canned tuna sold in the United States and intending to accomplish that goal;

3. By joining the conspiracy, the defendant intended to unreasonably restrain

1    competition; and

2    4.   The conspiracy concerned goods or services in interstate commerce.

*See* Ninth Circuit Model Jury Instructions for Criminal Cases, No. 8.20; 3 L. Sand, J. Siffert, W. Loughlin & S. Reiss, Modern Federal Jury Instructions § 58-3 (2018 ed.); ABA Section of Antitrust Law, Model Jury Instructions in Criminal Antitrust Cases (2009), Chapter 3, Section C; *United States v. United States Gypsum Co.*, 438 U.S. 422, 443 n.20 (1978) ("In a conspiracy, two different types of intent are generally required-the basic intent to agree, which is necessary to establish the existence of the conspiracy, and the more traditional intent to effectuate the object of the conspiracy."); *United States v. Melchor-Lopez*, 627 F.2d 886, 891 (9th Cir. 1980) ("[I]t is clear that mere association with members of a conspiracy, the existence of an opportunity to join a conspiracy, or simple knowledge, approval of, or acquiescence in the object or purpose of the conspiracy, without an intention and agreement to accomplish a specific illegal objective, is not sufficient to make one a conspirator."); *see also United States v. AU Optronics, et al.*, ECF No. 1251 at 11, No. 3:09-cr-00110-SI (N.D. Cal. October 9, 2013); *United States v. Northcut & Scaglia*, ECF No. 233 at 8, No. 0:07-cr-60220-DTKH (S.D. Fla. Nov. 12, 2008); *United States v. Swanson*, ECF No. 337 at 18, No. 4:06-cr-00692-PJH (N.D. Cal. Mar. 10, 2008).

Mr. Lischewski also has proposed jury instructions related to various legal issues which may be relevant to his defense, including multiple conspiracies and the statute of limitations. However, as in any criminal case, the government bears the burden of proof, and Mr. Lischewski's defense will necessarily depend on the government's approach and evidence in its case-in-chief.  Accordingly, Mr. Lischewski reserves the right to propose additional jury instructions relevant to his defense(s) before or during trial.

**IV.   POINTS OF LAW ON ANY OTHER ISSUES RELEVANT TO THE TRIAL**

Mr. Lischewski has filed thirteen motions *in limine* to exclude categories of evidence that the government may seek to introduce at trial.  *See* ECF Nos. 205–218.  Specifically, Mr. Lischewski has moved *in limine* to:

1.   Exclude any reference to the corporate guilty pleas entered into by Bumble Bee and StarKist;

2. Exclude evidence of Mr. Lischewski's prior invocation of his Fifth Amendment rights;

3. Exclude argument that the Tuna the Wonderfish campaign and a co-packing arrangement between Bumble Bee and Chicken of the Sea are unlawful;

4. Exclude evidence regarding pre-conspiracy communications related to can downsizing and pricing;

5. Exclude evidence of competitor communications regarding packaged seafood products which are not charged in the indictment;

6. Exclude evidence of unrelated civil lawsuits, predating the charged conspiracy, regarding the amount of tuna Bumble Bee and its competitors were placing in their cans;

7. Exclude evidence of alleged post-conspiracy communications with David Roszmann;

8. Exclude evidence of an alleged December 2015 conversation with Scott Cameron;

9. Exclude evidence of an email sent by Renato Curto;

10. Exclude evidence of an anonymous letter;

11. Exclude evidence of Mr. Lischewski's financial circumstances;

12. Exclude evidence of Mr. Lischewski's ownership of fishing boats; and

13. Exclude speculation and improper lay opinion regarding Mr. Lischewski's state of mind, knowledge, and intent.

Additionally, Mr. Lischewski will file oppositions to the four motions *in limine* filed by the government. In addition, Mr. Lischewski identifies the following significant legal issues relevant to the Court's jury instructions, verdict form, and trial:

### A. This case must be evaluated under the rule of reason.

The indictment, the government's allegations and evidence, and due process all require that this case be evaluated under the rule of reason. Accordingly, Mr. Lischewski has proposed jury instructions addressing the rule of reason and a special verdict form to ensure that, if the jury convicts, it is unanimous on a legally permissible theory.

### 1. The government's indictment and proposed evidence require the Court to instruct the jury on the rule of reason.

The Sherman Act prohibits agreements "in restraint of trade," 15 U.S.C. § 1, but the Supreme Court "has long recognized that Congress intended to outlaw only unreasonable restraints." *State Oil Co. v. Kahn*, 522 U.S. 3, 10 (1997); *see also Standard Oil Co. v. United States*, 221 U.S. 1 (1911). Most antitrust claims, therefore, are analyzed under the "rule of reason," which requires the jury to "decide whether the questioned practice imposes an unreasonable restraint on competition, taking into account a variety of factors, including specific information about the relevant business, its condition before and after the restraint was imposed, and the restraint's history, nature, and effect." *State Oil*, 522 U.S. at 10. Sometimes the rule of reason may be satisfied with a "quick look," but only when "an observer with even a rudimentary understanding of economics could conclude that the arrangements in question would have an anticompetitive effect on customers and markets." *Cal. Dental Ass'n v. F.T.C.*, 526 U.S. 756, 770 (1999). The Supreme Court has only recognized *per se* antitrust liability for a dwindling category of restraints that have "manifestly anticompetitive" effects and lack "any redeeming virtue." *Leegin Creative Leather Prods., Inc. v. PSKS, Inc.*, 551 U.S. 877, 886 (2007).

The government has argued that this case should be subject to the *per se* rule and, therefore, it need not prove the unreasonableness or harmful effect of the alleged price-fixing conspiracy. *See* Gov.'s Mot. in Limine No. 1 (ECF No. 220) at 2. But establishing that the alleged restraint of trade was unreasonable and that it suppressed and eliminated competition are necessary elements of the government's alleged Sherman Act violation, as demonstrated by their inclusion in the indictment in this case. The indictment alleges that the supposed price-fixing conspiracy "was an unreasonable restraint of interstate commerce" and that Mr. Lischewski knowingly entered into it "to suppress and eliminate competition." Indictment ¶ 7 (citing the Sherman Act). Having charged Mr. Lischewski with knowingly intending to suppress and eliminate competition and unreasonably restraining trade, the jury must be instructed on those rule of reason elements and the government must prove those allegations beyond a reasonable doubt. *See Cole v. Arkansas*, 333 U.S. 196, 201–02 (1948) (Constitutional error for state court to affirm a conviction for one type of offense based on evidence indicating that the defendant had

committed a different statutory offense with which he had not been charged); *De Jonge v. State of Oregon*, 299 U.S. 353, 362 (1937) ("Conviction upon a charge not made would be sheer denial of due process").

Furthermore, much of the evidence the government intends to introduce at trial cannot be analyzed under the *per se* rule and will require the Court to give rule of reason jury instructions and issue a special verdict form.  For example, the government intends to introduce evidence regarding an alleged agreement, established through a seafood trade association, not to offer products labeled as "FAD-free" (the so-called "fishing-methods agreement").  As Mr. Lischewski previously explained in his motion to dismiss, the government's allegations regarding this alleged fishing-methods agreement must be analyzed under the rule of reason.  *See* Mot. to Dismiss (ECF No. 113).  The government does not dispute that, standing alone, the fishing-methods allegations cannot constitute a *per se* violation of the antitrust laws.  *See Cal. Dental Ass'n*, 526 U.S. at 773 (holding that more than a "quick look," and thus more than *per se* illegality, is required where the defendant arguably sought to protect consumers from "misleading or irrelevant advertising"); *see also* Mot. to Dismiss (ECF No. 113) at 7–12; Reply in supp. of Mot. to Dismiss (ECF No. 142) at 3–5.  Instead, the government has argued that the alleged fishing-methods agreement was simply a "means and method" of carrying out the alleged price-fixing conspiracy, which the government claims is subject to the *per se* rule.  Opp'n to Mot. to Dismiss (ECF No. 121) at 5–7.  The Court accepted the government's argument at the pleading stage.  *See* Order Denying Mot. to Dismiss (ECF No. 177) at 5.

While Mr. Lischewski respectfully disagrees with the Court's order, he is not seeking reconsideration of that order here.  Rather, that order was issued in the context of Mr. Lischewski's challenge on the pleadings, and it was premised on the Court's finding that, "under a fair reading of the indictment," the government had adequately alleged that the fishing-methods agreement "was intended to further the goals of the price-fixing conspiracy."  *Id.* at 4, 7.  At trial, however, the government cannot rest on its allegations in the indictment—it must prove them beyond a reasonable doubt with evidence.  Mr. Lischewski believes that there is no evidence linking the alleged fishing-methods agreement to price-fixing.  To the contrary, the evidence will

show that to the extent this fishing-methods environmental debate had anything to do with price, the side that Mr. Lischewski took—opposing labeling cans of tuna by fishing method—was procompetitive and had the effect of keeping prices lower. *See* Mot. to Dismiss (ECF No. 113) at 2–5; ECF No. 113-2, Ex. A to Mot. to Dismiss. To date, the only thing connecting fishing-methods to the alleged price-fixing conspiracy is the *ipse dixit* of the government. If the government cannot prove that connection at trial, Mr. Lischewski should be acquitted, or at the very least, the entire case should be analyzed under the rule of reason.

The fishing-methods evidence is not the only evidence subject to the rule of reason that the government seeks to introduce at trial. In its haste to expand the case well beyond the four corners of the indictment, the government has noticed broad swaths of purported "other act" evidence, including evidence related to a tuna industry marketing campaign, decisions to change the size of tuna cans, an agreement between Bumble Bee and Chicken of the Sea to share packaging facilities, communications related to uncharged packaged seafood products, and an unrelated lawsuit challenging the amount tuna fish the companies were putting in their cans. As explained in Mr. Lischewski's motions *in limine* # 3–6, this evidence should be excluded entirely or otherwise limited because it is irrelevant, prejudicial, and improper character evidence. *See* ECF Nos. 207–210. However, to the extent the Court allows the government to introduce this evidence at trial, it must be analyzed under the rule of reason because none of it has "manifestly anticompetitive" effects lacking "any redeeming virtue." *Leegin*, 551 U.S. at 886.

### 2. Applying the *per se* rule would violate Mr. Lischewski's Constitutional rights.

Aside from the government's allegations in the indictment and proposed evidence—which independently demand rule-of-reason jury instructions—the rule of reason should apply in this and any criminal case because application of the *per se* rule would violate Mr. Lischewski's Constitutional rights. Over the last half century, the United States Supreme Court has consistently and unequivocally held that a criminal defendant has a Constitutional right to have a jury, not a judge, decide every element of a charged offense, as well as whether every fact needed to support a conviction, has been proven beyond a reasonable doubt. *See, e.g.*, *Carella v. California*, 491 U.S. 263, 265–66 (1989); *United States v. Gaudin*, 515 U.S. 506, 510 (1995);

6

*Apprendi v. New Jersey*, 530 U.S. 466, 477 (2000).

The Supreme Court reaffirmed this principle just six weeks ago in *United States v. Haymond*, holding that "a jury must find beyond a reasonable doubt every fact which the law makes essential to a punishment that a judge might later seek to impose." 588 U.S. __, 139 S. Ct. 2369, 2376 (2019) (quotation marks and alterations omitted).  As the Court explained in *Haymond*, the framers of our Constitution considered the right to trial by jury, along with the right to vote, "the heart and lungs, the mainspring and the center wheel of our liberties, without which the body must die; the watch must run down; the government must become arbitrary." *Id.* at 2375 (internal quotation marks omitted).  The right to have a jury determine every element of a criminal defendant's guilt, acting only on proof beyond a reasonable doubt, "stands as one of the Constitution's most vital protections against arbitrary government." *Id.* at 2373.  It is no surprise then that the Supreme Court "has not hesitated to strike down other innovations that fail to respect the jury's supervisory function." *See id.* at 2377 (collecting cases).

Application of the *per se* rule is precisely the sort of judicial innovation that "fail[s] to respect the jury's supervisory function" in a criminal case.  *Id.*  To convict Mr. Lischewski, the government must prove beyond a reasonable doubt that the alleged price-fixing conspiracy "was an unreasonable restraint of interstate commerce" and "suppress[ed] and eliminate[d] competition," as alleged in the indictment.  Indictment ¶ 7.  Any instruction or evidentiary presumption that removes these elements of the offense from the jury's consideration would violate Mr. Lischewski's rights to due process and to a jury trial, because the Constitution "require[s] criminal convictions to rest upon a jury determination that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." *Gaudin*, 515 U.S. at 510.

Although Mr. Lischewski recognizes that, over forty years ago, the Ninth Circuit rejected a constitutional challenge to the *per se* rule, *see United States v. Manufacturers' Ass'n*, 462 F.2d

49 (9th Cir. 1972), that decision is irreconcilable with more recent Supreme Court precedent.[1]  In any event, *Manufacturers' Association* did not involve the specific allegations in this indictment and evidence described above, which independently require that this case be evaluated under the rule of reason.  Accordingly, Mr. Lischewski requests that the Court issue his requested rule of reason jury instructions and special verdict form, reject any *per se* instructions offered by the government, and further expressly reserves the right to raise this issue on appeal.

### B. The government must prove that there was a single overarching conspiracy, rather than multiple conspiracies.

The government has alleged a single overarching price-fixing conspiracy involving Mr. Lischewski and more than a dozen other alleged coconspirators from Bumble Bee, StarKist, and Chicken of the Sea, spanning from November 2010 through December 2013.  *See* Indictment ¶¶ 7–9; Gov't Notice of Coconspirator Statements at 4–7, 13–19; Order on Admissibility of Co-Conspirator Statements (ECF No. 202).  If the government fails to prove the single overarching conspiracy it has charged, then Mr. Lischewski cannot be found guilty.  *See United States v. Singh*, 924 F.3d 1030, 1054 (9th Cir. 2019) ("If the indictment alleges a single conspiracy, but the evidence at trial establishes only that there were multiple unrelated conspiracies, there is insufficient evidence to support the conviction on the crime charged, and the affected conviction must be reversed.") (quoting *United States v. Fernandez*, 388 F.3d 1199, 1226–27 (9th Cir. 2004)); *see also Kotteakos v. United States*, 328 U.S. 750 (1946).

If the government can prove any conspiracy at all, the evidence will show that they were in fact multiple, separate conspiracies.  *First*, as discussed above, the alleged fishing-methods agreement is not illegal and has nothing to do with the alleged price-fixing conspiracy.  The

---

[1] The Supreme Court has yet to address application of the *per se* rule in a criminal case, in light of its more recent Fifth Amendment and Sixth Amendment jurisprudence.  A panel of the Ninth Circuit found that it was "bound by" *Manufacturers' Association* in an unpublished decision.  *See United States v. Sanchez*, 760 Fed. App'x 533, 535 (9th Cir. 2019) (unpublished).  As one judge on that panel noted at oral argument, however, the conflict between application of the *per se* rule and Supreme Court jurisprudence forbidding conclusive presumptions in criminal cases may need to be resolved by an en banc panel of the Ninth Circuit or the U.S. Supreme Court.  *See* Oral Argument at 17:55–18:45, *United States v. Sanchez*, Case No. 17-10519, available at https://www.ca9.uscourts.gov/media/view_video.php?pk_vid=0000014940; *see also, e.g.*, Robert Connolly, *The End is Near For the Per Se Rule in Criminal Sherman Act Cases* (March 20, 2019), available at https://papers.ssrn.com/sol3/papers.cfm?abstract_id=3356731.

evidence shows that the tuna industry was pushing back against Greenpeace's unsupported demonization of fish aggregating devices, and its actions were openly discussed at trade association meetings attended by legal counsel. *See* Mot. to Dismiss (ECF No. 113) at 1–5; Apr. 12, 2019 Guan Decl., Ex. J.  The government has not offered any evidence establishing that the alleged fishing-methods agreement was linked to pricing, there is no evidence that the success of the alleged price-fixing agreement depended on the fishing-methods agreement or vice versa, and the nature, participants, and objectives of the two alleged agreements were very different. Notably, the only fishing-methods evidence the government has proffered to date was insufficient to support the government's allegation that it was a means of furthering the alleged price-fixing conspiracy.  Indeed, when the government claimed that "Individual 5" was a member of the conspiracy based on his supposed participation in the fishing-methods agreement, *see* June 11, 2019 Hr'g Tr. at 65:17–19, the Court rejected that argument and held that the government's "evidence [did] not prove Individual 5's knowledge and furtherance of a price-fixing conspiracy," Order on Admissibility of Co-Conspirator Statements (ECF No. 202) at 6.

Furthermore, as the Court acknowledged in its ruling on the motion to dismiss, after hearing the evidence at trial, the jury may conclude that the alleged price fixing agreement and the alleged fishing-method agreement were "***separate, unrelated agreements***."  *See* Order Denying Mot. to Dismiss (ECF No. 177) at 4 n.1 (emphasis added).[2]  The Court further noted that the government "will not seek a conviction for [the alleged fishing-methods] conduct" alone, and found that it may be necessary to issue "a jury instruction clarifying any jury confusion regarding" the alleged fishing-methods agreement.  *Id.* at 5.  Mr. Lischewski has proposed, and the Court should issue, jury instructions and a special verdict form to clarify that the fishing-methods agreement cannot be the sole basis for a conviction and may be a separate conspiracy. While Mr. Lischewski's proposed jury instructions and verdict form are necessary, they cannot cure the severe confusion and prejudice associated with allowing the government to pursue its

---

[2] Although the Court denied Mr. Lischewski's motion to dismiss the indictment as duplicitous based on the fishing-methods agreement, it declined to "invade the province of the jury by determining whether the FAD labeling agreements were actually in furtherance of the conspiracy to price-fix or were separate, unrelated agreements." *See* ECF No. 177 at 4 n.1.

fishing-methods theory at trial. Allowing the government to introduce this evidence poses a severe risk that the jury will erroneously convict Mr. Lischewski based on his participation in an entirely lawful trade association decision that is completely unrelated to price-fixing.

*Second*, many of the pricing actions the government challenges were separate, distinct actions that were not part of a single overarching conspiracy. Mr. Lischewski believes that the evidence at trial will show that these pricing actions were implemented by different people, at different times, with different aims. The goals of these pricing actions were often mutually inconsistent. And the government's allegations regarding a purported agreement between Mr. Lischewski and the CEO of Chicken of the Sea do not describe any agreement at all, and are entirely different than the government's other allegations of price-fixing. Thus, the government cannot prove that there was a single overarching conspiracy as alleged in the indictment.

Accordingly, Mr. Lischewski has proposed and the Court should issue jury instructions and a special verdict form addressing multiple conspiracies, specific unanimity, and the fact that the alleged fishing-methods agreement cannot be the sole basis for a conviction. *See United States v. Lapier*, 796 F.3d 1090, 1097–98 (9th Cir. 2015) ("Because the evidence in this case tended to show multiple conspiracies instead of the single charged conspiracy, the failure to give a specific unanimity instruction was plain error"); *United States v. Abushi*, 682 F.2d 1289, 1299 (9th Cir. 1982) ("If from the evidence the jury might reasonably find one common overall plan as well as several separate and independent agreements, the court should instruct the jury on the issue of multiple conspiracies."); *United States v. Eubanks*, 591 F.2d 513, 518 (9th Cir. 1979) (per curiam) ("If it is possible under the evidence for the jury to find that multiple conspiracies existed, then the court should instruct the jury on the issue."); *United States v. Perry*, 550 F.2d 524, 533 (9th Cir. 1977) ("When the possibility of a variance appears between the indictment and the trial proof, the trial court should instruct the jury on multiple conspiracies"). And if the government fails to prove beyond a reasonable doubt the single overarching conspiracy charged in the indictment, the Court should enter a judgment of acquittal. *See Singh*, 924 F.3d at 1054; *Fernandez*, 388 F.3d at 1226–27.

### C. The government's allegations are time-barred.

Finally, Mr. Lischewski has also proposed jury instructions and a special verdict form addressing the statute of limitations, because much of the conduct for which he is being tried is time-barred. *See United States v. Wilbur*, 674 F.3d 1160, 1182 (9th Cir. 2012) (vacating conviction on indictment charging single continuing conspiracy, where the evidence showed two separate conspiracies, the first of which was time-barred).[3] Here, the government brought its indictment against Mr. Lischewski on May 16, 2018, ECF No. 1, and the charged price-fixing conspiracy is subject to a five-year statute of limitations, 18 U.S.C. § 3282(a). Thus, Mr. Lischewski must be acquitted unless the government proves beyond a reasonable doubt that the charged single overarching price-fixing conspiracy existed, Mr. Lischewski knowingly joined and participated in that conspiracy, and one or more members of the conspiracy performed some act in furtherance of the charged conspiracy after May 16, 2013. *See United States v. Brown*, 936 F.2d 1042, 1048 (9th Cir. 1991). The government cannot prove any conspiracy involving Mr. Lischewski within the statute of limitations.

Dated: August 6, 2019

KEKER, VAN NEST & PETERS LLP

By: */s/ Nicholas S. Goldberg*
JOHN W. KEKER
ELLIOT R. PETERS
ELIZABETH K. MCCLOSKEY
NICHOLAS S. GOLDBERG

Attorneys for Defendant
CHRISTOPHER LISCHEWSKI

---

[3] *See also United States v. Curran*, 20 F.3d 560, 572 (3d Cir. 1994) ("The question of whether there was a single or multiple conspiracies is important in this case not only because of a possible variance between the allegations made in the indictment and the proof tendered at trial, but also because of the presence of a possible statute of limitations defense."); *United States v. Siebrich*, 59 F.2d 976, 978 (2d Cir. 1932) (holding that proof of two conspiracies under an indictment alleging a single one amounted to a fatal variance because "the question of the guilt of the defendants for the first conspiracy could not be submitted to the jury when [it] was barred by the statute of limitations"); *Federal Treatment of Multiple Conspiracies*, 57 Colum. L. Rev. 387, 397 (1957) ("[I]t is settled that the 'substantial rights' of a defendant have been affected if he has been tried . . . for a conspiracy barred by the statute of limitations.").