KEKER, VAN NEST & PETERS LLP
JOHN W. KEKER - # 49092
jkeker@keker.com
ELLIOT R. PETERS - # 158708
epeters@keker.com
ELIZABETH K. MCCLOSKEY - # 268184
emccloskey@keker.com
NICHOLAS S. GOLDBERG - # 273614
ngoldberg@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendant
CHRISTOPHER LISCHEWSKI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:18-cr-00203-EMC |
| Plaintiff, | **DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE NO. 2** |
| v. | |
| CHRISTOPHER LISCHEWSKI, | Date:     August 27, 2019<br>Time:     10:30 a.m.<br>Dept.    Courtroom 5 – 17th Floor<br>Judge:   Hon. Edward M. Chen |
| Defendant. | |
| | Date Filed: May 16, 2018 |
| | Trial Date: November 4, 2019 |

The government's Motion *in Limine* No. 2 seeks an order "prohibiting evidence and arguments by defendant aimed at jury nullification." Gov't MIL 2 at 1. If the government is merely seeking assurance that Mr. Lischewski will not argue for jury nullification, he will not. But the government's motion, though amorphous, apparently attempts to go beyond exclusion of express jury-nullification arguments to preemptively exclude relevant evidence. The Court, therefore, should deny the government's motion.

For example, the government argues that "[a]ny argument by defendant that nontestifying coconspirators have not been charged in this case is an impermissible attempt at jury nullification." *Id.* at 4. But that overbroad assertion is belied by the case the government cites for it. In *United States v. Young*, 20 F.3d 758 (7th Cir. 1994), the court held that the district court did not abuse its discretion in excluding evidence that a person (Russell) who was arrested along with the defendant was released and not criminally charged. *Id.* at 765. But the basis for that holding was that the defendant "was free to call Russell as a witness to bolster his defense that he played an unwitting role in the cocaine purchase but he chose not to do so. Given this, [the defendant] can hardly complain that the *in limine* order prejudiced his defense." *Id.*

Here, however, as Mr. Lischewski's counsel has explained and the government does not deny, the government will attempt to introduce into evidence, for example, emails from individuals whom the government will not call as witnesses, who have neither been charged nor received immunity, and who—if called by Mr. Lischewski—will likely assert their Fifth Amendment rights and refuse to testify. *See* June 11, 2019 Tr. at 48:9–54:20. As the Court pointed out, the defense will "have ways of cross-examining" any sponsoring witness, and can "impeach whatever it is that" such a witness may say. *Id.* at 53:4-9. The Court should not preemptively limit the "tools available" for such impeachment, *id.*, by granting the government's overbroad "jury nullification" motion. It is not "jury nullification," for example, to attempt to elicit an admission from the government's sponsoring witness that allegedly incriminating statements in documents sponsored by that witness were made by persons whom the government has not charged with any crime. The Court, therefore, should deny the government's motion.

Furthermore, the government admits that "information relating to immunity, cooperation, or plea agreements with testifying witnesses is relevant to bias." Gov't MIL 2 at 4–5. Likewise, information relating to the punishments such individuals would have faced if they had refused to cooperate or plead is also relevant. Although Mr. Lischewski does not intend to present evidence at trial of the consequences *he* faces if convicted, nothing prevents him from, for example, eliciting testimony that witnesses against him may have been motivated by the consequences the government would have imposed if *they* had refused to toe the government line. As this Court recognized, if "we know that the final [plea] agreement is five years, it might be useful on cross to know that the starting point was ten years." Apr. 17, 2019 Tr. at 37:14-16.

The government also argues that the Court should exclude evidence and argument about Mr. Lischewski's personal characteristics, relying on Federal Rule of Evidence 405(b). *See* Gov't MIL 2 at 6. But that rule "deals only with allowable methods of proving character, not with the admissibility of character evidence, which is covered in Rule 404." Fed. R. Evid. 405, 1972 Advisory Committee Note. Rule 404 provides that a defendant in a criminal trial "may offer evidence of the defendant's pertinent trait." Fed. R. Evid. 404(a)(2)(A). For example, Mr. Lischewski is entitled to offer evidence that he is "a law-abiding individual." *United States v. Diaz*, 961 F.2d 1417, 1419 (9th Cir. 1992); *see also*, *e.g.*, *United States v. Angelini*, 678 F.2d 380, 381–82 (1st Cir. 1982) ("Evidence that [the defendant] was a law-abiding person would tend to make it less likely that he would knowingly break the law. Such evidence has long been recognized as relevant. . . . We hold, therefore, that the trait of law-abidingness was relevant and admissible under Rule 404(a). We cannot say that the exclusion of this evidence was harmless error."); *United States v. Hewitt*, 634 F.2d 277, 280 (5th Cir. 1981) (same). Likewise, evidence of Mr. Lischewski's "reputation for honesty and truthfulness" is "relevant and admissible under Rule 404(a)." *United States v. Tangen*, No. 2:15-CR-0073-SMJ, 2016 WL 3676451, at *2 (E.D. Wash. July 7, 2016) (denying government's motion *in limine* re "jury nullification").

Thus, the Court should deny the government's Motion *in Limine* No. 2.

1  Dated:  August 13, 2019                                   KEKER, VAN NEST & PETERS LLP

                                              By:   */s/ Elliot R. Peters*
                                                    JOHN W. KEKER
                                                    ELLIOT R. PETERS
                                                    ELIZABETH K. MCCLOSKEY
                                                    NICHOLAS S. GOLDBERG

                                                    Attorneys for Defendant
                                                    CHRISTOPHER LISCHEWSKI