KEKER, VAN NEST & PETERS LLP
JOHN W. KEKER - # 49092
jkeker@keker.com
ELLIOT R. PETERS - # 158708
epeters@keker.com
ELIZABETH K. MCCLOSKEY - # 268184
emccloskey@keker.com
NICHOLAS S. GOLDBERG - # 273614
ngoldberg@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:      415 397 7188

Attorneys for Defendant
CHRISTOPHER LISCHEWSKI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER LISCHEWSKI,<br><br>Defendant. | Case No. 3:18-cr-00203-EMC<br><br>**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE NO. 3**<br><br>Date:      August 27, 2019<br>Time:     10:30 a.m.<br>Dept.     Courtroom 5 – 17th Floor<br>Judge:   Hon. Edward M. Chen<br><br>Date Filed: May 16, 2018<br><br>Trial Date: November 4, 2019 |

## I.   INTRODUCTION

In its Motion *in Limine* No. 3, the government contends that witness interview reports prepared by the Federal Bureau of Investigation (FBI Form 302s), interview reports prepared by Department of Justice paralegals, and factual information in paralegal and attorney notes from meetings with counsel (collectively "law enforcement reports") are "not a proper basis for impeachment through cross-examination under Rule 613." Gov't MIL 3 at 2.  The government is wrong.  Indeed, the Ninth Circuit has rejected the government's argument, as have several district courts.  Nevertheless, the government has filed its boilerplate motion—a Hail Mary pass out of the government playbook.  The Court should deny the government's motion.

## II.   ARGUMENT

As the Ninth Circuit held in *United States v. Kohring*, 637 F.3d 895 (9th Cir. 2011), "**FBI 302 reports**" will "**likely be either admissible or capable of being used for impeachment**." *Id.* at 907 (emphasis added); *see also id.* at 909 (inconsistent statements in FBI Form 302s may be "used as impeachment material"); *United States v. Wong*, No. CR 17-0407 WHA, 2018 WL 5776336, at *1–3 (N.D. Cal. Nov. 2, 2018) (holding that "a statement of an absent witness, as memorialized in a FBI Form 302, qualified as admissible under the residual hearsay exception"). Whether and to what extent particular FBI 302s or other law enforcement reports are admissible and/or properly used for impeachment "requires individual assessment of the FBI 302s at trial. Therefore, at this juncture, *a blanket exclusion of all FBI 302s is inappropriate*." *United States v. Quassani*, No. 2:11-CR-409-LRH, 2013 WL 2476799, at *3 (D. Nev. June 7, 2013) (emphasis added) (denying government motion *in limine* essentially identical to this one); *accord, e.g.*, *United States v. Haischer*, No. 2:11-CR-267-MND, 2012 WL 5199148, at *3 (D. Nev. Oct. 18, 2012); *United States v. Santistevan*, No. 11-CR-406-CMA, 2012 WL 2862870, at *2 (D. Colo. July 11, 2012).

In *Haischer*, moreover, the court not only denied the government's motion to exclude FBI 302s, but also held that the government could only renew its motion "after providing for in camera review the particular 302s it seeks to exclude, and persuading the Court that the statements have not been adopted or approved by the witness and are not substantially verbatim

1

recitations of the witness' oral statements drafted contemporaneously with the making of these statements." 2012 WL 5199148 at *3.  Here, the government has not attempted to make such a showing but, instead, argues for the same sort of "blanket exclusion" that courts have repeatedly rejected.  *See id.*; *Quassani*, 2013 WL 2476799, at *3; *Santistevan*, 2012 WL 2862870, at *2.

Furthermore, any assertion by the government that its law enforcement reports were not "drafted contemporaneously with the making of these statements," *Haischer*, 2012 WL 5199148, at *3, would directly contradict the government's representations to this Court.  In successfully opposing Mr. Lischewski's motion to compel, the government represented, and now should be judicially estopped from disputing, that its witness interview reports were "written contemporaneously on a laptop during the interview[s]," and "are the original and contemporaneous notes of those interviews and serve as the government's official—and only— memorialization of the interview." ECF. 129 at 2–3.  Likewise, the FBI 302s are "the government's official record of the interview[s]." ECF. 129-1 at 2 n.1.  Similarly, the notes of meetings with counsel contain "factual information attributable to a witness." *Id.* at 5, 11.

Although the government apparently contends that the interview reports do not contain the witnesses' words "verbatim," Gov't MIL 3 at 2, "it is inappropriate for the Court to allow the government to determine whether a writing is 'substantially verbatim,' or 'contemporaneously recorded,' or 'signed, or otherwise adopted or approved' by the witness, or 'relates to the subject matter as to which the witness has testified,'" *Ogden v. United States*, 303 F.2d 724, 737 (9th Cir. 1962).  The "task of characterizing the report is for the court, not the government." *United States v. Rewald*, 889 F.2d 836, 867 (9th Cir. 1989).  And the question of whether and how to use such information for impeachment "must be left to the defendant." *Ogden*, 303 F.2d at 737; *accord*, *e.g.*, *United States v. Johnson*, 521 F.2d 1318, 1320 (9th Cir. 1975).

In any event, law enforcement notes may be used for impeachment even where "the notes did not record [the witness's] words." *United States v. Triumph Capital Grp., Inc.*, 544 F.3d 149, 162 (2d Cir. 2008).  In *Triumph*, for example, a conviction for racketeering and other charges was reversed because the government improperly withheld the notes an FBI agent (Urso) took of a proffer session with a witness (Silvester).  *See id.* at 161–65.  The defendant (Spadoni) "could

2

have used the proffer notes not merely to support his version of his conversation with Silvester, but also to impeach Silvester's credibility. While the notes did not record Silvester's words, Spadoni could have attributed them to him through cross-examining Silvester, questioning Agent Urso, and if necessary calling Silvester's attorney," and could have argued "that Silvester initially authorized his attorney to tell the truth, which inculpated others and exculpated Spadoni, but that once he began to cooperate with the government he fabricated a new, inculpatory version of his dealings with Spadoni to enhance the value of his cooperation and his expected reward." *Id.* at 162–63. Indeed, the government has **admitted** that it produced proffer notes in this case precisely because "if there's factual information that might – that could be useful in cross-examination, then [the government must] produce that regardless of whether it came from the witness itself or whether it came from the witness's agent, like an attorney." Apr. 17, 2019 Tr. at 28:11-15.

The government has also admitted that its notes of witness interviews are "not something that went through the lens of a litigating attorney. . . . They are the notes that the government has kept of an interview with a witness. That is it." *Id.* at 18:3-22. In other words, the documents at issue here are **not** "the product of the investigator's selections, interpretations, and interpolations," *Palermo v. United States*, 360 U.S. 343, 350 (1959), so the government's reliance on *Palermo* and its progeny is both misplaced and disingenuous. *Palermo* is relevant only in that it confirms that—as the government has admitted—"statements which could properly be called the witness' own words" may be used "for purposes of impeachment." *Id.* at 352. Having produced such information, and having resisted the production of further information on the grounds that what it produced reflects what the witnesses and their agents said "without distortion," *id.*, the government cannot preclude or limit the use of such information "for purposes of impeachment," *id.*; *see also*, *e.g.*, Apr. 17, 2019 Tr. at 2:17–30:6; ECF. 129 & 129-1.[1]

---

[1] The other cases on which the government relies are similarly inapposite. In *United States v. Almonte*, 956 F.2d 27 (2d Cir. 1992), the trial court did not grant a pretrial motion *in limine*, but rather held that, at trial, the defendant failed to establish the relevance of particular notes. In *United States v. Brika*, 416 F.3d 514 (6th Cir. 2005), the court held that the trial court properly admitted a statement made to police for impeachment. *Id.* at 529. In *United States v. Leonardi*, 623 F.2d 756 (2d Cir. 1980), a memorandum was properly excluded—again, not in a pretrial *in limine* order, but at trial—because "it was not inconsistent with the witness' trial testimony," *id.* at 756. In *United States v. Hill*, 526 F.2d 1019 (10th Cir. 1975), "counsel was allowed to question based upon the information in the 302 statement"; failed at first to frame his questions

The government's reliance on the Jencks Act is also misplaced because that Act only addresses the government's obligation "to **produce** certain statements made by a witness who testifies at trial"; it does **not** "propound evidentiary rules." *Santistevan*, 2012 WL 2862870, at *2 (emphasis added); *see also*, *e.g.*, *United States v. Sutherland*, No. 2:10-CR-356, 2011 WL 4381245, at *3 (D. Nev. Sept. 16, 2011) ("Here, the government has already produced the FBI 302s and so it is not clear why the parties are disputing whether or not these documents constitute 'statements' under the Jencks Act."). Relying on the Jencks Act to preemptively limit Mr. Lischewski's use of evidence the government has already produced would be "erroneous, especially given the importance of ensuring that [Mr. Lischewski's] due process rights are safeguarded." *Santistevan*, 2012 WL 2862870, at *2. Impeachment using law enforcement reports "may well prove significant to [Mr. Lischewski] in the context of trial. Precluding the use of important impeachment evidence could stifle [Mr. Lischewski's] due process rights." *Id.*

Accordingly, Mr. Lischewski must "not be precluded from using extrinsic evidence to impeach a witness, provided an appropriate foundation for such evidence is laid pursuant to FRE 613"—in other words, "the statement at issue must be inconsistent with the witness's trial testimony, although it need not be diametrically opposed to be inconsistent, and the witness must be given an opportunity to explain or deny the statement." *Id.* (footnote omitted). If "the witness denies having made the prior inconsistent statement, then extrinsic evidence of the prior inconsistent statement may be offered." *Id.*; *see also*, *e.g.*, *United States v. Hibler*, 463 F.2d 455, 461–62 (9th Cir. 1972) (discussing this well-established procedure).

---

properly; but then "successfully used a prior inconsistent statement derived from a 302 in cross-examining a subsequent witness." *Id.* at 1026. Similarly, in *United States v. Saget*, 991 F.2d 702 (11th Cir. 1993), impeachment of a witness with statements he made to the FBI "was **not** prevented by the district court. Rather, the district court merely disapproved of the method employed by defense counsel and held him to the procedural requirements of establishing the proper foundation," which defense counsel went on to establish. *Id.* at 710–11 (emphasis added). Contrary to the government's mischaracterization, the court in *United States v. Kot*, No. 2:10-CR-280, 2012 WL 1657118 (D. Nev. May 10, 2012), did not "preclude use of interview reports for impeachment," Gov't MIL 3 at 3, but rather indicated the procedure for doing so, *see* 2012 WL 1657118, at *2. In any event, as discussed above, subsequent decisions from the same district have made clear that any "blanket exclusion" would be inappropriate. *Quassani*, 2013 WL 2476799, at *3; *Haischer*, 2012 WL 5199148, at *3.

### III. CONCLUSION

Thus, the Court should deny the government's Motion *in Limine* No. 3.

Dated:  August 13, 2019                                KEKER, VAN NEST & PETERS LLP

                                                By:  */s/ Elliot R. Peters*
                                                     JOHN W. KEKER
                                                     ELLIOT R. PETERS
                                                     ELIZABETH K. MCCLOSKEY
                                                     NICHOLAS S. GOLDBERG

                                                     Attorneys for Defendant
                                                     CHRISTOPHER LISCHEWSKI