KEKER, VAN NEST & PETERS LLP
JOHN W. KEKER - # 49092
jkeker@keker.com
ELLIOT R. PETERS - # 158708
epeters@keker.com
ELIZABETH K. MCCLOSKEY - # 268184
emccloskey@keker.com
NICHOLAS S. GOLDBERG - # 273614
ngoldberg@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendant
CHRISTOPHER LISCHEWSKI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>CHRISTOPHER LISCHEWSKI,<br><br>   Defendant. | Case No. 3:18-cr-00203-EMC<br><br>**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE NO. 4**<br><br>Date:     August 27, 2019<br>Time:    10:30 a.m.<br>Dept.    Courtroom 5 – 17th Floor<br>Judge:   Hon. Edward M. Chen<br><br>Date Filed: May 16, 2018<br><br>Trial Date: November 4, 2019 |

In its Motion *in Limine* No. 4, the government asks this Court to adopt a procedure in which the government would introduce cooperating witnesses' plea or non-prosecution agreements into evidence on direct examination, with the "truthful testimony" provisions redacted, and then reveal those redacted provisions after the witnesses' veracity is challenged. This dance of the seven veils would be prejudicial, and this Court should not allow it.

The government relies primarily on *United States v. Halbert*, 640 F.2d 1000 (9th Cir. 1981), but that case does not support the procedure the government suggests—far from it. In *Halbert*, the Ninth Circuit reversed the defendant's conviction because the jury instructions were insufficient to "exclude from the jury's mind the possibility" that cooperating witnesses' guilty pleas might be evidence of the defendant's guilt. *Id.* at 1006–07. The prosecution was allowed to ask questions about guilty pleas on direct examination, which was not reversible error because "the prosecutor carefully limited his inquiries about the guilty pleas. On direct examination, questioning did no more than elicit the fact that guilty pleas were entered. No editorial comment or unnecessary elaboration occurred." *Id.* at 1005. The purpose and propriety of introducing copies of the written plea agreements into evidence, however, was "less obvious," though ultimately not prejudicial because "the documents were neither read nor emphasized to the jury." *Id.* at 1006. But trial courts must "insure that evidence of the plea is being offered by the prosecutor and used by the jury only for a permissible purpose. What may facially appear as a legitimate introduction of evidence of a plea becomes something else and on the level of prejudicial error when, for example," the plea agreement is used to vouch for the witness, or as substantive evidence of guilt, or is "disproportionately emphasized or repeated." *Id.* at 1005. The danger that the jury may misuse such evidence, moreover, "may be averted only by adequate cautionary instructions that make it clear to lay people that evidence of witness' own guilty plea can be used only to assess credibility." *Id.* at 1006. Such instructions should be given "when the evidence of the plea is admitted, and again in final instructions." *Id.* Because the instructions in *Halbert* failed to prevent "the danger of misuse," the conviction was overturned. *Id.* at 1007.

As the government concedes, moreover, it "may not introduce portions of the agreement that could bolster the credibility of the witness," such as provisions requiring the witness to testify

truthfully, "until the defense has first attacked" the witness's veracity. Gov't MIL 4 at 3. To do so would be to improperly vouch for the witness. *See*, *e.g.*, *Halbert*, 640 F.2d at 1005; *United States v. Wallace*, 848 F.2d 1464, 1474 (9th Cir. 1988). The government proposes that the "truthful testimony" provisions "be redacted unless the witness's veracity is attacked, either in opening or on cross examination," Gov't MIL 4 at 3, but the better procedure, consistent with *Halbert*, would be not to introduce the written plea agreements at all. Instead, if and after the witness's credibility is attacked on cross-examination, the government may simply "elicit the fact that guilty pleas were entered," and that the witnesses agreed to testify truthfully, but without further "editorial comment or unnecessary elaboration." *Halbert*, 640 F.2d at 1005. The purpose of introducing the documents themselves is, again, "less" than "obvious." *Id.* at 1006. And doing so would lead to a charade of redaction and revelation contravening the *Halbert* court's mandate that plea agreements must not be "used improperly to vouch for" the witness, and should neither be "read nor emphasized to the jury." *Id.* at 1005–06.

Furthermore, the Court should order that the government must not emphasize plea or non-prosecution agreements or any "truthfulness" provisions, must not offer any "editorial comment or unnecessary elaboration," and should not read provisions of the agreements to the jury. *See id.* The Court also should "instruct the jury when the evidence of the plea is admitted, and again in final instructions," in "unequivocal language" without "legal abstrusity," that that "the plea may not be considered as evidence of [the] defendant's guilt." *Id.* at 1006–07. And, if the Court allows the government to mention the "truthful testimony" provisions at all, the Court should instruct the jury—during trial and again in final instructions—"that the agreement requiring the witness to testify truthfully did not mean that the testimony was in fact truthful," that the government cannot "vouch for the truth of the testimony and that the jurors [are] the sole and exclusive judges of the credibility of all witnesses." *United States v. Brooklier*, 685 F.2d 1208, 1218–19 (9th Cir. 1982).

Thus, the Court should deny the government's Motion *in Limine* No. 4, and to the extent the Court allows the government to introduce evidence of plea and non-prosecution agreements,

the Court should adopt all of the protections against prejudice and reversible error dictated by *Halbert* and *Brooklier*, as discussed above.

Dated: August 13, 2019                                     KEKER, VAN NEST & PETERS LLP

                                                     By:   */s/ Elliot R. Peters*
                                                           JOHN W. KEKER
                                                           ELLIOT R. PETERS
                                                           ELIZABETH K. MCCLOSKEY
                                                           NICHOLAS S. GOLDBERG

                                                           Attorneys for Defendant
                                                           CHRISTOPHER LISCHEWSKI