KEKER, VAN NEST & PETERS LLP
JOHN W. KEKER - # 49092
jkeker@keker.com
ELLIOT R. PETERS - # 158708
epeters@keker.com
CHRISTOPHER C. KEARNEY - # 154101
ckearney@keker.com
ELIZABETH K. MCCLOSKEY - # 268184
emccloskey@keker.com
NICHOLAS S. GOLDBERG - # 273614
ngoldberg@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendant
CHRISTOPHER LISCHEWSKI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHRISTOPHER LISCHEWSKI,<br><br>　　　　Defendant. | Case No. 3:18-cr-00203-EMC<br><br>**JOINT STATEMENT REGARDING EXHIBITS REQUIRING ADVANCED RULING**<br><br>Date:　　August 27, 2019<br>Time:　　10:30 a.m.<br>Dept.　　Courtroom 5 – 17th Floor<br>Judge:　　Hon. Edward M. Chen<br><br>Date Filed: May 16, 2018<br><br>Trial Date: November 4, 2019 |

In accordance with the Court's Order (ECF 284), the parties hereby submit their identifications of twenty opposing party exhibits for which the identifying party seeks rulings on objections in advance of trial. Attached hereto as Appendix A is the government's identification of twenty defense exhibits. Attached hereto as Appendix B is defendant's identification of twenty government exhibits.

| | |
|---|---|
| Dated: August 23, 2019 | KEKER, VAN NEST & PETERS LLP |
| | By: /s/Elliot R. Peters<br>JOHN W. KEKER<br>ELLIOT R. PETERS<br>CHRISTOPHER C. KEARNEY<br>ELIZABETH K. MCCLOSKEY<br>NICHOLAS S. GOLDBERG |
| | Attorneys for Defendant<br>CHRISTOPHER LISCHEWSKI |
| Dated: August 23, 2019 | U.S DEPARTMENT OF JUSTICE |
| | By: /s/Micah L. Rubbo<br>MICAH L. RUBBO<br>LESLIE A. WULFF<br>MIKAL J. CONDON<br>ANDREW SCHUPANITZ |
| | Attorneys for the UNITED STATES |

**CERTIFICATION OF CONCURRENCE FROM OTHER PARTIES**

I, Jee Young Kim, am the ECF user whose ID and password are being used to file this JOINT STATEMENT REGARDING EXHIBITS REQUIRING ADVANCED RULING. In compliance with N.D. Cal. Civ. L.R. 5-1(i)(3), I hereby attest that each of the signatories has concurred in the filing of this document and has authorized the use of his or her electronic signature.

                                                   */s/Jee Young Kim*
                                                   JEE YOUNG KIM

# APPENDIX A

MICAH L. RUBBO (CSBN 267465)
LESLIE A. WULFF (CSBN 277979)
MIKAL J. CONDON (CSBN 229208)
ANDREW SCHUPANITZ (CSBN 315850)
U.S. Department of Justice, Antitrust Division
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA 94102
Telephone: (415) 934-5300
micah.rubbo@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA | No. 18-cr-00203-EMC |
|---|---|
| v. | **APPENDIX A TO JOINT STATEMENT REGARDING EXHIBITS REQUIRING ADVANCED RULING** |
| CHRISTOPHER LISCHEWSKI, | |
| Defendant. | |

In accordance with the Court's Order, the government hereby submits its twenty defense exhibits, organized by category, and a fifteen-word explanation:

1. Emails written by defendant are inadmissible hearsay; no non-hearsay purpose offered. *See e.g.*, Tr. Exs. 2104, 2141, 2149, 2195, 2241.

2. Emails by noticed coconspirators are hearsay; defendant stated no non-hearsay purpose, and 801(d)(2)(E) unavailable. *See, e.g.*, Tr. Exs. 2077 (Tuza); 2138 (Nestojko); 2142, (Hodge); 2186 (Cameron); 2291 (Hodge); 2185 (Worsham).

3. Emails by defense witnesses are irrelevant, contain inadmissible hearsay, and defendant offers no non-hearsay purpose. *See, e.g.*, 2097 (Burt).

4. Emails by non-witnesses are irrelevant, contain inadmissible hearsay, and defendant offers no non-hearsay purpose.  *See, e.g.*, 2262 (Hale).

5. Pre-2007 documents are irrelevant and inadmissible under Rules 401 and 403.  *See, e.g.*, Tr. Ex. 2003.

6. Exhibits regarding sustainable fishing methods are irrelevant under 401 and 403 and inadmissible hearsay.  *See, e.g.*, Tr. Exs. 2212, 2238, 2324.

7. Transactional data, including sales and purchase data, is inadmissible in a *per se* case.  *See, e.g.*, Tr. Ex. 2345; *see also* Dkt. No. 220.

8. Interview reports are not admissible as extrinsic evidence of prior statements under Rule 613(b). *See, e.g.*, Tr. Ex. 2459; *see also* Dkt. No. 222.

9. Information from attorney proffers is inadmissible for impeachment; letters are not admissible under 613(b).  *See, e.g.*, Tr. Ex. 2440; *see also* Dkt. No. 222.

Dated: August 23, 2019                                         Respectfully submitted,

                                                                          /s/ *Micah L. Rubbo*
                                                                          MICAH L. RUBBO
                                                                          LESLIE A. WULFF
                                                                          MIKAL J. CONDON
                                                                          ANDREW SCHUPANITZ
                                                                          Trial Attorneys
                                                                          U.S. Department of Justice
                                                                          Antitrust Division

# APPENDIX B

**APPENDIX B: DEFENDANT'S IDENTIFICATION OF TWENTY EXHIBITS**

Defendant Christopher Lischewski hereby identifies the following twenty government exhibits for which he seeks rulings on objections in advance of trial. The following key establishes the meaning of letters and shorthand used by Defendant as explanation for the exhibits he has identified:

- **403** = Federal Rule of Evidence 403
- **404(a)** = Federal Rule of Evidence 404(a)
- **A** = Authentication
- **C** = Completeness
- **COSI** = Chicken of the Sea
- **F** = Foundation
- **H** = Hearsay
- **MIL** = Motion in Limine
- **R** = Relevance
- **Representative** = Representative of other exhibits such that the identified exhibit will provide a bellwether as to how the Court is likely to rule on other exhibits

| # | Exhibit No. | Objections | Explanation |
|---|---|---|---|
| 1 | 108 | H, R, 403, 404(a) | Representative of inadmissible evidence of pre-conspiracy competitor communications concerning pricing (Defendant's MIL No. 4) |
| 2 | 114 | H, R, 403, 404(a) | Representative of inadmissible evidence of pre-conspiracy competitor communications concerning pricing (Defendant's MIL No. 4) |
| 3 | 134 | H, R, 403, 404(a) | Representative of evidence outside charged conspiracy period, which is inadmissible as coconspirator statements |
| 4 | 137 | F, H, R, 403, 404(a) | Representative of evidence which is inadmissible without witness who has personal knowledge regarding substance |
| 5 | 176 | F, H, R, 403 | Representative of inadmissible evidence regarding defendant's wealth (Defendant's MIL No. 11) |
| 6 | 261 | H, R, 403, C | Representative of improper, misleading redactions omitting |

| | | | |
|---|---|---|---|
| | | | information favorable to defense, *compare* Exhibit 1 attached hereto |
| 7 | 262 | A, F, H, R, 403 | Inadmissible for reasons described in Defendant's MIL No. 10 |
| 8 | 265 | F, H, R, 403 | Inadmissible for reasons described in Defendant's MIL No. 10 |
| 9 | 266 | F, H, R, 403 | Representative of irrelevant and prejudicial inadmissible evidence regarding alleged fishing methods agreement |
| 10 | 416 | H | Representative of hearsay from declarant who denies participating in conspiracy; inadmissible as coconspirator statements |
| 11 | 437 | H | Representative of business records exception is inapplicable without satisfying *Deepwater Horizon* test |
| 12 | 447 | F, H, R, 403, 404(a), C | Representative of statements to non-coconspirators, which are inadmissible as coconspirator statements |
| 13 | 625 | A, F, H, R | Representative of internal StarKist/COSI communications which are irrelevant to Defendant's alleged participation in conspiracy |
| 14 | 653 | H, R, 403, 404(a) | Representative of evidence of uncharged products, which is inadmissible (Defendant's MIL No. 5) |
| 15 | 673 | H, R, 403, 404(a) | Representative of evidence of Defendant's/Roszmann's post-conspiracy communications, which are inadmissible (Defendant's MIL No. 7) |
| 16 | 706 | F, H, R, 403 | Representative of inadmissible evidence improperly sponsored by corporate entity |
| 17 | 757 | H, 403 | Inadmissible for reasons described in Defendant's MIL No. 9 |
| 18 | 813 | F, H, R, 403 | Representative of inadmissible corporate guilty pleas (Defendant's MIL No. 1) |
| 19 | 815 | F, H, R, 403, Incorrect Date | Representative of inadmissible attachments to corporate pleas (Defendant's MIL 1) |
| 20 | 855 | F, H, R, 403 | Irrelevant and prejudicial, shows nothing about Defendant's participation in conspiracy |

# EXHIBIT 1

| | |
|---|---|
| **From:** | Cameron, Scott |
| **Sent:** | Wednesday, February 01, 2012 2:46 PM |
| **To:** | Schindler, Ron |
| **Subject:** | RE: Monday, February 13 |

Thanks for keeping me in the fold Ron. I was unaware that you were pursing items using this gear. Keep me posted.

Up until this very message, we have fended off numerous requests from retailers (Safeway, Kroger, Wegmans etc) to entertain a pole/line item – even position it as a premium item under their PL. It gives us cover from GP and other agenda laden entities, while it also looks to bolster the customers in the eyes of GP.

I have been denied such development either by procurement or others internally …..but the worm is turning as you can see and indeed – the train is leaving the station. We can either get on and become a passenger and have the course dictated to us, or we can course correct and have the potential to drive the train.

Some defining moments are ahead of us here

SC

---

**From:** Schindler, Ron
**Sent:** Wednesday, February 01, 2012 2:17 PM
**To:** Lischewski, Chris; Melbourne, Dave; Kraft, Mike
**Cc:** Irvin, Jill; Worsham, Kenneth; Chavez, Patty; Cameron, Scott; Buchanan, Lorna
**Subject:** RE: Monday, February 13

The cat is out of the proverbial bag here in Canada but I fully appreciate and concur with your apprehension on the issue….nothing will be executed on this initiative without your being advised.

---

**From:** Lischewski, Chris
**Sent:** Wednesday, February 01, 2012 2:12 PM
**To:** Schindler, Ron; Melbourne, Dave; Kraft, Mike
**Cc:** Irvin, Jill; Worsham, Kenneth; Chavez, Patty; Cameron, Scott; Buchanan, Lorna
**Subject:** RE: Monday, February 13

Pole and Line is a tough restriction to do in volume. However, school fish is easier to do – I just don't know if we want to go down this path

---

**From:** Schindler, Ron
**Sent:** Wednesday, February 01, 2012 11:10 AM
**To:** Lischewski, Chris; Melbourne, Dave; Kraft, Mike
**Cc:** Irvin, Jill; Worsham, Kenneth; Chavez, Patty; Cameron, Scott; Buchanan, Lorna
**Subject:** RE: Monday, February 13

As you know Ocean's here in Canada has launched a Pole & Line skipjack item and is attempting to trademarked Pole & Line ( [Redacted] ) so 'gear type' and 'fishing method' products currently exist in the Canadian marketplace.

1

Confidential Treatment Requested
Grand Jury Material
BBDOJ-000738487

We are investigating the cost and availability of two Pole & Line Yellowfin sku as a defensive measure against Greenpeace's 'Red List' delisting instruction to the Canadian retail trade. Thus far none of the retailers have delisted our current yellowfin skus nor have they demanded that we switch to alternative fishing method to preserve the listings.

The next Greenpeace Canadian retailer ranking (expected in 2013) may change the retailers position on Yellowfin but we are already working towards a solution should that be the case.

---

**From:** Lischewski, Chris
**Sent:** Wednesday, February 01, 2012 1:11 PM
**To:** Melbourne, Dave; Cameron, Scott
**Cc:** Irvin, Jill; Worsham, Kenneth; Chavez, Patty; Schindler, Ron
**Subject:** RE: Monday, February 13

Should we and can we talk to SK and COSI on how we, as an industry, want to deal with customer requests for school only skipjack and other similar requests?

Should we, as a company, pursue these kinds of 'gear type' and 'fishing method' products under our existing brands?

Scott and Dave, I would like to discuss late this afternoon when I am back in the office.

Patty, please set up a call

---

**From:** Tess Wilkins [mailto:TWilkins@costco.com]
**Sent:** Tuesday, January 31, 2012 04:47 PM
**To:** Lischewski, Chris
**Cc:** Susan Jackson <sjackson@iss-foundation.org>; McGowan, Michael; Fox, Bill <Bill.Fox@WWFUS.ORG>; Burt, David; Karp, Teresa
**Subject:** RE: Monday, February 13

Thank you Chris. We are set on this end.

Two more things for the meeting on Feb 13th:
......National Brand Skipjack: we want to begin carrying school-caught only light meat under the packers label. I know we have communicated briefly on this in the past but now it is an initiative with Costco. At this writing, it will most likely replace our current light meat item. Can/will Bumble Bee bid on this item and sell to Costco under the Bumble Bee label?

......Kirkland Signature Albacore: we need to discuss the same fishing method scenario as above for the KS Albacore item. As we have not discussed this yet, we're not prepared to give any direction but would like to explore the opportunity and implications.

Thank you,
Tess

Confidential Treatment Requested
Grand Jury Material
BBDOJ-000738488

**From:** Lischewski, Chris [mailto:Chris.Lischewski@bumblebee.com]
**Sent:** Tuesday, January 31, 2012 2:33 PM
**To:** Tess Wilkins
**Cc:** Susan Jackson; McGowan, Michael; Fox, Bill; Burt, David; Karp, Teresa
**Subject:** Monday, February 13

Tess, can we confirm the meeting for Monday, February 13 from 2:00 – 4:00pm at your offices. Unfortunately I cannot make it up but am going to send Mike McGowan from Bumble Bee. Mike is a VP in our Procurement group and is our resident albacore expert with more than 30 years of experience. He works closely with ISSF and will be joined by Susan Jackson and Joe Clancey of ISSF. They will plan on taking you through the scientific stock assessment of all the albacore stocks, can give you an update on recent ISSF initiatives and are prepared to discuss the Greenpeace survey response if you would find that useful.

I am still waiting to hear from Bill Fox if he or someone from WWF will join the meeting to confirm their support of ISSF initiatives.

Thanks in advance,

Chris

Confidential Treatment Requested
Grand Jury Material
BBDOJ-000738489