UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES

**Date:** August 27, 2019　　**Time:** 10:34 – 12:16;　　**Judge:** EDWARD M. CHEN
　　　　　　　　　　　　　　　　　　1:07 – 3:17;
　　　　　　　　　　　　　　　　　　3:33 – 4:43 =
　　　　　　　　　　　　　　　　　　5 Hours; 2 Minutes

**Case No.**: 18-cr-00203-EMC-1　　**Case Name:** USA v. Christopher Lischewski

**Attorneys for Government:** Micah Rubbo, Leslie Wulff, Mikal Condon, Manish Kumar, Andrew Schupanitz
**Attorneys for Defendant:** Elliot Peters, Andrew Bruns, Christopher Kearney, Katie Lynn Joyce, Elizabeth McCloskey, Jee Young, Nicholas Goldberg
**Defendant:** [X] Present   [ ] Not Present
**Defendant's Custodial Status:** [ ] In Custody  [X] Not in Custody

**Deputy Clerk:** Angella Meuleman　　　　　**Court Reporter:** Ana Dub
**Interpreter:** N/A　　　　　　　　　　　　**Probation Officer:** N/A

### PROCEEDINGS

[205], [206], [207], [208], [209], [210], [211], [212], [213], [214], [215], [216], [217], [220], [221], [222], [223] Motions in Limine – held.

Pretrial Conference – Held.

### SUMMARY

Parties stated appearances and proffered argument on their respective *in limine* motions as well as various pretrial topics.  This minute order serves to memorialize the rulings and stipulations to date and resolve issues taken under submission.  The Court will issue a detailed order at another time.  The Court ruled or rules on the following:

### MOTIONS IN LIMINE

**The Government's Motions in Limine**

No. 1:  Evidence related to a *per se* case.  **GRANTED IN PART and DENIED IN PART**.  No evidence justifying price fixing or *e.g.* lack of overcharge as a result of price fixing agreement will

be admitted. Defendant can introduce evidence providing alternative explanations to show that similar prices or movement in prices were not the result of a price fixing agreement.

No. 2: Jury nullification and character evidence. **GRANTED IN PART and DENIED IN PART**. Defendant may introduce opinion and reputation evidence of Defendant's law-abidingness. It may introduce such evidence of honesty and truthfulness but only if (1) the defendant has testified on his own behalf and his credibility has been attacked; or (2) the truth of out-of-court statements made by the defendant has been attacked. *United States v. Hewitt*, 634 F.2d 277 (5th Cir. 1981).

No. 3: Use of law enforcement reports as impeachment evidence. **GRANT IN PART and DENY IN PART**. Parties conditionally stipulated to not attacking foundation or authenticity of law enforcement reports to avoid the need to subpoena DOJ paralegals to establish such, if the Court ultimately rules that the law enforcement reports (or portions thereof) are otherwise admissible. The Court rules that law enforcement reports such as 302s are not admissible if they do not constitute Jencks Act statements of the witness (*i.e.*, verbatim or substantially verbatim statements or statements expressly adopted by the witness). Such reports may be used for impeachment under FRE 613(a), but does not constitute extrinsic evidence under FRE 613(b). *See United States v. Kot*, 2012 WL 1657118 (D. Nev. May 10, 2012), *aff'd*, 583 F. App'x 716 (9th Cir. 2014) ("Defendant is free to ask a witness whether he or she made a statement that is reflected in an FBI 302. However, if the defense is not satisfied with the witness's answer, Defendant may not publish or introduce the contents of the 302 as a prior inconsistent statement . . . . Moreover, the defense may not use the 302 in a way that suggests to the jury that the 302 is a statement of the witness."); *United States v. Sutherland*, 2011 WL 4381245 (D. Nev. Sept. 16, 2011 (district court granted the government's request (1) to find that the 302s were not statements of the person interviewed under the Jencks Act and (2) to preclude defense counsel from introducing the contents of the 302s to impeach witnesses during cross-examination, publishing the contents of the 302s to the jury, or otherwise suggesting that the 302s are statements of the witness.) See also *United States v. Santistevan*, 2012 WL 2862870 (D. Colo. July 11, 2012 (A district court provided guidance as to how such evidence would come in: "[T]he witness first must be asked whether or not he made the statement. If the witness admits to having made a prior inconsistent statement, then use of impeachment evidence under FRE 613 would be inappropriate. [citations.] If, however, the witness denies having made the prior inconsistent statement, then extrinsic evidence of the prior inconsistent statement may be offered. Generally, such extrinsic evidence is the written statement itself, if given under oath or otherwise adopted by the witness. In this situation, however, because the statements written in the reports were not given under oath and there is no evidence that the witness ever saw such statements, much less adopted them, the extrinsic evidence must, absent extraordinary circumstances, be via the testimony of the person to whom the statement was allegedly made.") This opens the possibility that Defendant may be permitted to call witnesses who heard Defendant's prior inconsistent statement(s) if Defendant denies making such statement(s.) Such extrinsic evidence will in no event be permitted on collateral matters. *United States v. Higa,* 55 F.3d 448, 452 (9th Cir. 1995) ("Where extrinsic evidence is barred, the cross examiner must 'take the answer,' and cannot put on another witness to show that the witness to be contradicted testified falsely . . . . The district court has broad discretion over whether to admit

extrinsic evidence to rebut a witness' direct testimony, particularly on a matter collateral to the case.") To obviate calling such witnesses where otherwise permitted, the Government may stipulate to admission of relevant portions of the law enforcement.

No. 4: Individual plea agreements and nonprosecution agreements. **GRANT IN PART and DENY IN PART**. The Government may refer to such agreements (but not the "truthful testimony" provision) in opening/closing argument and direct for credibility purposes. Upon request, the Court may read a limiting instruction (to which the parties shall stipulate). The plea and non-prosecution agreements themselves will not be admitted. If witness credibility is challenged, the "truthful testimony" provision may be introduced.

### Mr. Lischewski's Motions in Limine

No. 1: Reference to corporate plea agreements. **GRANTED IN PART AND DENIED IN PART**. Government may introduce fact that Nestojko is testifying pursuant to a plea or ammunity agreement, but no mention shall be made of a corporate plea by Bumble Bee. FRE 403.

No. 2: Prior invocation of Fifth Amendment rights. **GRANTED**. Not opposed by Government.

No. 3: Tuna the Wonderfish Campaign and co-packaging agreement. **GRANTED IN PART AND DENIED IN PART**. Government will not assert the campaign and agreement were shams as a cover for the alleged conspiracy. It can refer to these incidentally to show general background and fact that there were prior lines of communication and cooperation between alleged conspiracy participants. Parties ordered to meet and confer regarding a limiting jury instruction if necessary.

No. 4: Pre-conspiracy communications related to can downsizing and pricing. **GRANTED IN PART, DENIED IN PART**. Evidence of packaging agreement and price discussion are admissible for the reasons stated as to MIL #3, but Government may not refer to downsizing; it shall refer to the agreement in terms of packaging generically.

No. 5: Competitor communications regarding unindicted seafood products. **GRANTED IN PART AND DENIED IN PART**. Government may introduce evidence of discussions about pouched tuna and prices, but not sardines and salmon.

No. 6: Civil lawsuits and settlements related to fish-fil conspiracy involving Bumble Bee and its competitors. **GRANTED**. This evidence is excluded.

No. 7: Post-conspiracy communications with David Roszmann. **DENIED**.

No. 8: December 2015 conversation with Scott Cameron. **DENIED**.

No. 9: E-mail sent by Renato Curto. **SUBMITTED**. If proper foundation is laid, email may constitute admissible business record and/or recorded recollection. However, parties permitted to

file supplemental authority (not to exceed three pages) related to limitations of FRE 803(6)(c) (the "DOJ" reference) by close of business on 9/3/2019.

No. 10:  Letter from disgruntled former employee, Charlie Simmons.  **GRANTED**.  This evidence is excluded.

No. 11:  Mr. Lischewski's financial circumstances.  **GRANTED IN PART AND DENIED IN PART**.  Evidence of defendant's compensation (including base compensation and bonus/incentives) and equity in BB potentially affected by the alleged conspiracy is relevant (as it may inform his motive during conspiracy); but evidence regarding general wealth and lifestyle is not.  Parties ordered to meet and confer regarding admissible exhibits that discuss compensation.

No. 12:  Mr. Lischewski's ownership of tuna fishing boats.  **GRANTED**.  Evidence is excluded.

No. 13:  Lay opinion regarding Mr. Lischewski's state of mind.  **DENIED**.  Admissible provided sufficient foundation under FRE 701 is laid.

## **PRETRIAL CONFERENCE**

### **Jury Questionnaire**

Defense counsel requested jurors come in on 10/18/2019 to fill out questionnaires, make copies, and distribute to counsel on both sides.  The Government has no objection.  The Court will consider and inform parties.

Parties also proposed additional questions to include in voir dire.  The parties proffered argument as to disputed questions.  Court allowed #1 after Question 26 with amendments; #2 after Question 28; 2nd, 3rd, 4th, 5th, 7th after Question 22; and #1 after Question 25.  Counsel will refile joint jury questionnaire consistent with the Court's rulings from the bench.

The Court will revisit time screening of jurors at the next hearing.

### **Witness Disclosures**

The Court ordered the defense to provide a witness list containing brief summaries of each witness' anticipated testimony (including description of expert's opinion(s), bases therefor, and qualifications sufficient to permit assessment of potential *Daubert* motion) by close of business on 9/3/2019.

### **Evidence re Fish Aggregate Device ("FAD") Agreement**

The Court expressed skepticism about the Government's anticipated evidence (witness testimony and exhibits) relating to Bumble Bee's agreement with its competitors regarding FAD-free

branded products.  The Court ordered the Government to submit an offer of proof that indicates the FAD agreement was motivated to further the alleged price fixing conspiracy rather than *e.g.*, legitimate policy considerations by close of business on 9/3/2019.

**Scheduling of Witness and Exhibit Objections at Trial**

Witnesses scheduled to testify and exhibits sought to be admitted will be disclosed 48 hours prior to trial day (excluding court holidays); objections to be filed 24 hours prior to trial day; hearing the afternoon of the day prior to trial day.

The Court will hold trial on November 12 and will run full trial days (8:30 a.m. to 3:30 p.m.) if necessary.

**Further Pretrial Conference set 9/4/2019 at 9:00 a.m.**