UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>CHRISTOPHER LISCHEWSKI,<br>Defendant. | Case No. 18-cr-00203-EMC-1<br><br>**ORDER GRANTING MOTION TO QUASH**<br><br>Docket No. 442 |

During the December 16, 2016 call, Kenneth Worsham's counsel, Jordan Ludwig and J. Jeffrey H. Rutherford ("Worsham's Counsel"), spoke with the Government regarding, *inter alia*, the prosecution of Robert Worsham. Pending before this Court is Worsham's Counsel's motion to quash Defendant's subpoenas demanding their appearance and production of documents related to this telephone conversation. For the reasons discussed below, the motion to quash is **GRANTED.**

## I. BACKGROUND

On October 2, 2019, Defendant served Worsham's Counsel with Rule 17 subpoenas demanding their appearance on November 4, 2019 at 8:30 a.m., with the following documents: "Any notes, memoranda, or documents, memorializing or relating to communications with representatives of the United States Department of Justice on or about December 16, 2016, in connection with your representation of Kenneth Worsham." Docket No. 442 ("Mot."), at Ex. A.

On October 18, 2019, Worsham's Counsel and Defendant exchanged e-mails. Mot. at 5. Worsham's Counsel indicated they would not waive attorney-work product protection. *Id*. Defendant "indicated that he would like to discuss with [Worsham's Counsel] their recollection of what the prosecutors said to them on the December 16, 2016 phone call, as opposed to their

mental impressions and work product." *Id*. Worsham's Counsel declined and filed the instant motion. *Id*.

## II. DISCUSSION

Worsham's Counsel moved to quash the subpoenas on the grounds that (1) they seek privileged attorney work product; (2) they seek inadmissible material; and (3) they require document production and testimony that is contrary to the Worsham's Counsel's ethical obligations under the California Rules of Professional Conduct. *Id*. at 6. The Government joins Worsham's Counsel's motion on the same grounds, adding that Defendant already has the requested information in his possession. Docket No. 448 at 5. In opposition, Defendant takes the position that he does not seek Worsham's Counsel's mental impressions about the conversations, or any legal advice provided to Mr. Worsham thereafter. Docket No. 447 ("Opp."), at 3. Instead, he requests "what was communicated during a phone call that clearly included exculpatory information." *Id*. This constitutes fact work product.

Defendant concedes the information he seeks is work product. Opp. at 3. Worsham's Counsel make clear they do not waive the work-product privilege. Mot. at 5; Declaration of Jordan L. Ludwig ("Ludwig Decl."), at ¶ 4. Thus, the Court must determine whether Defendant has made an adequate showing of substantial need for the evidence and an inability to obtain its contents elsewhere without undue hardship. *See Admiral Ins. Co. v. U.S. Dist. Court for Dist. of Arizona*, 881 F.2d 1486, 1494 (9th Cir. 1989) (citing *Upjohn v. United States*, 449 U.S. 383, 401 (1981)).

Worsham's Counsel argue that their "mental impressions, conclusions, and strategic thoughts about how to best represent their client that they thought important enough to write down" during the December 16, 2016 call are not at issue in this case. Mot. at 8–9. But even if only fact work product were at issue, fact work product may be discoverable only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. Fed. R. Civ. P. 26(b)(3).

Defendant has not made a "substantial showing" that he is unable to obtain needed

2

information because he already has the disclosures made by the Government as per the Court's order. He has the Government notes of the December 16 call. Additionally, Defendant possess a sworn declaration from a DOJ attorney that stated the following, under penalty of perjury:

- The declarant participated in the phone call on December 16, 2016;
- Prior to the December 16, 2016 call, the Government and Kenneth Worsham reached a plea agreement in principle;
- During the call, the Government responded to Kenneth Worsham's counsel's questions about the draft plea agreement and the topics of his upcoming interview, which included Robert Worsham;
- The Government indicated on the call that Robert Worsham's status in the investigation was unresolved;
- The Government reminded counsel that Kenneth Worsham, as a cooperator, must be truthful in his cooperation in all areas of the investigation, including his father's role; and
- During the call, there were no explicit or implicit promises made regarding future actions involving Robert Worsham's investigation.

Docket No. 408 (minutes). And Mr. Worsham is subject to cross-examination.

In *United States v. Arias*, 373 F. Supp. 2d 311 (S.D.N.Y. 2005), defendant Arias issued a subpoena to David Smith, an attorney who represented a potential cooperating witness at defendant's upcoming trial, seeking the following: "(1) notes or documents concerning proffers or meetings between the cooperating witness and the government; (2) documents provided to Smith by the government in connection with the prosecution of the cooperating witness; and (3) any documents obtained by Smith in connection with that prosecution." *Id*. at 312. The trial court concluded that "notes taken by a defense lawyer in this situation are work product protected against discovery." *Id*. In concluding, the court recognized that, as a criminal defendant, he had a significant interest to have an account of prior statements made to the government by a witness against him. *Id*. at 313. However, the court found this significant interest met by the government's obligation to produce this material under Rule 16. *Id*. "While of course it is possible that Smith's notes will contain material not contained in government agents' notes, ***the possibility of fuller disclosure is outweighed by the risk of invading defense counsel's thoughts***

3

1  *and strategies* . . . . such notes are not discoverable without a greater showing of need than has
2  been made here." *Id* (emphasis added). To the extent such documents came from the government,
3  and were discoverable by Arias, they were presumed to have been provided by the government
4  under Rule 16. *Id*.

The *Arias* court relied on and adopted the analysis *from United States v. Jacques Dessange, Inc.*, 2000 WL 310345 (S.D.N.Y. Mar. 27, 2000), where the defendants were charged with crimes in connection with an alleged conspiracy to obtain visas—by submitting INS applications containing false statements—to bring foreign nationals into this country. *Id*. at *1. One codefendant, Salberg, pled guilty and was expected to testify at trial for the government. *Id*. Defendant Deutsch brought a motion to compel compliance with document subpoenas seeking attorney notes related to Salberg's plea agreement. *Id*. at *3. The district court denied Deutsch's motion and found that "[w]hile it is understandable that he seeks all possible material that may be of use to impeach this important trial witness, ***this desire alone is an insufficient ground for compelled disclosure of this kind of privileged material***." *Id.* (emphasis added).

Here, the result is the same. Defendant's subpoenas are a result of his desire to impeach Mr. Worsham at trial—but, again, he will have an opportunity to cross-examine him with the benefit of the Government's notes, and the Court will give a jury instruction regarding testimony of witnesses, such as Mr. Worsham, involving special circumstances, *e.g.*, immunity, benefits, accomplice, and plea agreements. *See* Docket No. 454 (Jury Instruction No. 32). Moreover, given that the Government has made its production, including notes of the call in question, after the Court ordered compliance with Rule 16, Defendant's desire for "a more fuller" disclosure is outweighed by the "strong societal interest that the notes be given the greatest protection." *Jacques*, 2000 WL 310345, at *3 (citing *United States v. Nobles*, 422 U.S. 225, 237 (1975)). As with the conclusion in *Arias*, the presumption is the Government complied with its obligations under Rule 16 as well as this Court's order.

The only case in which Defendant relies that ordered the production of attorney notes is *United States v. Reyes*, 239 F..R.D. 591 (N.D. Cal. 2006). Opp. at *passim*. But in *Reyes*, Judge Breyer ordered the production of attorneys' notes in camera, and he did so because he found the

4

attorneys waived their claim to work-product privilege when they previously disclosed their notes to the government.[1] *Id*. at 602 ("Because the law firms waived both the attorney-client privilege and the work-product privilege when they disclosed the substance of their investigative interviews, reports, and conclusions with the government, the Court finds that these privileges pose no obstacle to Reyes' attempt to subpoena them."). As such, *Reyes* is clearly distinguishable because, as stated above, Worsham's Counsel have made no such waiver of their work-product privilege. In addition, Worsham's Counsel represents that "[n]either Mr. Worsham nor the government's attorneys have reviewed [their] notes" from the December 16, 2016 telephone call. *See* Ludwig Decl., at ¶ 5.

Alternatively, Worsham's Counsel argue even if this Court compels their notes and testimony, such evidence would be inadmissible material because they constitute hearsay, and there is no hearsay exception. Mot. at 10. Mr. Worsham was not on the December 16, 2016 telephone call, so any inquiry into whether Worsham's Counsel conveyed the contents of the December 16, 2016 call to Mr. Worsham would implicate the attorney-client privilege. *Id*. As to his response to attorney-client privilege issue, Defendant relies on this Court's prior invocation of *United States v. Miller*, 874 F.2d 1255, 1271 (9th Cir. 1989), where the Court recognized that a client's authorization to his or her attorney to convey a communication to a third party was not intended to be confidential and, accordingly, was not subject to the attorney-client privilege. But here, the direction of the communication is reversed, so *Miller* does not apply. It was the

---

[1] A former employee threatened to sue Brocade, alleging that the company had committed fraud and kept crooked books in connection with certain stock options it had issued. *Reyes*, 239 F.R.D. at 596. Because of this threat, Brocade launched an internal investigation in anticipation of litigation. *Id*. Brocade's audit committee engaged two law firms, Morrison & Foerster ("MoFo") and Wilson Sonsini Goodrich & Rosati ("Wilson"), to examine the company's practices relating to stock-option grants. *Id*. At the direction of Brocade, the attorney-investigators at MoFo and Wilson conferred with each other about their findings and both agreed to meet with officials from the government, *e.g.*, the Securities and Exchange Commission and the Department of Justice. *Id*. The MoFo attorneys provided the government with oral briefings on their interviews and findings. Wilson provided briefings and a multimedia presentation. *Id*. While MoFo and Wilson both signed confidentiality agreements with the government, specifically disavowing any intent to waive applicable privileges, they nonetheless granted the government agencies discretion to reveal the disclosed information to others as their duties required. *Id*. "To the extent that MoFo and [Wilson] disclosed to the government information contained in any of the written material identified in Reyes' subpoenas, the Court holds that the law firms have waived any right to protect it under the attorney-client or work-product privileges." *Id*. at 604.

Government speaking with Worsham's Counsel—because Mr. Worsham did not authorize anything for his attorneys to convey, he did not waive the attorney-client privilege. Conversely, if Worsham's Counsel conveyed the contents of the telephone call to Mr. Worsham, there is no indication that Mr. Worsham waived the attorney-client privilege regarding such conveyance. Defendant cites to *United States v. Freeman*, 519 F.2d 67, 68 (9th Cir. 1975) in an attempt to overcome this. In *Freeman*, the Ninth Circuit held that it was not error for requiring counsel for defendant to testify that counsel notified defendant that he had to appear for a court order. *Id*. The court held that "[t]he evidence sought to be elicited from him was not of a confidential nature and hence was not protected by the attorney-client privilege." *Id*. But by contrast, how Worsham's Counsel chose to provide legal advice to Mr. Worsham after the December 16, 2016 call is clearly confidential under the attorney-client privilege.

All parties agree that work product is at issue. Defendant has not made a substantial showing. The Government already produced notes of the call and Defendant can cross-examine Mr. Worsham. Moreover, the notes are only hearsay, a step removed from Mr. Worsham (these are not notes of Mr. Worsham's statements but notes of what was heard by his lawyers from the Government—which may or may not have been conveyed to him).

### III. CONCLUSION

Accordingly, Worsham's Counsel's motion to quash is **GRANTED**.

This order disposes of Docket No. 442.

Dated: November 1, 2019

_____
EDWARD M. CHEN
United States District Judge