KEKER, VAN NEST & PETERS LLP
ELLIOT R. PETERS - # 158708
epeters@keker.com
CHRISTOPHER C. KEARNEY - # 154101
ckearney@keker.com
ELIZABETH K. MCCLOSKEY - # 268184
emccloskey@keker.com
NICHOLAS S. GOLDBERG - # 273614
ngoldberg@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendant
CHRISTOPHER LISCHEWSKI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:18-cr-00203-EMC |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO ADMIT CHARLES HANDFORD'S INCONSISTENT STATEMENTS PURSUANT TO FEDERAL RULE OF EVIDENCE 806** |
| v. | |
| CHRISTOPHER LISCHEWSKI, | |
| Defendant. | |
| | Dept.   Courtroom 5 – 17th Floor<br>Judge:  Hon. Edward M. Chen |
| | Date Filed: May 16, 2018 |
| | Trial Date: November 4, 2019 |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO
ADMIT CHARLES HANDFORD'S INCONSISTENT STATEMENTS
PURSUANT TO FEDERAL RULE OF EVIDENCE 806
Case No. 3:18-cr-00203-EMC

1355204

## I.   INTRODUCTION

Defendant Christopher Lischewski moves to admit statements by alleged coconspirator Charles Handford (StarKist) to the Federal Bureau of Investigation, which are inconsistent with the coconspirator statements attributed to Mr. Handford by the testimony of government cooperating witness Scott Cameron.[1]  Under the Sixth Amendment, Mr. Lischewski has the right "to be confronted with the witnesses against him."  U.S. Const. amend. VI.  Yet the government's case relies heavily on out-of-court statements by alleged coconspirators, including out-of-court statements attributed to Mr. Handford of StarKist.  The Federal Rules of Evidence mediate the conflict between the Confrontation Clause and the admissibility of coconspirator statements by providing that such statements in particular—and hearsay statements more generally—may be challenged with "any evidence that would be admissible for those purposes if the declarant had testified as a witness . . . regardless of when it occurred or whether the declarant had an opportunity to explain or deny it."  Fed. R. Evid. 806.  Indeed, in overruling the government's objection to emails by noticed coconspirators, this Court held that "[i]f a coconspirator's statement is admitted under FRE 801(d)(2)(E), the coconspirator's credibility may be attacked if he or she made an inconsistent statement under FRE 806."  *See* ECF 310, 9/4/2019 Criminal Minutes at 4.  The Court has it exactly right and the same rule applies to coconspirator statements offered during trial testimony.  Accordingly, as demonstrated below, the Court should admit the inconsistent statements by Mr. Handford identified in Trial Exhibits 2479 and 2481.

---

[1] The specific inconsistent statements Mr. Lischewski seeks to admit are highlighted in separately lodged versions of Trial Exhibits 2479 and 2481.  Pursuant to the Court's instructions, counsel for Mr. Lischewski will also concurrently lodge as **Exhibit A** a chart juxtaposing the Handford coconspirator statements introduced through Mr. Cameron's trial testimony with Mr. Handford's statements to the FBI.  *See* Tr. at 782:21-25.  As the Court's Order makes clear, because this impeachment depended on Mr. Cameron's trial testimony, this issue could not have been raised before Mr. Cameron testified.  Furthermore, because the government has contended that Law Enforcement Reports are confidential and not suitable for public filing, counsel for Mr. Lischewski will separately lodge those materials with the Court.

1
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO
ADMIT CHARLES HANDFORD'S INCONSISTENT STATEMENTS
PURSUANT TO FEDERAL RULE OF EVIDENCE 806
Case No. 3:18-cr-00203-EMC

1355204

## II.     ARGUMENT

### A. Under Rule 806, the credibility of Handford's coconspirator statements may be attacked with prior or subsequent inconsistent statements, as well as any other impeaching evidence that would be admissible as if Handford testified.

Federal Rule of Evidence 806 provides:

> When a hearsay statement—or a statement described in Rule 801(d)(2)(C), (D), or (E) [*i.e.*, a statement of an alleged coconspirator]—has been admitted in evidence, the declarant's credibility may be attacked, and then supported, by ***any evidence that would be admissible for those purposes if the declarant had testified as a witness***. The court may admit evidence of the declarant's inconsistent statement or conduct, ***regardless of when it occurred or whether the declarant had an opportunity to explain or deny it***. If the party against whom the statement was admitted calls the declarant as a witness, the party may examine the declarant on the statement as if on cross-examination.

Fed. R. Evid. 806 (emphases added). As the Advisory Committee explained, the "declarant of a hearsay statement which is admitted in evidence is in effect a witness. His credibility should in fairness be subject to impeachment and support as though he had in fact testified." *Id.* advisory committee's notes to 1972 proposed rules. That specifically includes impeachment under "Rules 608 and 609," *id.*—*i.e.*, based on the witness's untrustworthy character or criminal conviction—and impeachment with inconsistent statements, regardless of when such statements were made.

Indeed, it is *essential* to Rule 806 that inconsistent statements may be introduced *regardless* of whether they are prior or subsequent to the hearsay statement that triggers the rule. The "principal difference" between using the statement of an alleged co-conspirator, or other hearsay, and presenting the testimony of an actual witness, is that "the inconsistent statement will in the case of the witness almost inevitably of necessity in the nature of things be a ***prior*** statement, which it is entirely possible and feasible to call to his attention, while in the case of hearsay the inconsistent statement may well be a ***subsequent*** one." *Id.* (emphases in original). That is why Rule 806, in contrast to Rule 613(b), specifically states that the hearsay declarant's credibility may be attacked, not only by a prior inconsistent statement the declarant is given an opportunity to explain or deny, *cf.* Fed. R. Evid. 613(b), but by ***any*** inconsistent statement or conduct "regardless of when it occurred or whether the declarant had an opportunity to explain or deny it." Fed. R. Evid. 806. "Thus, if the government introduces hearsay statements of an absent

2
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO
ADMIT CHARLES HANDFORD'S INCONSISTENT STATEMENTS
PURSUANT TO FEDERAL RULE OF EVIDENCE 806
Case No. 3:18-cr-00203-EMC

1355204

co-conspirator against the defendant, the defendant can rely on Rule 806 to introduce inconsistent statements of that co-conspirator, regardless of the time they arose, and even if the co-conspirator was never given an opportunity to explain the inconsistency." 30B Fed. Prac. & Proc. Evid. § 7053 (2018 ed.) (citing, *e.g.*, *United States v. Wali*, 860 F.2d 588, 591 (3d Cir. 1988)).

Just as a witness's credibility may be attacked on cross-examination of that witness, the credibility of a coconspirator or other hearsay statement may be attacked—and the evidentiary basis for that attack admitted into evidence—on cross-examination of the government witness who sponsors or relates the statement at issue. *See* Fed. R. Evid. 806; John G. Douglass, *Beyond Admissibility: Real Confrontation, Virtual Cross-Examination, and the Right to Confront Hearsay*, 67 Geo. Wash. L. Rev. 191, 253 (1999) ("In many cases, defense counsel can present the impeaching evidence to the jury through and during the testimony of the government witness who relates the hearsay. Handled in that manner, virtual cross-examination appears much like the cross-examination of the declarant might look and sound if the declarant testified in court.") (footnote omitted); Fred Warren Bennett, *How to Administer the "Big Hurt" in A Criminal Case: The Life and Times of Federal Rule of Evidence 806*, 44 Cath. U. L. Rev. 1135, 1156–61 (1995) (describing how this works in practice); *see also*, *e.g.*, *Johnson v. Bay Area Rapid Transit Dist.*, No. C-09-0901 EMC, 2014 WL 2514542, at *3 (N.D. Cal. June 4, 2014) (permitting impeachment of deposition testimony under Rule 806).

### B. Handford's statements to the FBI are inconsistent with the Handford coconspirator statements introduced by Cameron.

"[S]tatements need not be diametrically opposed to constitute permissible impeachment under Rule 806 or otherwise." 30B Fed. Prac. & Proc. Evid. § 7053 (2018 ed.). Statements are inconsistent "whenever a reasonable man could infer on comparing the whole effect of the two statements that they had been produced by inconsistent beliefs." *United States v. Morgan*, 555 F.2d 238, 242 (9th Cir. 1977) (citation omitted). The test under Rule 806 is "whether the out-of-court statements would have been admissible for impeachment purposes had the co-conspirator statements been delivered from the witness stand by the co-conspirator himself, not as hearsay about what he said during the conspiracy but as contemporaneous in-court statements." *United*

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO ADMIT CHARLES HANDFORD'S INCONSISTENT STATEMENTS PURSUANT TO FEDERAL RULE OF EVIDENCE 806
Case No. 3:18-cr-00203-EMC

1355204

*States v. Grant*, 256 F.3d 1146, 1154 (11th Cir. 2001).  In *Grant*, the court rejected the "government's conception of inconsistency" as "too narrow."  *Id.* at 1153.  There, the government attempted to evade Rule 806 by *narrowly* avoiding inconsistency, but that effort failed because of the *overarching* inconsistency between statements introduced in an effort to prove a conspiracy, and statements that "were inconsistent with the existence of any conspiracy at all."  *Id.* at 1155.

Here, as demonstrated by the chart attached in Exhibit A, the Handford coconspirator statements introduced through Mr. Cameron's trial testimony are inconsistent with Mr. Handford's statements to the FBI.  Therefore, the identified statements that Mr. Handford made to the FBI are admissible under Rule 806.

### C. The FBI Form 302s are admissible pursuant to the parties' stipulation regarding admissibility of Law Enforcement Reports.

Finally, the FBI 302s (Trial Exhibits 2479 and 2481) memorializing Mr. Handford's inconsistent statements are admissible pursuant to the parties' Amended Stipulation Regarding Admissibility of Law Enforcement Reports.  *See* ECF No. 399.  Although the government has tried to re-litigate the stipulated admissibility of Law Enforcement Reports *ad nauseum*—including, most recently, during Mr. Cameron's cross-examination—the parties' stipulation is clear:  The government has agreed that "government witness interview reports, *FBI Form 302s*, and notes from attorney proffers, produced by the government to the Defendant in this case (collectively, 'Law Enforcement Reports') are authentic, and *the government will not attack the foundation or authenticity of Law Enforcement Reports if the Court rules that the Law Enforcement Reports (or potions thereof) are otherwise admissible*."  *Id.* at 1 (emphases added).  Here, the identified portions of Trial Exhibits 2479 and 2481 are admissible pursuant to Rule 806, as discussed above.  Therefore, under the parties' stipulation, "[t]o obviate the need to subpoena and call as witnesses the authors of" Trial Exhibits 2479 and 2481, "the relevant portion(s) of the Law Enforcement Reports may be admitted into evidence without calling the author of the report[s]."  *Id.*

4
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO
ADMIT CHARLES HANDFORD'S INCONSISTENT STATEMENTS
PURSUANT TO FEDERAL RULE OF EVIDENCE 806
Case No. 3:18-cr-00203-EMC

1355204

### III. CONCLUSION

Accordingly, the Court should admit the inconsistent statements of alleged coconspirator Charles Handford identified in Trial Exhibits 2479 and 2481.

Dated: November 5, 2019                             KEKER, VAN NEST & PETERS LLP

                                By:    */s/ Elliot R. Peters*
                                       ELLIOT R. PETERS
                                       CHRISTOPHER C. KEARNEY
                                       ELIZABETH K. MCCLOSKEY
                                       NICHOLAS S. GOLDBERG

                                       Attorneys for Defendant
                                       CHRISTOPHER LISCHEWSKI

5
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO
ADMIT CHARLES HANDFORD'S INCONSISTENT STATEMENTS
PURSUANT TO FEDERAL RULE OF EVIDENCE 806
Case No. 3:18-cr-00203-EMC

1355204