KEKER, VAN NEST & PETERS LLP
ELLIOT R. PETERS - # 158708
epeters@keker.com
CHRISTOPHER C. KEARNEY - # 154101
ckearney@keker.com
ELIZABETH K. MCCLOSKEY - # 268184
emccloskey@keker.com
NICHOLAS S. GOLDBERG - # 273614
ngoldberg@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:      415 397 7188

Attorneys for Defendant
CHRISTOPHER LISCHEWSKI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER LISCHEWSKI,<br><br>Defendant | Case No. 3:18-cr-00203-EMC<br><br>**DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS SUFFICIENT TO SHOW THE DATES AND ATTENDEES OF THE GOVERNMENT'S RECENT MEETINGS WITH SCOTT CAMERON**<br><br>Dept.      Courtroom 5 – 17th Floor<br>Judge:     Hon. Edward M. Chen<br><br>Date Filed: May 16, 2018<br><br>Trial Date: November 4, 2019 |

## I.     INTRODUCTION

Defendant Christopher Lischewski respectfully moves for an order compelling the government to produce headers of government memoranda of meetings with Scott Cameron within the past sixty (60) days, or other documents sufficient to show the date and attendees of each such meeting with Mr. Cameron or his attorneys. The requested information would impeach the character and testimony of Mr. Cameron and, therefore, must be disclosed under *Giglio v. United States*, 405 U.S. 150 (1972).

## II.     ARGUMENT

During his trial testimony, government cooperator Scott Cameron acknowledged that within the two weeks preceding his testimony he met with the government "four or five" times and, during those meetings, there was a government paralegal present with a laptop "possibly" taking notes. *See* Trial Tr. at 681:12-16, 932:15-933:5. However, Mr. Cameron could not recall who was present at these meetings, when they occurred, or what specifically was discussed because the last couple of weeks were a "blur" and "[a]ll of this seems to kind of run together for" him. *Id.* at 682:19-22, 684:4-7.

Following Mr. Cameron's testimony, counsel for Mr. Lischewski promptly wrote the government a letter requesting, among other things, production of documents sufficient to show the date and attendees of each recent meeting between Mr. Cameron and/or his attorneys and the government. The government could easily make such a production in the form of a list or the headers of the notes from its recent meetings with Mr. Cameron like what has already been received in evidence for Mr. Cameron's prior meetings with the government. *See* Trial Tr. at 678:9-679:7. The government refused to provide the requested information.

The dates of Mr. Cameron's recent meetings with the government are subject to disclosure under *Giglio* for two reasons. First, Mr. Cameron's inability to recall any specific dates of meetings he had with the government in the immediately preceding two weeks was not credible. Impeaching that alleged failure of recollection with specific evidence is a legitimate attack on Mr. Cameron's credibility. *See United States v. Kohring*, 637 F.3d 895, 906 (9th Cir. 2011) ("[I]nformation [that] illustrates [witness's] difficulty with remembering key facts" is

1

"exculpatory and has impeachment value."). Second, the number of recent meetings Mr. Cameron had with the government and their temporal proximity to trial will further impeach Mr. Cameron's inability to remember anything about them. This evidence most certainly is "material information casting a shadow on a government witness's credibility." *United States v. Bernal-Obeso*, 989 F.2d 331, 334 (9th Cir. 1993).[1]

### III.   CONCLUSION

For the foregoing reasons, Mr. Lischewski respectfully requests that the Court order the government to produce headers of government memoranda of meetings with Scott Cameron within the past sixty (60) days, or other documents sufficient to show the date and attendees of each such meeting with Mr. Cameron or his attorneys.

Dated: November 11, 2019

KEKER, VAN NEST & PETERS LLP

By:  */s/ Elliot R. Peters*
ELLIOT R. PETERS
CHRISTOPHER C. KEARNEY
ELIZABETH K. MCCLOSKEY
NICHOLAS S. GOLDBERG

Attorneys for Defendant
CHRISTOPHER LISCHEWSKI

---

[1] By this motion, Mr. Lischewski is not seeking disclosure of the substance of the interview reports. However, to the extent the government learned any new exculpatory or impeachment information in any of its recent meetings with Mr. Cameron (or any other government cooperating witness), the government is required to immediately produce such information under *Brady/Giglio* and this Court's *Brady* cutoff order. *See* ECF No. 309 at 6 (setting a *Brady* cutoff date of September 16, 2019); *see also* Justice Manual § 9-5.002(B)(8)(b) ("[P]rosecutors should be particularly attuned to new or inconsistent information disclosed by the witness during a pre-trial witness preparation session" and any "exculpatory or impeachment information should be disclosed" to the defense).