UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER LISCHEWSKI,<br><br>Defendant. | Case No. 18-cr-00203-EMC-1<br><br>**ORDER GRANTING IN PART AND DENYING IN PART THE GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE IMPROPER CROSS EXAMINATION AND THE COURT'S RESPONSE TO THE JURY NOTE**<br><br>Docket No. 547 |

A.      <u>The Government's Motion in Limine to Preclude Improper Cross-Examination</u>

The Government moved *in limine* to preclude Defendant's anticipated line of questioning on cross-examination regarding Kenneth Worsham's father, Robert Worsham, relating to a December 16, 2016 telephone call. Docket No. 547 ("Mot."). Specifically, the Government argued Defendant cannot (1) solicit privileged communications between Kenneth Worsham and his attorneys; (2) impeach Kenneth Worsham with the Government's notes from the December 16, 2016 phone call; and (3) question Kenneth Worsham with the DOJ-attorney declaration. *Id*. at 1.

Defendant took the position that he (1) will not invade the attorney-client privilege; (2) can impeach Worsham with the Government's notes, and (3) can use the DOJ-attorney declaration in the same way as attorney-proffer notes. Docket No. 549 ("Opp.").

Facts conveyed to the client by an attorney do not acquire the cloak of privilege. *Upjohn Co. v. United States*, 449 U.S. 383, 395–96 (1981); *Murdoch v. Castro*, 609 F.3d 983, 995 (9th Cir. 2010). Facts conveyed by an attorney which informs the client's state of mind is not likely privileged even though the information was obtained through privileged communication. The

Court need not reach this issue because at the hearing, the parties agreed that Defendant can inquire about Kenneth Worsham's understanding about the notes and, thus, the facts surrounding its contents, and that the notes, to the extent they memorialized facts as to what was stated on the call, may be used as impeachment. The issue for the Government was a matter of timing. The Government requested that the Court preclude Defendant from attempting to impeach Kenneth Worsham with the at-issue notes until his case-in-chief, which is how the evidence would have come in but for the parties' stipulation regarding the authenticity of the notes/reports. Defendant expressed his preference for the opportunity to impeach Kenneth Worsham while he is currently on the stand, but also accepted the Court's inclination to permit it only in his case-in-chief. *Id*. at 1725:10–18. The Court agrees with the Government.

Accordingly, the Government's motion in limine to exclude cross-examination of Kenneth Worsham is **DENIED**. Defendant may question Kenneth Worsham about his knowledge of the factual circumstances surrounding the December 16, 2016 telephone call. During his case-in-chief, Defendant may seek to impeach Kenneth Worsham with the notes the Government represented it contemporaneously wrote during the call.

Defendant may not, however, seek to introduce or admit the DOJ-attorney declaration, as the declaration does not have any impeachment value in addition to the Government's contemporaneously-written notes and would implicate trial counsel as a witness. The Government's motion to exclude Defendant from introducing and admitting the DOJ-attorney declaration is **GRANTED**.

B.     November 15, 2019 Juror Note to the Court

On Friday, November 15, 2019, the Court received a note from the jury inquiring about the following: "Are witnesses forbidden from communicating with each other since the investigation started? If yes, how is non-communication enforced?" The Court solicited feedback from the parties regarding an appropriate response. Defendant requested the Court to respond in the negative; the Government asked the Court to refrain from responding.

The Court will refrain from answering the jury's question directly and will, instead, permit the parties to elicit information from the witness(es) on this topic.

This order disposes of Docket No. 547.

**IT IS SO ORDERED.**

Dated: November 19, 2019

_____
EDWARD M. CHEN
United States District Judge