1   MANISH KUMAR (CSBN 269493)
2   LESLIE A. WULFF (CSBN 277979)
    MIKAL J. CONDON (CSBN 229208)
3   ANDREW SCHUPANITZ (CSBN 315850)
    U.S. Department of Justice, Antitrust Division
4   450 Golden Gate Avenue
    Box 36046, Room 10-0101
5   San Francisco, CA 94102
    Telephone: (415) 934-5300
6   andrew.schupanitz@usdoj.gov
7
    Attorneys for the United States
8

9

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                   SAN FRANCISCO DIVISION

13

| UNITED STATES OF AMERICA | No. 18-cr-00203-EMC |
|---|---|
| v. | **UNITED STATES' OBJECTIONS TO DEFENDANT'S 11/22/19 TRIAL EXHIBITS** |
| CHRISTOPHER LISCHEWSKI, | |
| Defendant. | Date: November 22, 2019<br>Time: 7:45 a.m.<br>Judge: Hon. Edward M. Chen<br>Courtroom: 5, 17th Floor |

1       The government submits the following objections to the exhibits disclosed by defendant

2  on November 20, 2019.[1]

3                   **WAYNE KAY**

4       Defendant identified Wayne Kay who will testify as a character witness.  Defendant did

5  not disclose any exhibits he intends to introduce through Mr. Kay.  The government does not

6  object to Mr. Kay's testimony, but notes that Mr. Kay's testimony is limited to "opinion and

7  reputation evidence of Defendant's law-abidingness."  (Dkt. No. 291 at 2.)  As the Court

8  previously ruled, Mr. Kay may not offer opinion and reputation evidence concerning defendant's

9  "honesty and truthfulness [unless] (1) the defendant has testified on his own behalf and his

10  credibility has been attacked; or (2) the truth of out-of-court statements made by the defendant

11  has been attacked.  (*Id.* (citing *United States v. Hewitt*, 634 F.2d 277 (5th Cir. 1981)).)

12  Defendant has not testified.  Nor has the truth of his out-of-court statements been attacked.  To

13  the extent that Mr. Kay is called before defendant takes the stand, Mr. Kay ***may not*** opine on

14  defendant's reputation for truthfulness.

15       Additionally, when Mr. Kay testifies about defendant's reputation for law-abidingness,

16  he may not testify about specific instances of conduct of defendant.  For specific instances of

17  conduct to be admissible, defendant's character must be an essential element of a charge or

18  defense.  Fed. R. Evid. 405(b); *United States v. Barry*, 814 F.2d 1400, 1403 n.6 (9th Cir. 1987).

19  That is not the case here.  Mr. Kay is also prohibited from testifying about the personal

20  characteristics of defendant.  *See, e.g.*, *United States v. Lloyd*, 807 F.3d 1128, 1163 (9th Cir.

21  2015) (affirming district court's exclusion of testimony about the birth of appellant's daughter

22  because it "was only marginally relevant to show his mens rea" and "carried a high risk of

23  evoking an emotional response").

24  *//*

25

26  [1]     Contrary to the Court's Order that the parties disclose witnesses and exhibits 48 court

27  hours in advance, defendant did not disclose his witnesses and exhibits for trial on November 22 until 3:10 p.m. on November 20, after repeated prompting by the government.  The government objects to all of defendant's exhibits and witnesses as belatedly disclosed and requests that the

28  Court remind defendant of his obligation to disclose witnesses and exhibits 48 court hours in advance.

**CHRISTOPHER LISCHEWSKI**

Defendant indicates he intends to introduce 12 documents through his own testimony.

**Exhibits 125, 2093, 2205, 2230, 2655, 2665A, and 2765:**  The government does not specifically object to these documents, but notes that defendant must lay an appropriate business records foundation.  Further, in order to provide relevant testimony about the contents of these documents, defendant must first establish that he received the documents.

**Exhibits 2104, 2141, 2185, 2192, and 2643:**  These exhibits are emails that were sent or received by defendant.  Consistent with the Court's prior rulings, these exhibits may be admitted to show defendant's state of mind, but may not be used to establish the truth of the matter asserted in the emails.

On a number of instances thus far defendant has used exhibits admitted for state of mind to argue the truth of the statements therein.  For example, during cross-examination of Mr. Cameron, the Court admitted Exhibit 151, which contains a statement from Dan Nestojko that "[w]e are finding both StarKist and Chicken of the Sea bidding our pricing down at nearly every albacore account in the country to wrestle share and volume," for state of mind.  Defense counsel then asked Mr. Cameron, "Was StarKist bidding Bumble Bee's pricing down at nearly every albacore account in the country?"  (Trial Tr. at 822:19-20.)  Not long after that, the Court admitted Exhibit 199—also for state of mind.  Exhibit 199 is an email in which Mr. Cameron says, in relevant part, that "NONE of our competitors seem to have any grasp of the reality of costs.  They seem hell-bent to inflict as much damage on our brand as possible."  Defense counsel then repeatedly argued the truth of the statements contained in the email: "Wasn't it a little more than that that you were saying?  That none of your competitors have any grasp of the reality of costs?  Weren't you saying that fish prices are at record levels and they're competing by dropping their prices?"  (Trial Tr. at 852:12-15.)

The Court should not permit defendant to turn "state of mind" into an incantation to avoid the hearsay rule.  The government will be particularly mindful of defendant's attempts to do so here and requests that the Court be similarly attuned to this issue.

//

**Exhibit 2703:**  Exhibit 2703 is a summary chart prepared by Professor Levinsohn.  The government objected to its introduction through Professor Levinsohn because it includes operating income and operating income as a percentage of net sales, which are even less probative of the existence of the conspiracy than margin evidence.  (*See* Dkt. No. 418 ("There are a multitude of factors that can affect margins, including costs outside the control of alleged conspirators.").)  The Court has not yet ruled on the government's objection.

### ADDITIONAL DOCUMENTS

**Handford 302 Excerpts:**  Defendant noticed his intent to introduce the excerpts from Charles Handford's 302s previously ruled admissible by the Court.  (Dkt. No. 527.)  Defendant indicated, however, that his decision to admit Handford's statements depends on the Court's ruling on the government's motion to admit additional statements of Handford.  (Dkt. No. 527.)  The government's motion is fully briefed.

**Exhibit 2758:**  Exhibit 2758 is the paralegal notes from the December 16, 2016 call between government attorneys and counsel for Mr. Worsham.  Exhibit 2758 does not impeach Mr. Worsham's testimony and is inadmissible.  According to those notes, the government informed Mr. Worsham's counsel that his cooperation would be focused in other directions. The government has submitted a sworn declaration that no promises, implicit or explicit, were conveyed or intended regarding Mr. Worsham's father.

Exhibit 2758 does not contradict Mr. Worsham's testimony.  Exhibit 2578 concerns a conversation to which Mr. Worsham was not a party.  During lengthy cross-examination by defense counsel regarding his father, Mr. Worsham repeatedly testified that he was "not aware of that conversation" and never understood any promises to have been made regarding his father's status in the government's investigation.  The pertinent excerpt of Mr. Worsham's cross-examination is attached hereto as Exhibit A.  Neither the government nor the defendant can speak to what Mr. Worsham's counsel conveyed to Mr. Worsham about that conversation.  Only Mr. Worsham can, and he has.  As such, Exhibit 2758 has no impeachment value as to Mr. Worsham.

*//*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CONCLUSION**

For the foregoing reasons, the Court should limit the testimony of Wayne Kay, consistent with its prior rulings, and require defendant to establish the necessary foundation before introducing or testifying about the exhibits referenced above.  The Court should exclude Exhibit 2758.


Dated: November 21, 2019                                      Respectfully submitted,


                                                             /s/ *Andrew Schupanitz*
                                                             MANISH KUMAR
                                                             LESLIE A. WULFF
                                                             MIKAL J. CONDON
                                                             ANDREW SCHUPANITZ
                                                             Trial Attorneys
                                                             U.S. Department of Justice
                                                             Antitrust Division