KEKER, VAN NEST & PETERS LLP
ELLIOT R. PETERS - # 158708
epeters@keker.com
CHRISTOPHER C. KEARNEY - # 154101
ckearney@keker.com
ELIZABETH K. MCCLOSKEY - # 268184
emccloskey@keker.com
NICHOLAS S. GOLDBERG - # 273614
ngoldberg@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendant
CHRISTOPHER LISCHEWSKI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHRISTOPHER LISCHEWSKI,<br><br>　　　　Defendant. | Case No. 3:18-cr-00203-EMC<br><br>**DEFENDANT CHRISTOPHER LISCHEWSKI'S MOTION TO PRECLUDE THE GOVERNMENT FROM MISREPRESENTING EVIDENCE IN CLOSING**<br><br>Date:　　December 2, 2019<br>Time:　　8:00 a.m.<br>Dept.　　Courtroom 5 – 17th Floor<br>Judge:　　Hon. Edward M. Chen<br><br>Date Filed: May 16, 2018<br><br>Trial Date: November 4, 2019 |

## I. INTRODUCTION

Defendant Christopher Lischewski respectfully files this motion to preclude the government from misrepresenting the evidence—as it did during its opening statement—during closing arguments. Although the government has stretched the facts about numerous issues over the course of this trial, this brief is narrowly focused on two particularly egregious misrepresentations that would prejudicially mislead the jury, even more than has already occurred, if repeated. First, the government should be precluded from repeating its argument that Mr. Lischewski told StarKist he would fire someone. There is no evidence that Mr. Lischewski ever made any statement about firing someone, let alone that he made any such statement to StarKist. Second, the government should be precluded from repeating its argument that Mr. Lischewski made a "peace proposal" to StarKist. The only evidence of a "peace proposal" is an internal Bumble Bee email that Mr. Lischewski sent to his own employee Doug Hines.

The prosecutor's misrepresentations pertain to a material issue in this case: Mr. Lischewski's personal involvement in the alleged conspiracy. There is scant evidence of Mr. Lischewski's participation beyond his alleged understanding with Shue Wing Chan, which is dubious for reasons previously explained. *See* ECF 603 (Def.'s Trial Mem. Regarding Alleged Agreement Between Lischewski and Chan). The government's conduct throughout this trial has indicated that it will attempt to mend its failure of proof by misrepresenting evidence, and the Court should put an end to the government's misconduct.

## II. ARGUMENT

"It is a fundamental principle of the American criminal justice system that 'deliberate deception of a court and jurors by the presentation of known false evidence is incompatible with [the] rudimentary demands of justice.'" *Phillips v. Ornoski*, 673 F.3d 1168, 1181 (9th Cir. 2012) (quoting *Giglio v. United States*, 405 U.S. 150, 153 (1972)). It is also a "well-established principle that the prosecutor has a special obligation to avoid improper suggestions, insinuations, and especially assertions of personal knowledge." *United States v. Roberts*, 618 F.2d 530, 533 (9th Cir. 1980) (internal quotation marks omitted). In instances where these principles are not upheld, courts have reversed convictions based on prosecutors' improper arguments. *See id.* at

1

DEFENDANT CHRISTOPHER LISCHEWSKI'S MOTION TO PRECLUDE THE GOVERNMENT FROM MISREPRESENTING EVIDENCE IN CLOSING
Case No. 3:18-cr-00203-EMC

1358141

534-35 (reversing conviction where the prosecutor, during closing argument, improperly referred to evidence not in the record); *United States v. Kojayan*, 8 F.3d 1315, 1323-24 (9th Cir. 1993) (vacating conviction where the prosecutor knowingly made false statements during closing argument); *United States v. Reyes*, 577 F.3d 1069, 1078-79 (9th Cir. 2009) reversing conviction where the "prosecution argued to the jury material facts that the prosecution knew were false, or at the very least had strong reason to doubt"). As the Ninth Circuit has explained, "[e]vidence matters; closing argument matters; statements from the prosecutor matter a great deal." *Kojayan*, 8 F.3d at 1323.

### A. The Court should preclude the government from arguing that Mr. Lischewski threatened to fire anyone.

The government structured the beginning of its opening statement—the first words the jury heard about this case—around an alleged comment by Mr. Lischewski. As evidence of the alleged price-fixing agreement, the prosecutor explained that Mr. Lischewski had said to a StarKist executive that "someone is going to be fired," after Mr. Lischewski had been informed that Bumble Bee had won a bid at Kroger. The prosecutor then argued that Mr. Lischewski had made that statement because he "had a secret agreement with StarKist to raise prices" and Bumble Bee winning the Kroger bid was "not part of their plan." The government made Mr. Lischewski's alleged comment a centerpiece of its case, as shown in the following excerpt from the prosecutor's opening remarks:

> In May 2011, the defendant's company Bumble Bee won an important sales contract, a contract worth over a million dollars in canned tuna, canned tuna that would be sold to Kroger, a large grocery chain, where it would then be stacked on store shelves, buyers could buy those cans and take them home.
>
> The defendant, Christopher Lischewski, was the CEO of Bumble Bee. He was in charge of the whole company, but what was the defendant's reaction to winning important business, this $1.5 million contract? "Someone is going to be fired." Think about that for a moment. "Someone is going to be fired."
>
> The defendant talked about firing someone at his own company, his own employee who won an important contract. And that's not all. Who did he say it to? He said it to his biggest competitor, StarKist.

> Now, why did the defendant react this way and why did he say it to StarKist, his competitor, the company that Bumble Bee was supposed to be competing against to win the contract? Because the defendant had a secret agreement with StarKist to raise prices. He was part of a price-fixing conspiracy designed to increase the price of canned tuna sold at grocery store shelves all across this country, and Bumble Bee winning this contract was not part of their plan.
>
> Now, let me be clear. No one actually got fired but during the course of this trial, you will learn how those six simple words speak volumes. See, talking about firing people was something that the members of the conspiracy said to each other, said when they had to admit fault. It was an admission that you hadn't followed the rules and that you had to make it right. It was language they used in messages to reassure each other that the conspiracy was still in place. You will see with your own eyes the paper trail that these messages left behind.

ECF 498, Nov. 4, 2019 Trial Tr. at 323:22-325:4. The prosecutor returned to Mr. Lischewski's alleged statement later in her opening remarks, to yet again argue that Mr. Lischewski used language and behaved similarly to other coconspirators:

> And the defendant also responded to jabs. You heard about one response already when the defendant told StarKist "Someone is going to be fired."
>
> You will see documents showing that the defendant used these same words, talking about firing people, that his co-conspirators did. The same words will show up in other jabs, jabs between Mr. Worsham and his contact at StarKist.

*Id.* at 335:4-10.

Despite the government's clear emphasis on Mr. Lischewski's alleged statement, the government failed to produce ***any*** evidence during trial to support its argument. In fact, there is no evidence that Mr. Lischewski ever said "[s]omeone is going to be fired" to anyone, let alone to StarKist. To the contrary, the ***only*** evidence about Mr. Lischewski's alleged statement is Mr. Lischewski's denial that it ever occurred. *See* Nov. 25, 2019 Trial Tr. at 2961:5-12.

The government admitted one document, Exhibit 450, an internal StarKist email (from Joe Tuza to Steve Hodge), stating, "According to C.L. If BB went back to Kruger [sic] someone 'is going to be fired.'" But Exhibit 450 was admitted for the limited purpose of Steve Hodge's state of mind, and not for the truth of the matter asserted. ECF 588, Nov. 13, 2019 Trial Tr. 1386:17-1387:2; *see also* ECF 519, Order re Evidentiary Rulings for Nov. 12, 2019 Trial Date, at 3 ("E-

mail is **admissible to show state of mind of parties to the e-mail**. As Defendant was not a party and reference to his statement is double hearsay, it is **not admissible as to Defendant's state of mind and not admissible to prove he made that statement**.") (emphasis in original).

Because there is no evidence to support the government's argument that Mr. Lischewski said "someone is going to be fired," the Court should preclude the government from arguing that Mr. Lischewski threatened to fire anyone as part of the alleged conspiracy. *See* American Bar Ass'n, Standards for Criminal Justice, at Standard 3-6.8 (during closing argument "[t]he prosecutor should not knowingly misstate the evidence in the record, or argue inferences that the prosecutor knows have no good-faith support in the record."). Permitting the government to make arguments that are unsupported in the record would perpetuate a lie, which is "definitely improper" in the Ninth Circuit. *See Kojayan*, 8 F.3d at 1321 ("When a lawyer asserts that something not in the record is true, he is, in effect, testifying. He is telling the jury: 'Look, I know a lot more about this case than you, so believe me when I tell you X is a fact.' This is definitely improper.").

**B.  The Court should preclude the government from arguing that Mr. Lischewski made a "peace proposal" to StarKist.**

During her opening remarks, the prosecutor also knowingly misrepresented evidence. The prosecutor falsely stated that "[t]he evidence will show that the defendant started the conspiracy with a peace proposal to StarKist, his main competitor." ECF 498, Nov. 4, 2019 Trial Tr. at 331:1-3. But there is no evidence that Mr. Lischewski ever made a "peace proposal" to StarKist. The only "peace proposal" in this case is an internal email that Mr. Lischewski sent to his fellow Bumble Bee employee, Doug Hines, in advance of the charged conspiracy period. *See* Trial Ex. 131.

The government knows full well that Mr. Lischewski's email to Mr. Hines was ***never*** forwarded to StarKist. Instead, Mr. Hines forwarded Mr. Lischewski's email to W.H. Lee, a fish trader. In any event, prior to the government's opening statement, the Court had excluded Mr. Hines's forwarding of the email. In its October 1, 2019 Order, the Court ruled that although Mr. Lischewski's email is "admissible because it is a statement by Defendant," the subsequent

4

DEFENDANT CHRISTOPHER LISCHEWSKI'S MOTION TO PRECLUDE THE GOVERNMENT FROM MISREPRESENTING EVIDENCE IN CLOSING
Case No. 3:18-cr-00203-EMC

1358141

communication between Mr. Hines and Mr. Lee "is *inadmissible* hearsay because it is Hines's communication with an intermediary, and *there is no evidence it was done with a directive or intent that Lee communicate it to a competitor. In fact, Lee says it wasn't*." ECF 348, Oct. 1, 2019 Crim. Mins., at 6-7 (emphasis added).

Accordingly, at the time of her opening statement, the prosecutor had no good-faith basis to argue that Mr. Lischewski made a "peace proposal" to anyone other than his own employee. *See* American Bar Ass'n, Standards for Criminal Justice, at Standard 15-3.4(2) ("In the opening statement, counsel should not allude to evidence to be presented unless, in good faith, there is a reasonable basis for believing that such evidence will be tendered and admitted in evidence."); American Bar Ass'n, Model Rules of Prof'l Conduct, at Rule 3.4(e) ("A lawyer shall not . . . in trial, allude to any matter that . . . will not be supported by admissible evidence").

Further exacerbating the prejudice of the prosecutor's misrepresentation during opening argument, the government subsequently cross-examined Mr. Lischewski with improper leading questions that indicated Mr. Hines had forwarded the email during the charged conspiracy, as follows:

> Q. Sir, are you aware that Doug Hines forwarded this e-mail?
> A. At the time that this was written, I had no idea.
> Q. Are you aware that Doug Hines forwarded this e-mail during the 2010 through 2013 time period?
> [A.] No.

Nov. 26, 2019 Trial Tr. at 3013:9-14 (objection omitted). In light of the prosecutor's earlier argument that Mr. Lischewski made a "peace proposal" to StarKist, the government's cross-examination incorrectly suggested to the jury that Mr. Lischewski had used Mr. Hines as a conduit to StarKist during the charged conspiracy period. The government knows that is untrue.[1]

---

[1] As for other excluded evidence for which the government improperly elicited testimony, the Court has already ruled that the government is prohibited from referencing the anonymous letter in any way, including testimony about that letter, during its closing arguments. Nov. 26, 2019 Trial Tr. at 2980:3-8 ("So I agree with the defense request that there be no further mention or inquiry on examination of Mr. Lischewski and that this letter, this piece of evidence, should not be referred to in closing. That's the best curative approach that I think is available.").

The government has repeatedly misled the jury about Mr. Lischewski's alleged "peace proposal," and the government should be precluded from making further misrepresentations about this exhibit during closing argument. Any argument regarding the "peace proposal" should be limited to the facts in this case, which establish that the "peace proposal" was an internal email. The government should not be permitted to mislead the jury a third time, which would further violate Mr. Lischewski's right to a fair trial. *See Reyes*, 577 F.3d at 1078 ("Deliberate false statements by those privileged to represent the United States harm the trial process and the integrity of our prosecutorial system."); *Roberts*, 618 F.2d at 535; *Kojayan*, 8 F.3d at 1323-24.

## III.   CONCLUSION

For the foregoing reasons, the Court should enter an order granting Mr. Lischewski's requested relief.

Dated:  December 1, 2019                    KEKER, VAN NEST & PETERS LLP


By:  */s/ Elliot R. Peters*
ELLIOT R. PETERS
CHRISTOPHER C. KEARNEY
ELIZABETH K. MCCLOSKEY
NICHOLAS S. GOLDBERG

Attorneys for Defendant
CHRISTOPHER LISCHEWSKI

6
DEFENDANT CHRISTOPHER LISCHEWSKI'S MOTION TO PRECLUDE THE GOVERNMENT FROM MISREPRESENTING EVIDENCE IN CLOSING
Case No. 3:18-cr-00203-EMC

1358141