UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER LISCHEWSKI,<br><br>Defendant. | Case No. 18-cr-00203-EMC-1<br><br>**FINAL JURY INSTRUCTIONS** |

**FINAL JURY INSTRUCTIONS**

United States District Court
Northern District of California

# JURY INSTRUCTION NO. 1

## DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, opinions, prejudices, sympathy, or bias, including unconscious biases, influence you. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions. You should also not be influenced by any person's race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community. Do not be afraid to examine any assumptions you or other jurors have made which are not based on the evidence presented at trial. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 2**

**CHARGE AGAINST DEFENDANT NOT EVIDENCE—PRESUMPTION OF**

**INNOCENCE—BURDEN OF PROOF**

The indictment is not evidence. The defendant has pleaded not guilty to the charge. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence to prove innocence. The defendant does not have to prove innocence; the government has the burden of proving every element of the charge beyond a reasonable doubt.

1

2

3

4

**JURY INSTRUCTION NO. 3**

**DEFENDANT'S DECISION TO TESTIFY**

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

# JURY INSTRUCTION NO. 4

## REASONABLE DOUBT—DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

**JURY INSTRUCTION NO. 5**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits received in evidence; and

(3) any facts to which the parties have agreed.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 6**

**WHAT IS NOT EVIDENCE**

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 7**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

# JURY INSTRUCTION NO. 8

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves. Your evaluation of witness testimony should not be influenced by any prejudice or bias, including unconscious bias.

## JURY INSTRUCTION NO. 9

## ACTIVITIES NOT CHARGED

You are here only to determine whether the defendant is guilty or not guilty of the charge in the indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

**JURY INSTRUCTION NO. 10**

WITHDRAWN

**JURY INSTRUCTION NO. 11**

**TESTIMONY OF WITNESS INVOLVING SPECIAL**

**CIRCUMSTANCES—IMMUNITY, BENEFITS, ACCOMPLICE, PLEA**

You have heard testimony from Walter Scott Cameron, Kenneth Worsham, and Stephen Hodge, witnesses who entered into plea agreements and pleaded guilty to a crime arising out of the same events for which the defendant is on trial. Their guilty pleas are not evidence against the defendant, and you may consider them only in determining Mr. Cameron, Mr. Worsham, and Mr. Hodge's believability.

You have also heard testimony from Shue Wing Chan, a witness who along with Chicken of the Sea International, Inc. received immunity from prosecution. That testimony was given in exchange for a promise by the government that the witness will not be prosecuted, and that testimony will not be used in any case against the witness. The immunity agreement is not evidence against the defendant, and you may consider it only in determining Mr. Chan's believability.

For these reasons, in evaluating the testimony of Walter Scott Cameron, Kenneth Worsham, and Stephen Hodge, and Shue Wing Chan, you should consider the extent to which or whether their testimony may have been influenced by the terms of their plea agreements, guilty pleas and/or immunity agreement. In addition, you should examine the testimony of Walter Scott Cameron, Kenneth Worsham, and Stephen Hodge, and Shue Wing Chan with greater caution than that of other witnesses.

**JURY INSTRUCTION NO. 12**

**OPINION EVIDENCE, EXPERT WITNESS**

You have heard testimony from Professor James Levinsohn who testified to opinions and the reasons for their opinions.  This opinion testimony is allowed because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**JURY INSTRUCTION NO. 13**

**CHARTS AND SUMMARIES NOT IN EVIDENCE**

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case. Unless admitted by the Court as an exhibit, these charts and summaries were not admitted into evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**JURY INSTRUCTION NO. 14**

**CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries have been admitted in evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

# JURY INSTRUCTION NO. 15

## ELEMENTS OF THE OFFENSE

The indictment charges that the defendant and other conspirators were members of a conspiracy to fix prices of shelf-stable canned tuna fish sold in the United States that began in or about November 2010 and continued until in or about December 2013.

In order to establish the offense of conspiracy to fix prices as charged in the indictment, the government must prove each of these elements beyond a reasonable doubt:

*One*, that the charged price-fixing conspiracy existed at or about the time alleged;

*Two*, that the defendant knowingly—that is, voluntarily and intentionally—became a member of the conspiracy charged in the indictment, knowing of its goal and intending to help accomplish it; and,

*Three*, that the conspiracy occurred within the flow of, or substantially affected, interstate commerce.

If you find from your consideration of all the evidence that each of these elements has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all of the evidence that any of these elements has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

## JURY INSTRUCTION NO. 16

## ON OR ABOUT—DEFINED

The indictment charges that the offense alleged began "in or about" November 2010 and continued until "in or about" December 2013.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 17**

**PER SE VIOLATION OF THE ANTITRUST LAWS**

Section 1 of the Sherman Act makes unlawful certain agreements that, because of their harmful effect on competition and lack of any redeeming virtue, are unreasonable restraints of trade. Conspiracies to fix prices are deemed to be unreasonable restraints of trade and therefore illegal, without consideration of the precise harm they have caused or any business justification for their use.

Therefore, if you find that the government has met its burden with respect to each of the elements of the charged offense, you need not be concerned with whether the agreement was reasonable or unreasonable, the justifications for the agreement, or the harm, if any, done by it. It is not a defense that the parties may have acted with good motives, or may have thought that what they were doing was legal, or that the conspiracy may have had some good results. If there was, in fact, a conspiracy to fix the prices for canned tuna as alleged, it was illegal.

**JURY INSTRUCTION NO. 18**

**FIRST ELEMENT—CONSPIRACY**

The type of relationship condemned by the Sherman Act is a conspiracy. A conspiracy is often described as a "partnership in crime," in which each person found to be a member of the conspiracy is liable for all reasonably foreseeable acts of the other members during the existence of and in furtherance of the conspiracy. To create such a relationship, two or more persons must enter into an agreement or mutual understanding that they will act together for some unlawful purpose or to achieve a lawful purpose by unlawful means. It is the agreement to act together that constitutes the crime. Whether the agreement is actually carried out or whether it succeeds or fails does not matter.

In order to establish the existence of a conspiracy, the evidence need not show that the members of the conspiracy entered into any express, formal, or written agreement; that they met together; or that they directly stated what their object or purpose was, or the details of it, or the means by which the object was to be accomplished. The agreement itself may have been entirely unspoken. What the evidence must show in order to prove that a conspiracy existed is that the alleged members of the conspiracy in some way came to an agreement or mutual understanding to accomplish a common purpose.

Direct proof of a conspiracy may not be available. A conspiracy may, however, be disclosed by the circumstances or by the acts of the members. Therefore, you may infer the existence of a conspiracy from what you find the parties actually did, as well as from the words they used. Mere similarity of conduct among various persons, however, or the fact that they may have associated with one another and may have met or assembled together and discussed common aims and interests, does not necessarily establish the existence of a conspiracy. If actions were taken independently by them, solely as a matter of individual business judgment, without any agreement or mutual understanding among them, then there would be no conspiracy.

A conspiracy may vary in its membership from time to time. It may be formed without all parties coming to an agreement at the same time, knowing all the details of the agreement, or knowing who all the other members are. It is not essential that all members acted exactly alike or

United States District Court
Northern District of California

agreed to play any particular part in carrying out the agreement. The unlawful agreement may be shown if the proof establishes that the parties knowingly worked together to accomplish a common purpose.

In determining whether a conspiracy has been proved, you must view the evidence as a whole and not piecemeal. You should consider the actions and statements of all the alleged conspirators. The conspiracy may be inferred from all the circumstances and the actions and statements of the participants. Acts that are by themselves wholly innocent acts may be part of the sum of the acts that make up a conspiracy to fix prices in violation of the Sherman Act.

A conspiracy ends only when its purpose and objective have been accomplished or all the parties to the conspiracy abandon or terminate it.

A single conspiracy may involve several subagreements or subgroups of conspirators.

# JURY INSTRUCTION NO. 19

## FIRST ELEMENT— CONSPIRACY TO PRICE FIX

A conspiracy to fix prices is an agreement or mutual understanding between two or more competitors to fix, control, raise, lower, maintain, or stabilize the prices charged, or to be charged, for goods or services. The aim and result of every price-fixing agreement, if successful, is the elimination of one form of competition.

A price-fixing conspiracy is commonly thought of as an agreement to establish the same price; however, prices may be fixed in other ways. Prices are fixed if the range or level of prices is agreed upon. They are fixed because they are agreed on. Thus, an agreement to raise or lower a price, to set or avoid certain price promotions, to set a maximum price, to stabilize prices, to set a price or price range, or to maintain a price is illegal.

If you should find that the defendant entered into an agreement to fix prices, the fact that the defendant or his coconspirators did not abide by it, or that one or more of them may not have lived up to some aspect of the agreement, or that they may not have been successful in achieving their objective, is no defense. The agreement is the crime, even if it is never carried out.

Evidence that the defendant and alleged coconspirators actually competed with each other has been admitted to assist you in deciding whether they actually entered into an agreement to fix prices. If the conspiracy charged in the indictment is proved, it is no defense that the conspirators actually competed with each other in some manner or that they did not conspire to eliminate all competition. Nor is it a defense that the conspirators did not attempt to collude with all of their competitors. Similarly, the conspiracy is unlawful even if it did not extend to all goods sold by the conspirators or did not affect all of their customers.

Evidence of the prices actually charged by the defendant has been admitted to assist you in deciding whether they entered into an agreement to fix prices. Such evidence may lead you to conclude that the defendant never entered into the agreement charged in the indictment or that they did enter into the agreement. Or such evidence may show that they made an agreement but failed to live up to it, or started undercutting one another right away, or offered prices lower than those agreed upon to customers they did not want to lose, or it may show that they became

1    convinced that the whole scheme was unwise and should be abandoned.  Regardless of this type of

2    evidence, if the conspiracy as charged existed, it was unlawful.

3           The mere fact that defendant and his competitors have engaged in similar or parallel

4    pricing does not by itself establish the existence of a conspiracy among them.  Evidence of

5    similarity of business practices of the defendant and alleged coconspirators, or the fact that they

6    may have charged identical prices for the same goods, does not alone establish an agreement to fix

7    prices, since such activities may be consistent with ordinary and proper competitive behavior in a

8    free and open market.  A business may lawfully copy each other's price lists, follow and conform

9    exactly to each other's price policies and price changes, and adopt the same prices, conditions of

10   sale, or other practices, as its competitors as long as it does so independently and not as part of an

11   agreement or understanding with one or more of its competitors.

12          The fact that competitors exchanged price information or publicly announced prices does

13   not necessarily establish an agreement to fix prices.  There may be other, legitimate reasons that

14   would lead competitors to exchange price information or announce prices.  It is not illegal for a

15   competitor to obtain, rely upon, and act on pricing and other information received from customers,

16   media, internet sources, industry analysts, brokers, and others involved in the production and sale

17   of canned tuna so long as there is no agreement to fix prices.

18          Nevertheless, you may consider such facts and circumstances along with all other evidence

19   in determining whether the alleged price fixing resulted from the independent acts or business

20   judgment of the defendant and alleged coconspirators freely competing in the open market, or

21   whether it resulted from an agreement among or between two or more of them.

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 20**

**LAWFUL AGREEMENTS**

**CO-PACKING AGREEMENT**

You have heard references to a co-packing agreement between Bumble Bee and Chicken of the Sea.  The government does not allege that this agreement is unlawful.  It is being referred to provide general background information about the case.  Thus, you may not consider the existence of this agreement itself as evidence of the charged offense.

**CATEGORY GROWTH CAMPAIGN**

You have heard references to the Tuna the Wonderfish campaign, also sometimes referred to as the category growth campaign.  The government does not allege that this agreement was unlawful.  It is being referred to only to provide general background information about the case.  Thus, you may not consider the existence of the Tuna the Wonderfish campaign itself as evidence of the charged offense.

**JURY INSTRUCTION NO. 21**

**PARTICIPATING IN TRADE ASSOCIATIONS**

Persons who are in competition with each other in an industry, trade, or profession may lawfully join together in organizations to promote or accomplish lawful objectives they share, or to assist each other in solving common industry problems. Such organizations are commonly referred to as trade associations. The law does not prohibit persons who are otherwise competitors from joining together to carry out lawful and legitimate activities.

Mere membership in a trade association does not establish guilt, even if that association is being used for an illegal purpose. No inference that the charged conspiracy was formed or existed may be drawn from the mere fact that there is a trade association, that the defendant was a member of a trade association, or that certain of defendant's subordinates attended meetings of the trade association.

Nevertheless, you may consider trade association membership, meetings, and discussions, along with all the other evidence, in determining whether the defendant entered into an agreement or mutual understanding in restraint of interstate commerce as charged in the indictment.

# JURY INSTRUCTION NO. 22

## THEORY OF DEFENSE

The Indictment presents the Government's theory of the case. The Defense theory of the case is as follows:

Mr. Lischewski did not join or enter into a conspiracy to fix prices of canned tuna with any competitor. To the extent that Mr. Cameron and/or Mr. Worsham may have agreed to coordinate the timing or content of future list price announcements or pricing guidance for canned tuna, or entered into any other agreements relating to future pricing, Mr. Lischewski did not know that such agreements existed, and he never authorized, ordered, consented, or participated in their seeking or making such agreements. Mr. Lischewski did not enter into any price-fixing agreement with Shue Wing Chan of Chicken of the Sea.

Although this is Mr. Lischewski's defense, the burden always remains on the government to prove the elements of the offense beyond a reasonable doubt.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 23**

**FIRST ELEMENT—SINGLE V. MULTIPLE CONSPIRACIES**

The indictment charges that the defendant and other alleged conspirators were all members of one, single, overall conspiracy to fix prices of canned tuna fish sold in the United States that began in or about November 2010 and continued until in or about December 2013.

You may judge the defendant only on the charge alleged in the indictment. You may not convict him of any other alleged illegal agreement in the event you should conclude that he has engaged in some other illegal agreement different from the charged conspiracy. Therefore, if you find that he is only a member of another illegal agreement and not a member of the one charged in the indictment, then you must acquit him.

Proof of several separate illegal agreements is not proof of the single, overall conspiracy charged in the indictment unless one of the several illegal agreements which is proved is the single conspiracy charged in the indictment.

When two or more people join together to further one common unlawful design or purpose, a single conspiracy exists. A single overall conspiracy may vary in its membership from time to time and may include two or more separate agreements between and among its members, provided that the participants in the separate agreements are joined together by their knowledge of the essential features and scope of the overall conspiracy and by their common goal. Where the participants in separate agreements are not so joined, they are not coconspirators, even though the separate agreements may have participants in common and may have similar goals.

You may find that there was a single overall conspiracy despite the fact that there were changes in membership, changes in the scope of conspiratorial activities, or both, so long as you find that some coconspirators continued to act for the entire duration charged in the indictment and for the illegal purpose charged in the indictment. The fact that the members of a conspiracy are not always identical does not necessarily imply that separate agreements exist. On the other hand, if you find that the single overall conspiracy charged in the indictment did not exist, you cannot find the defendant guilty of the conspiracy charged in the indictment. This is so even if you find that some illegal agreement other than the one charged in this indictment existed, even though the

purpose of both illegal agreements may have been the same, and even though there may have been some overlap in members.

Whether there was a single, overall conspiracy, several separate illegal agreements, or not illegal agreement at all, is a fact for you to determine.

**JURY INSTRUCTION NO. 24**

**SHERMAN ACT CONSPIRACY—PROOF OF OVERT ACT UNNECESSARY**

The government does not have to prove that any member of the conspiracy actually took some overt action to further or accomplish the alleged conspiracy or that the defendant actually fixed prices. What the antitrust laws condemn is the agreement or understanding itself. In other words, the mere agreement or understanding, whether formal or informal, to fix prices constitutes the offense, so it is not necessary for the government to prove that the alleged conspiracy was ever actually carried out or that its objective was ever accomplished.

# JURY INSTRUCTION NO. 25

## SECOND ELEMENT—KNOWINGLY JOINED

As previously noted, the second element the government must prove beyond a reasonable doubt is that the defendant knowingly joined the conspiracy charged in the indictment. To act "knowingly" means to act voluntarily and intentionally, and not because of ignorance, mistake, or accident. Therefore, before you may convict the defendant, the evidence must establish that the defendant joined the conspiracy with the intent to advance the objective of the conspiracy—here, price fixing.

A person may become a member of a conspiracy without full knowledge of all the details of the conspiracy, the identity of all of its members, or the parts they played in the charged conspiracy. Knowledge of the essential nature of the conspiracy is enough. On the other hand, a person who has no knowledge of a conspiracy but who happens to act in a way which furthers some objective of the conspiracy does not thereby become a member of the conspiracy.

Similarly, mere knowledge of a conspiracy without participation in the conspiracy is also insufficient to make a person a member of the conspiracy. But a person who knowingly joins an existing conspiracy, or participates in part of the conspiracy, with knowledge of the overall conspiracy, is just as responsible for actions of other members of the same conspiracy that were committed while the person was a member of the conspiracy, as long as the actions were committed during the course and in furtherance of the conspiracy and fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

If you find that the defendant joined the conspiracy, then the defendant remains a member of the conspiracy and is responsible for all actions taken in furtherance of the conspiracy until the conspiracy has been completed or abandoned or until the defendant has withdrawn from the conspiracy.

**JURY INSTRUCTION NO. 26**

**INDIVIDUAL LIABILITY**

A corporate officer, such as a president of a company, is subject to prosecution under Section 1 of the Sherman Act whenever he knowingly participates in effecting the illegal conspiracy by directly participating in the conspiracy and/or indirectly or directly authorizing, ordering, or helping a subordinate perpetrate the crime. A person is responsible for conduct that he performs or causes to be performed on his behalf.

To find a defendant liable for the acts of a subordinate, you must find beyond a reasonable doubt that the defendant was aware of the existence of the charged conspiracy, that he knew that the subordinate was participating in the conspiracy, and knowingly authorized, ordered, or consented to the participation of a subordinate in that conspiracy for the purpose of furthering the conspiracy to fix prices for canned tuna sold in the United States.

On the other hand, a person who has no knowledge of a conspiracy, but who happens to act in a way which furthers some purpose of the conspiracy, does not thereby become a member of the conspiracy. Moreover, a person is not responsible for the conduct of others performed on behalf of a corporation merely because that person is an officer, employee, or other agent of the corporation.

**JURY INSTRUCTION NO. 27**

**IGNORANCE OF THE LAW**

It is not necessary for the government to prove that the defendant knew that an agreement, combination, or conspiracy to fix prices, as charged in the indictment, is a violation of the law. Thus, if you find beyond a reasonable doubt from the evidence in the case that the defendant knowingly joined a conspiracy to fix prices, as charged, then the fact that the defendant believed in good faith that what was being done was not unlawful is not a defense.

**JURY INSTRUCTION NO. 28**

**THIRD ELEMENT—INTERSTATE COMMERCE**

The third element of an offense prohibited by the Sherman Act is that the alleged unlawful conduct must involve interstate trade or commerce. The government must prove beyond a reasonable doubt that the conspiracy charged in the indictment either occurred in the flow of interstate commerce or had a substantial effect on interstate commerce.

The term "interstate commerce" includes transactions that move across state lines or that are in a continuous flow of commerce from the commencement of their journey in one state until their final destination in a different state. The conspiracy charged in the indictment occurred in the flow of interstate commerce if at least one defendant or one coconspirator, in carrying out the charged conspiracy, crossed state lines or caused canned tuna to be shipped across state lines. If the conduct challenged in the indictment involves transactions that are in the flow of commerce, the interstate-commerce element is satisfied and the size of any such transaction is of no significance.

The term "interstate commerce" also includes transactions that occur entirely within a state and are not part of a larger interstate transaction, if the conduct challenged in the indictment had a substantial effect on some other appreciable activity occurring in interstate commerce. A conspiracy may have such an effect even though some or all of the conspirators do not themselves engage in interstate commerce and have confined their activities to a single state. Even where the conspirators' activities may have been completely local in nature, you may find that the conspiracy involved interstate commerce if the conspiracy, or the conspirators' activities infected by the conspiracy, affected a not insubstantial amount of commerce among the states.

Although the government must prove beyond a reasonable doubt that the conspiracy charged in the indictment occurred within the flow of, or substantially affected, interstate commerce, the government's proof need not quantify or value any adverse impact of the charged conspiracy or show that the charged conspiracy had any anticompetitive effect.

1

2

**JURY INSTRUCTION NO. 29**

**STATUTE OF LIMITATIONS**

3    The indictment charges that the alleged conspiracy began in or about November 2010 and

4    continued until in or about December 2013.

5    The grand jury returned its indictment of the defendant on May 16, 2018.  There is a five-

6    year statute of limitations which applies to the offense charged here.  This means that the

7    defendant cannot be found guilty unless you find beyond a reasonable doubt that the conspiracy

8    existed at some time within the period of the statute of limitations, which, for purposes of this

9    case, is the period beginning May 16, 2013, and continuing until May 16, 2018.

10    In this case, to prove that the conspiracy existed in this period, the government must prove

11    that one or more members of the conspiracy performed some act after May 16, 2013 and before in

12    or about December 2013 in furtherance of the objective of the conspiracy.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 30**

**VENUE**

Before you can find the defendant guilty of committing the crime charged in the indictment, you must find by a preponderance of the evidence that, between November 2010 and December 2013, the conspiratorial agreement or some act in furtherance of the conspiracy occurred in the Northern District of California. This district includes San Francisco, San Mateo, Santa Clara, Alameda, Contra Costa, Marin, Sonoma, Napa, Del Norte, Humboldt, Lake, Mendocino, Monterey, Santa Cruz, and San Benito counties.

To prove something by a preponderance of the evidence is to prove it is more likely true than not true. This is a lesser standard than "beyond a reasonable doubt."

United States District Court
Northern District of California

# JURY INSTRUCTION NO. 31

## SPECIFIC ISSUE UNANMITY IS NECESSARY

To convict the defendant, you must unanimously agree on: (1) the conspiracy in which the defendant participated; (2) on the companies that participated in that conspiracy; and (3) that the conspiracy began in or about November 2010 and continued until in or about December 2013.

Regarding your consideration of the companies that participated in the conspiracy, you do not need to find that both StarKist and Chicken of the Sea participated in the conspiracy. But if you find that defendant conspired with only one of these companies, to convict the defendant you must unanimously agree with which company defendant conspired. For example, you may convict if you unanimously agree that the conspiracy was with StarKist, even if some of you do not agree that Chicken of the Sea participated. Similarly, you may convict if you unanimously agree that the conspiracy was with Chicken of the Sea even if some of you do not agree that StarKist participated. However, you may not convict if some of you conclude, for example, only StarKist participated and others conclude only Chicken of the Sea participated.

**JURY INSTRUCTION NO. 32**

**BACKGROUND EVIDENCE PRECEDING CHARGE PERIOD**

Certain documents and testimony have been admitted for the limited purpose of giving you background information.  Such background evidence precedes the time period stated in the indictment.

You should not consider such background evidence in making your determination about the guilt or innocence of the defendant.  You should consider it only as a means of helping you understand other evidence in this case.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 33**

**DEFENDANT'S REPUTATION**

You have heard testimony about the defendant's character for law-abidingness and honesty and truthfulness. You should consider such evidence, along with all other evidence in the case, in deciding whether the government has proved beyond a reasonable doubt that the defendant committed the crime charged.

**JURY INSTRUCTION NO. 34**

**OFFICERS OF THE SAME CORPORATION CANNOT**

**CONSPIRE AMONG THEMSELVES**

A conspiracy requires at least two separate parties. This means that in order to find a conspiracy, you must find that Bumble Bee agreed with one or more competing companies, to carry out the illegal acts that the government claims they carried out.

A corporation cannot conspire with its own officers or employees. Nor can a corporation's employees conspire solely among themselves. This is because a corporation, its officers, and employees are so closely related that they are deemed to share a common purpose and are considered by the law to be one actor. And a single actor cannot violate this part of the Sherman Act.

# JURY INSTRUCTION NO. 35

## JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

# JURY INSTRUCTION NO. 36

## DISPOSITION OF CHARGES AGAINST COCONSPIRATORS

The indictment charges that the defendant conspired with certain persons that are not now on trial.  You should not be concerned with or speculate about why certain persons are not on trial or have not been charged in the indictment.

# JURY INSTRUCTION NO. 37

## DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your [presiding juror] [foreperson] who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right. Do not be afraid to examine any assumptions you or other jurors have made which are not based on the evidence presented at trial.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender[, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community].

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and assumptions and change your opinion if you become persuaded that it is wrong

# JURY INSTRUCTION NO. 38

## CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

United States District Court
Northern District of California

1                                   **JURY INSTRUCTION NO. 39**

2                                         **USE OF NOTES**

3       Some of you have taken notes during the trial.  Whether or not you took notes, you should

4 rely on your own memory of what was said.  Notes are only to assist your memory.  You should

5 not be overly influenced by your notes or those of your fellow jurors.

**JURY INSTRUCTION NO. 40**

**VERDICT FORM**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the courtroom deputy that you are ready to return to the courtroom.

### JURY INSTRUCTION NO. 41

### COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.