UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>CHRISTOPHER LISCHEWSKI,<br>Defendant. | Case No. 18-cr-00203-EMC-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**<br><br>Docket No. 702 |

After a jury trial, Defendant Christopher Lischewski was found guilty of conspiring to fix prices of canned tuna, and the Court sentenced him to a 40-month term of imprisonment. Mr. Lischewski surrendered to the custody of the BOP in August 2020. Approximately a month later, Mr. Lischewski asked the BPO to reduce his sentence. The request was denied, and Mr. Lischewski now moves the Court for a reduction of his sentence pursuant to the First Step Act, 18 U.S.C. § 3582(c). Specifically, Mr. Lischewski asks that his sentence be reduced by 3 months. The motion for relief is **DENIED**.

Section 3582(c) provides in relevant part that a court "may reduce [a defendant's] term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The policy statement that courts have looked to is U.S.S.G. § 1B1.13. The application notes for U.S.S.G. § 1B1.13 give examples of extraordinary and compelling reasons: (1) the medical condition of the defendant (*e.g.*, the defendant suffers from a serious physical or medical condition that substantially diminishes the

1  ability to provide self-care within the environment of a correctional facility and from which he is
2  not expected to recover); (2) the age of the defendant (*i.e.*, the defendant is at least 65 years old,
3  has a serious deterioration in physical or mental health, and has served at least 10 years or 75
4  percent of his term of imprisonment); and (3) family circumstances (*e.g.*, the death or
5  incapacitation of the caregiver of the defendant's minor children).  There is also a "catch-all"
6  provision.  *See also United States v. Van Cleave*, No. CR03-247-RSL, 2020 U.S. Dist. LEXIS
7  94485, at *14 (W.D. Wash. May 29, 2020) (noting that a court "has discretion to consider
8  'extraordinary and compelling circumstances' that may exist beyond those explicitly identified by
9  the Sentencing Commission in its outdated policy statemen").

10  Mr. Lischewski seeks relief under the catch-all provision.  He argues that he is entitled to a
11  3-month reduction of his sentence because, upon his surrender to the BOP, he was placed in 18
12  days of COVID-related lockdown conditions, which were "extremely harsh" – *e.g.*, no food or
13  fresh water for 24 hours, no bed for the first night, no outdoor time, and no communication with
14  others.  Mot. at 3.  Mr. Lischewski also argues for a reduction because, after he was released to the
15  general population, "the pandemic has made prison conditions significantly worse than usual."
16  Mot. at 4.

17  Mr. Lischewski's arguments are not persuasive.  As an initial matter, the Court notes that,
18  since the inception of the pandemic, many § 3582(c) motions have been filed.  Those motions
19  have largely been predicated on the defendants having medical conditions that make them more
20  vulnerable to the disease, which pose special concern given the nature of the custodial
21  environment.  A number of those motions have still been denied.  Few cases seem to have
22  entertained compassionate release on other grounds, and few cases seem to have been granted on
23  other grounds.  Here, Mr. Lischewski's motion does not implicate any medical reasons for
24  reduction and relies purely on the conditions of confinement.

25  The Court does not foreclose the possibility that conditions of confinement – by
26  themselves – could justify a reduction of sentence.  However, the conditions of confinement must
27  be, per the language of § 3582(c), extraordinary and compelling, which is reasonable given that
28  the relief requested is release or at least a reduction of sentence.  Conditions of confinement that

are not extraordinary and compelling do not warrant § 3582(c) relief, particularly as there are, *e.g.*, civil remedies available to a defendant (*e.g.*, a *Bivens* suit). *See, e.g.*, *United States v. Stevens*, No. 04-CR-222S, 2020 U.S. Dist. LEXIS 83023, at *20 (W.D.N.Y. May 12, 2020) (finding that conditions of confinement alleged – including lack of visitation, threats, and the unavailability of a proper diabetic diet – do not constitute extraordinary or compelling reasons for a sentence reduction, "nor is a motion for reduction the proper avenue to challenge those alleged conditions"); *United States v. Aruda*, No. 14-cr-00577-DKW, 2020 U.S. Dist. LEXIS 126034, at *17 n.22 (D. Haw. July 17, 2020) (pointing out that conditions of confinement may be challenged through a *Bivens* complaint; adding that "the FSA did not make Section 3582 the means to remedy every perceived deficiency in an inmate's conditions of confinement at a BOP facility").

Here, Mr. Lischewski has not sufficiently established extraordinary and compelling circumstances with respect to his conditions of confinement. This is particularly so with respect to the terms of his confinement in the general population following his 18-day quarantine period. Every prisoner in the facility and other BOP facilities is subject to the similar conditions brought about by the COVIC-19 pandemic; Mr. Lischewski has not explained why he should be given special or unique treatment.[1] Moreover, although foreseeability of the asserted condition does not necessarily preclude relief (see application note 2 for U.S.S.G. § 1B1.13), the fact remains that the Court did consider the impact of the COVID-19 pandemic upon conditions of incarceration in its sentencing determination.

As for his initial quarantine confinement, Mr. Lischewski essentially admits that there was a non-punitive reason for isolating him – *i.e.*, the need to quarantine him because of COVID-19. That the length of the quarantine was 18 days instead of the standard 14 was not a dramatic increase; moreover, the increase has been explained by the government. *See* Schupanitz Decl. ¶ 5 (testifying that a BOP attorney explained that Mr. Lischewski was tested for COVID-19 on August 31, 2020, his fourteenth day in custody, and did not receive the results of the test until

---

[1] Because Mr. Lischewski is now in the general population, his case is distinguishable from *United States v. Regas*, No. 3:91-cr-00057-MMD-NA-1, 2020 U.S. Dist. LEXIS 98402, at *7 (D. Nev. June 3, 2020) (finding extraordinary and compelling reasons for granting relief because defendant had been placed "in solitary confinement for the indefinite future").

September 3, 2020). As for the terms of the confinement, most are related to efforts to mitigate COVID-19. The claims of more extreme conditions alleged by Mr. Lischewski (*e.g.*, no food or fresh water for 24 hours and no bed for the first night) are questionable, given issues with Mr. Lischewski's credibility in the past as well as information provided by the government. *See* Schupanitz Decl. ¶¶ 3-4 (testifying that a BOP attorney "explained that the F-1 Unit was not full when defendant arrived, that every cell has two beds, that inmates receive mattresses from the Unit Officer, that the prison is not triple-celling inmates, and that there is no reason defendant would have had to sleep on the floor"; also, "all cells have sinks with running water" and "institution records show food carts were delivered to the housing units at 5:05 p.m. on August 17, 2020, and 10:50 a.m. and 4:35 p.m. on August 18, 2020"). The 18 days of confinement do not constitute extraordinary and compelling circumstances under § 3582.

Mr. Lischewski's reliance on *United States v. Macfarlane*, 438 F. Supp. 3d 125 (D. Mass. 2020), is unavailing. The holding of that court appears an outlier and at the very least was informed by the specific facts before it, including the fact that the defendant had already served half of his 6-month sentence and was approved to be transferred to a halfway house (thus, the need to quarantine). In the case at bar, the § 3553(a) factors weigh against a reduction in Mr. Lischewski's sentence, including the seriousness of his offense and the fact that he has served only a fraction of his sentence.

Accordingly, Mr. Lischewski's motion is denied.

This order disposes of Docket No. 702.

**IT IS SO ORDERED**.

Dated: November 9, 2020

_____
EDWARD M. CHEN
United States District Judge